ACCEPTED
06-14-00100-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/16/2015 10:25:46 AM
DEBBIE AUTREY
CLERK

No. 06-14-00100-CV

_____

IN THE SIXTH COURT OF APPEALS
AT TEXARKANA

_____

FILED IN
The Court of Appeals
Sixth District
June 16, 2015
Texarkana, Texas
Debra K. Autrey, Clerk

MARK J. MUELLER,

Appellant

V.

JAMES H. DAVIS, Individually, and
JAMES H. DAVIS D/B/A J. D. MINERALS, and JDMI, LLC.,

Appellee

_____

Appealed from the 71st District Court
of Harrison County, Texas

_____

APPELLANT'S BRIEF

_____

BOB WHITEHURST
State Bar No. 21358100
whitehurstlawfirm@yahoo.com
WHITEHURST & WHITEHURST
5380 Old Bullard Road, Suite 600-363
Tyler, Texas 75703
(903) 593-5588
(214) 853-9382 (facsimile)

ATTORNEY FOR APPELLANT

APPELLANT REQUESTS ORAL ARGUMENT

<u>IDENTITY OF PARTIES AND COUNSEL</u>

In accordance with Rule 38.1(a) of the TEXAS RULES OF APPELLATE PROCEDURE, Appellant, Mark J. Mueller provides the following list of all parties, and the names and addresses of all counsel:

Appellant/Plaintiff:                          Mark J. Mueller

Counsel for Appellant:                    Bob Whitehurst
                                                      State Bar I.D. # 21358100
                                                      Whitehurst & Whitehurst
                                                      5380 Old Bullard Road, Suite 600-363
                                                      Tyler, Texas 75703
                                                      Telephone: (903) 593-5588
                                                      Facsimile: (903) 297-1992

Appellee/Defendant:                       James H. Davis, Individually, and James H.
                                                      Davis d/b/a J.D. Mineral and JDMI, LLC.

Counsel for Appellee:                     Douglas D. McLallen
                                                      State Bar I.D. # 00788025
                                                      1001 Third Street, Ste. 1
                                                      Corpus Christi, Texas 78404
                                                      Telephone: (361) 884-4981
                                                      Facsimile: (361) 884-1286

# TABLE OF CONTENTS

Identity of Parties and Counsel....................................................................... ii

Table of Contents........................................................................................... iii

Index of Authorities....................................................................................... vi

Statement of the Case.................................................................................... x

Issues Presented............................................................................................ 7

Issue No. 1: The conveyances are void as a matter of law because the property descriptions are not legally sufficient pursuant to the requirements of the Statute of Frauds.

Issue No. 2: It was improper to hold that the Mother Hubbard or "Catch-all" clause could convey substantial property interest.

Issue No. 3: A material question of fact remains as to what property was conveyed.

Issue No. 4: A material question fact remains due to the ambiguity surrounding the discord over what property was conveyed in the conveyance..

Issue No. 5: Material questions of fact concerning the possession and control of the mineral interests exist based upon the discrepancies between the judicially admitted documents provided by Appellee and the subsequently sworn Affidavit by Appellee.

Issue No. 6: Questions of material fact concerning the possession and control of the mineral interests exist based upon the discrepancies between the official Harrison County documents and the subsequently sworn Affidavit by Appellee.

Issue No. 7: A material question of fact remains due to the cumulative nature of Appellee's prior bad acts.

Statement of Facts....................................................................................... 1

Summary of the Argument............................................................................. 8

Argument and Authorities....................................................................... 10

    1.  The conveyances are void as a matter of law because the property
description are not legally sufficient pursuant to the requirements of
the Statute of Frauds....................................................................... 10

    2.  It was improper to hold that the Mother Hubbard or "Catch-all"
clause could convey substantial property interest......................................... 12

    3.  A material question of fact remains as to what property was
conveyed....................................................................... 16

    4.  A material question fact remains due to the ambiguity surrounding
the discord over what property was conveyed in the lease............................. 18

    5.  Material questions of fact concerning the possession and control
of the mineral interests exists based upon the discrepancies between
the judicially admitted documents provided by Appellee and the
subsequently sworn Affidavit by Appellee...................................................... 19

    6.  Material questions of fact concerning the possession and control
of the mineral interests exist based upon the discrepancies between
the official Harrison County documents and the subsequently sworn
Affidavit by Appellee....................................................................... 23

    7.  A material question of fact remains due to the cumulative nature
of  Appellee's prior bad acts........................................................................ 24

Conclusion....................................................................... 33

Prayer....................................................................... 33

Certificate of Compliance....................................................................... 33

Certificate of Service....................................................................... 34

Appendix....................................................................... 35

Deed from Ms. Cope/Mitchell to Appellee................................................. Tab A

Deed from James H. Mills to Appellee....................................................... Tab B

Answers to Admissions by Appellee.............................................................. Tab C

Letter to James H. Mills from Appellee about one year term royalty........................ Tab D

Deed from Ms. Cope/Mitchell to Charles B. Horne.................................................... Tab E

Deed from Charles B. Horne to Appellant.................................................... Tab F

Letter from Appellee to Ms. Cope/Mitchell withdraw offer...................................... Tab G

Proposal  by Appellee to Ms. Cope/Mitchell to convey minerals............................. Tab H

Letter from Appellee to James H. Mills dated November 26, 2007.......................... Tab I

Wagner & Brown letter.............................................................................. Tab J

Permission from Ms. Cope/Mitchell to Appellee in 2008......................................... Tab K

Letter to Ms. Cope/Mitchell from Appellee withdrawing offer................................. Tab L

Letter from Appellee claiming 100% of all interest................................................. Tab M

Letter from Wagner & Brown to parties keeping proceeds in suspense.................... Tab N

Deed from James H. Mills to Appellant.................................................... Tab O

Deed from Charles B. Horne to Appellant.................................................... Tab P

Deed from Ms. Cope/Mitchell to Appellant.................................................... Tab Q

Memo from Appellee that Ms. Cope/Mitchell had sold all her interest.................... Tab R

County Clerk Records regarding conveyance from Cope and Mills.......................... Tab S

Tax documents.............................................................................. Tab T

Affidavit of Appellee.............................................................................. Tab U

# INDEX OF AUTHORITIES

## CASES

*AIC Mgmt. v. Crews,* 246 S.W.3d 640 (Tex. 2008).                    10

*Blanche v. First Nationwide Mortg. Corp.,* 74 S.W.3d 444(Tex. App.--    22
Dallas 2002, no pet.).

*Bosque Asset Corp. v. Greenberg*, 19 S.W.3d 514 (Tex. App.--Eastland,    16
2000);.

*Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587    18
(Tex. 1996).

*Denton v. Big Spring Hospital Corporation*, 998 S.W.2d 294 (Tex. App.--    17
Eastland 1999 no pet'n).

*Dixon v. Amoco Prod. Co.,* 150 S.W.3d 191 (Tex. App.--Tyler 2004, pet.    10, 12
denied).

*Douglass v. Texas-Canadian Oil Corp.*, 141 Tex. 506, 174 S.W.2d 730    12
(1943).

*Durbin v. Dal-Briar Corp.*, 871 S.W.2d 263 (Tex. App.--Corpus Christi    24
1994, writ denied).

*El Chico Corporation v. Poole,* 732 S.W.2d 306 (Tex. 1987).          17

*Fears v. Texas Bank,* 247 SW3d 729 (App. Texarkana 2008).           11

*Grant v. Southwestern Electric Power Company*, 20 S.W.3d 764 (Tex.    17
App.--Texarkana, 2000)

*J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609 (Tex. 2005).          10, 14, 18-19

*Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68 (Tex. App.--Austin 1998, no    16-17
pet'n).

*Jones v. Carver*, 59 Tex. 293 (1883).                               12

*Jones v. Colle*, 727 S.W.2d 262 (Tex. 1987).                        14

*Jones v. Kelley,* 614 S.W.2d 95 (Tex. 1981).     10

*Marshall v. Vise*, 767 S.W.2d 699 (Tex. 1989).     23

*Matney v. Odom,* 147 Tex. 26, 210 S.W.2d 980 (1948).     11

*McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3rd 820 (Tex. App.--Dallas 2010, no pet.).     16

*Mediacomp, Inc. v. Capital Cities Communication*, 698 S.W.2d 207, 212 (Tex. App.--Houston [1st Dist.] 1985, no writ).     24-25

*Moon Royalty, Llc, v. Boldrick Partners,* 244 S.W.3d 391 (Tex. App.--Eastland, 2007, no pet.).     16

*Moore v. K Mart Corporation*. 981 S.W.2d 266 (Tex. App.--San Antonio 1998, no pet'n).     17

*Morrow v. Shotwell,* 477 S.W.2d 538 (Tex. 1972).     10-11

*National Farmers Organization v. Smith*, 526 S.W.2d 759 (Civ. App.--Corpus Christi 1975, no writ).     22

*Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546 (Tex. 1985).     16

*Pacesetter Corp. v. Barrickman*, 885 S.W.2d 256 (Tex. App.--Tyler 1994, no writ).     24

*Peacock v. Schroeder*, 846 S.W.2d 905 (Civ. App. San Antonio, 1993).     13

*Pfeiffer v. Lindsay*, 66 Tex. 123, 1 S.W. 264 (1886).     12

*Pick v. Bartel,* 659 S.W.2d 636 (Tex. 1983).     10

*Reid Road Municipal Utility Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846 (Tex. 2011).     22

*Republic Bankers Life Insurance Co. v. Wisdom*, 488 S.W.2d 470 (Civ. App.--Fort Worth 1972, ref. n.r.e.).     22-23

*Republic Nat'l Bank of Dallas v. Stetson,* 390 S.W.2d 257 (Tex. 1965).     11, 12

*Smith v. Allison*, 157 Tex. 220, 301 S.W.2d 608 (1956). 13-14, 15, 17

*Smith v. Sorelle*, 126 Tex. 353, 87 S.W.2d 703 (1935). 12

*Stekoll Petroleum Co. v. Hamilton*, 152 Tex. 182, 255 S.W.2d 187 (1953). 11

*Sun Oil Co. v. Bennett*, 125 Tex. 540, 84 S.W.2d 447 (1935). 13, 14

*Sun Oil Co. v. Burns,* 125 Tex. 549, 84 S.W.2d 442 (1935). 13

*Tidwell v. Cheshier*, 153 Tex. 194, 265 S.W.2d 568 (1954). 11

*Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150 (1945). 11

*Windsor v. Loyd,* 191 S.W.2d 521 (Tex. Civ. App.--Texarkana 1945, writ ref'd). 13

## RULES

Vernon's Texas Codes Annotated, Business and Commerce Code, Section 26.01 8, 10

Vernon's Texas Codes Annotated, Texas Property Code Section 13.001(b) 22

TEX. R. CIV. P. 166a 16

TEX. R. CIV. P. 193.7 9, 22, 25

TEX. R. CIV. P 198 22

TEX. R. CIV. EVID. 404(b) 9, 24

TEX. R. EVID. 406 24

TEX. R. EVID. 801(e)(2) 22

Texas Civil Practice & Remedies Code Section 12.001 et. seq. 4

Texas Civil Practice & Remedies Code Section 37.001, et. seq. 4

1 H. Williams & C. Meyers, Oil and Gas Law §221 (1992). 13

No. 06-14-00100-CV

IN THE COURT OF APPEALS
SIXTH  APPELLATE DISTRICT OF TEXAS
AT TEXARKANA

MARK J. MUELLER
Appellant

v.

JAMES H. DAVIS, Individually, JAMES H. DAVIS D/B/A J.D. MINERALS AND JDMI, LLC.

Appellee

ON APPEAL FROM
THE 71ST JUDICIAL DISTRICT COURT
HARRISON COUNTY, TEXAS

APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF THE SIXTH  COURT OF APPEALS:

Appellant, Mark J. Mueller files this Brief of Appellant. In this brief, Appellant will be referred to as Appellant.  Appellee James H. Davis, individually, James H. Davis d/b/a J.D. Minerals and JDMI, LLC  will be referred to as Appellee.  The 2015 Clerk's Record will be referenced as "(CLR")", being the Clerk's Record Volume 1, Supplemental 2(A).   The Supplemental Clerks' Record will be referenced as "(Supp. CLR)", being the Clerk's Record Supplemental 1(A).

ix

**STATEMENT OF THE CASE**

Nature of the case:

> This case arises from a suit to quiet title to certain oil and gas properties, by Appellant Mark J. Mueller, located in Harrison County, Texas. This is an appeal from a summary judgment granted in favor of Appellee James H. Davis Individually, and James H. Davis Individually, and d/b/a J. D. Minerals and JDMI, LLC. Appellant Mark J. Mueller owns said properties as a result of conveyances from James Hammond Mills, Charles Horne, and Virginia Mills Mitchell Cope. (CLR at 30, Tab O, CLR at 34, Tab P, and CLR at 38, Tab Q) Appellee is claiming title through a Mother Hubbard Clause (catch-all clause), found in small print in alleged conveyances in 1991. (CLR at 18, Tab A, and CLR at 21, Tab B)

Trial Court:

> 71st Judicial District Court of Harrison County, Texas, Cause No. 11-0858, the Honorable Judge Brad Morin presiding.

Disposition:

> Trial court granted summary judgment to Appellee, shortly before trial.

Requested Relief on Appeal:

> Appellant asks this court to reverse the trial court's summary judgment and render judgment in favor of Appellant on the basis that the Mother Hubbard Clause (catch-all clause) is only meant to convey small strips of adjoining property pursuant to *J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609, 613 (Tex. 2005). In the alternative, Appellant asks this court to reverse the trial court's Summary Judgment and render judgment in favor of Appellant on the basis that the conveyances do not comply with the Statue of Frauds. In the alternative, Appellant request the court to reverse the trial court's summary judgment and remand the trial court on the basis that there are issues of fact to be decided by the trier of fact.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to the provisions of TEX. R. APP. P. 39, Appellant Mueller hereby requests oral argument of this cause. Appellant believes that oral argument will be useful to the Court of Appeals in explaining the issues that have been raised.

## STATEMENT OF FACTS

On or about September 25, 1991, Virginia Rose Mitchell executed that certain Mineral and Royalty Conveyance, as grantor, to J. D. Minerals as grantee, recorded in Volume 1287, Page 331 of the Deed Records of the County Clerk's Office in Harrison County, Texas. (CLR at 18, Tab A) Appellee has admitted that this conveyance does not contain a metes and bounds description, and does not contain a volume and page reference to a prior document that was filed in the County Clerk's office of Harrison County, Texas. (CLR at 845, 851, No. 34 and No. 35, Tab C)

On or about October 6, 1991, James Hammond Mills executed that certain Mineral and Royalty Conveyance, as grantor, to J. D. Minerals as grantee, recorded in Volume 1287, Page 530 of the Deed Records of the County Clerk's Office in Harrison County, Texas. (CLR at 21, Tab B) Appellee has admitted that this conveyance does not contain a metes and bounds description, and does not contain a volume and page reference to a prior document that was filed in the County Clerk's office of Harrison County, Texas. (CLR at 845, 851, No. 34 and No. 35). On December 10, 1991, Appellee, sent a certified letter to James Hammond Mills, stating in part "as agreed, enclosed please find a Bank Money Order in the amount of $55.00 as consideration for a year primary term Royalty Conveyance. . . ." (CLR at 1132, Tab D) Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 19)

On or about October 1, 1994, Virginia Rose Mills Cope executed that certain Mineral Deed, as grantor, to Charles B. Horne as grantee, recorded in Volume 1373, Page 285 of the Deed Records of the County Clerk's Office in Harrison County, Texas. (CLR at 24, Tab E)

On or about December 2, 1996, Charles B. Horne executed that certain Mineral Deed, as

grantor, to Mark J. Mueller as grantee, recorded in Volume 1586, Page 339 of the Deed Records of the County Clerk's Office in Harrison County, Texas. (CLR at 27, Tab F)

On June 16, 2005, Appellee forwards correspondence to Virginia Rose Mills Cope, stating in part "upon further review of title, we have found you have previously sold this interest to another party. Therefore at this time we are retracting our offer and will not be resubmitting another offer to you." (CLR 358, Tab G)  Appellee has admitted that this document was sent. (CLR 845, 848, Tab C, No. 9)

On November 21, 2005, Appellee forwards correspondence to Virginia Mills Cope regarding the purchase of mineral or royalty interest, and a conditional draft. (CLR 359, Tab H) Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 10)

On November 26, 2007, Appellee forwards correspondence to James Hammond Mills withdrawing an offer to purchase certain mineral and royalties interest due to an error. (CLR 364, Tab I)  Appellee has admitted that this document was sent. (CLR 845, 850, Tab C, No. 22)

On or about May 9, 2008, Appellant  received a letter from Wagner Brown, Ltd., placing his interest in certain minerals in suspense. (CLR at 932, Tab J)

On September 15, 2008, Virginia Rose Mills Cope was forwarded a document giving Appellee permission to obtain any information as to all the mineral and royalties she owned in Harrison County, Texas. (CLR 361, Tab K).  Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 14)

On October 31, 2008, Appellee withdraws its offer pay Virginia Rose Mills Cope, $7,250.00. (CLR 362, Tab L)  Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 16)

On February 23, 2011, Appellee sent out a letter to Appellant and others that he had purchased 100% of all the interest in Harrison County, Texas of Virginia Rose Mitchell and James Hammond Mills. (CLR at 356, Tab M)

On or about March 2, 2011, Appellant received a letter from Wagner Brown, Ltd., stating that they had concerns about the construction of the deed as to the Mother Hubbard clause. (CLR at 938, Tab N)

On or about May 26, 2011, James Hammond Mills executed that certain Mineral and Royalty Deed, as grantor, to Mark J. Mueller as grantee, recorded in 2011-000006112 of the Deed Records of the County Clerk's Office in Harrison County, Texas. (CLR at 30, Tab O)

On or about June 29, 2011, Charles B. Horne executed that certain Mineral Deed, as grantor, to Mark J. Mueller as grantee, Said purpose being to clarify any illegible print in the document recorded in Volume 1586, Page 339, recorded in 2011-000007507 of the Deed Records of the County Clerk's Office in Harrison County, Texas. (CLR at 34, Tab P)

On or about July 1, 2011, Virginia Rose Mills Cope, a/k/a Virginia Rose Mitchell a/k/a Virginia Rose Purvis Cope, executed that certain Mineral and Royalty Deed, as grantor, to Mark J. Mueller as grantee, recorded in 2011-000007941 of the Deed Records of the County Clerk's Office in Harrison County, Texas. (CLR at 38, Tab Q)

On July 19, 2011, Appellee prepared a document stating in part, "it doesn't really matter because she sold all her interest to another company." (CLR at 363, Tab R)  Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 15)

Appellant initiated the action against Appellee on October 12, 2011, as a Suit to Quiet Title, relating to oil and gas properties that Virginia Rose Mitchell and James Hammond Mills

had conveyed to Appellant. (CLR at 12)

Appellant filed a Motion for Partial Summary Judgment on July 20, 2012. (CLR at 366)

Appellee filed his Motion for Summary Judgment and Objection to Plaintiff's Summary Judgment Evidence on or about July 30, 2012. (CLR at 392)

Appellant filed his Third Amended Original Petition on August 10, 2012. (CLR at 638)

Appellant filed his Response to Motion for Summary Judgment on or about August 23, 2012. (CLR at 868)

Appellant filed his Supplemental Response to Motion for Summary Judgment on February 11, 2013 (CLR at 969), along with the Motion for Leave to File Supplemental Response to Motion for Summary Judgment. (CLR at 974)

Appellant filed his Second Supplemental Response to Motion for Summary Judgment on or about March 25, 2013(CLR at 981), along with the Motion for Leave to File Second Supplemental Response to Motion for Summary Judgment. (CLR at 978)

Appellant filed his Third Supplemental Response to Motion for Summary Judgment on April 15, 2013. (CLR at 997)

Appellee filed his Supplemental Motion for Traditional and No-evidence Motion for Summary Judgment and Response to Plaintiff's Motion for Partial Summary Judgment Evidence, on or about April 18, 2013. (CLR at 1015)

Appellant filed his First Supplemental Petition on May 20, 2013. (CLR at 1110)

Appellee filed his Second Partial Motion for Summary Judgment on Plaintiff's Declaratory Judgment Claim, Claims under Texas Civil Practice & Remedies Code Section 37.001, et. seq. and 12.001 et. seq., and Attorneys' Fees thereunder or Alternatively, Motion in

Limine on May 16, 2013. (CLR at 1156)

Appellee filed his Reply to Plaintiff's Response to Defendant's Second Motion for Summary Judgment on May 23, 2013. (CLR at 1193)

Appellee filed his Counterclaim against Appellant on June 3, 2013. (CLR at 1252)

Appellant filed his Answer and Special Exceptions to Counterclaim on June 10, 2013 (CLR at 1273)

The Court denied Appellee's Motion for Summary Judgment and denied Appellant's Motion for Partial Summary Judgment on September 10, 2013. (CLR at 1295)

Appellee filed his Second Supplemental Motion for Summary Judgment and Motion to Reconsider on September 4, 2014. (CLR at 1796)

Appellant filed his Amended Answer and Special Exception to Counterclaim by Defendant on September 5, 2014. (CLR at 1628)

Appellant filed his Motion for Summary Judgment on Counterclaim on September 16, 2014. (CLR at 1676-1684, CLR SUPP 5-44)

Appellant filed his Second Amended Answer and Special Exception to Counterclaim on September 16, 2014. (CLR at 1685-1693)

Appellant filed his Response to Defendant's Second Supplemental Motion for Summary Judgment and Motion to Reconsider on September 22, 2014. (CLR at 1695-1771)

Appellant filed Notice of Business Record Affidavit on September 25, 2014. (CLR at 1902)

Appellant filed his Fourth Amended Petition on September 26, 2014. (CLR at 1927, CLR SUPP at 223-288)

Appellee filed his Motion for Partial Summary Judgment on Limitations Subject to Appellee's Motion to Strike Plea in Intervention on September 27, 2014. (CLR at 1939)

Appellant filed his Supplemental Response to Motion for Summary Judgment on October 1, 2014 (CLR at 2023, CLR SUPP at 45-51), along with the Motion for Leave to File Supplemental Response to Motion for Summary Judgment. (CLR at 2021)

Appellant filed his Second Supplemental Response to Motion for Summary Judgment on October 2, 2014 (CLR at 2026, CLR SUPP at 53-58), along with the Motion for Leave to File Second Supplemental Response to Motion for Summary Judgment. (CLR at 2028)

Appellee filed his Motion to Shorten Time for Plaintiff and Intervenor to Respond to Motion for Summary Judgment on Statute of Limitation on October 3, 2014. (CLR at 2031)  The date requested for the hearing being October 10, 2014. (CLR at 2032)

Appellee filed his Objections to Appellant Late Filed Summary Judgment Response Attached to the Second Supplemental Response on October 3, 2014. (CLR at 2034)

Appellee filed his response to Appellant's Motion for Summary Judgment on Counterclaim on or about October 3, 2014. (CLR at 2041)

The trial court granted Final Summary Judgment for Appellee on October 8, 2014. (CLR at 2064)

Appellant filed his Response to Motion for Partial Summary Judgment on Limitations on October 9, 2014. (CLR at 2070, SUPP CLR at 59-136)

Appellant filed his Motion for Rehearing and Motion for New Trial on October 20, 2014. (CLR at 2116, SUPP CLR at 289-388)

Appellant filed  his Notice of Appeal on December 17, 2014. (CLR at 2137)

## ISSUES PRESENTED

Issue No. 1:    The conveyances are void as a matter of law because the property descriptions are not legally sufficient pursuant to the requirements of the Statute of Frauds.

Issue No. 2:    It was improper to hold that the Mother Hubbard or "Catch-all" clause could convey substantial property interest.

Issue No. 3:    A material question of fact remains as to what property was conveyed.

Issue No. 4:    A material question fact remains due to the ambiguity surrounding the discord over what property was conveyed in the lease.

Issue No. 5:    Material questions of fact concerning the possession and control of the mineral interests exists based upon the discrepancies between the judicially admitted documents provided by Appellee and the subsequently sworn Affidavit by Appellee.

Issue No. 6:    Material questions of fact concerning the possession and control of the mineral interests exist based upon the discrepancies between the official Harrison County documents and the subsequently sworn Affidavit by Appellee.

Issue No. 7:    A material question of fact remains due to the cumulative nature of Appellee's prior bad acts.

## SUMMARY OF THE ARGUMENT

According to Section 26.01, of the Business and Commerce Code, Vernon's Texas Codes Annotated, the Statute of Frauds (formerly Art. 3995), property descriptions must contain adequate information so that the identity of the property conveyed can be reasonably ascertained. During the oil boom of the 1930's, in order to cover small strips of land which were inadvertently left out of property descriptions in both oil and gas leases and mineral and royalty deeds. Conveyances began to include a blanket conveyance clause, commonly referred to as the 'Mother Hubbard Clause.' According to Texas case law, the inherent or specific purpose of the Mother Hubbard Clause is to prevent the leaving of small unleased pieces or strips of land, which may exist without the knowledge of one or both of the parties by reason of incorrect surveying, careless location of fences, or other mistakes. The use of a general and vague 'catch-all' phrases to include larger tracts of land is not upheld. In the documents Appellee prepared, hidden in small print at the end of a paragraph, he used a sweeping reference which he claims conveyed title to all the oil and gas properties that Ms. Cope and Mr. Mills owned in Harrison County, Texas. Appellant asserts that the language in question was meant to convey only small strips of land, and not the large tracts of land now claimed by Appellee. The trial court improperly held that the documents in question conveyed all of Grantors' mineral interests in Harrison County.

The court erred when it did not hold that the conveyances from Ms. Cope and Mr. Mills to Appellee in 1991, which do not contain legally sufficient property descriptions, are void as a matter of law. The Appellee has admitted in admissions that the conveyances do not contain a metes and bound description, nor a Volume and Page reference to a prior document that was filed in County Clerk's office of Harrison County, Texas. According to the Statute of Frauds, these

deeds are void as a matter of law.

Additional language in the conveyances themselves, stating that "Grantor agrees to execute any supplemental instrument requested by Grantee for a more complete description of said land" reflects there never was an intent to convey all of Cope and Mills interest.

The documents that were produced in discovery are self authenticating under rule 193.7 of the Texas Rules of Civil Procedure, and raise a question of fact for the trier of fact, since these documents indicate that Appellee did not own the minerals in Harrison County, Texas.

The trial court should not have granted Appellee's Motion for Summary Judgement because a question of fact remains as to the issue of whether Appellee ever had possession of the mineral interests. Although Appellant now claims ownership of all mineral interests, there is substantial evidence that Ms. Cope and Mr. Mills had retained ownership for more than twenty years. The evidence was provided in the form of official tax records and numerous mineral leases and other conveyances signed by Cope and Mills. Other documents include correspondence from the Appellee seeking to buy and/or lease other minerals interests from Cope and Mills.

The trial court improperly refused to consider the evidence of Appellee's prior bad acts. Texas Rule of Civil Procedure 404(b) permits the admission of evidence of the habit of a person, or of the routine practice of an organization, if the evidence is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice. In his Responses to Admissions, Appellee admitted to the existence of numerous prior bad acts. These acts reveal that Appellee had a pattern of questionable business dealings.

<u>**ARGUMENT AND AUTHORITIES**</u>

This case on appeal involves both questions of law for the trial court and material questions of fact for the trier of fact. The first two issues concern questions of law. First, whether the trial court decided the legal sufficiency of the property descriptions found in the conveyances as required by the Statute of Frauds. Second, whether the trial court, followed proper legal precedence when it considered the application of the Mother Hubbard clause. The remaining issues involve questions of fact concerning the consideration and admissibility of prior bad acts and the actual possession of the mineral interests.

**I.**
**As a matter of law, the conveyances are void because the property descriptions are not legally sufficient pursuant to the requirements of the Statute of Frauds.**

According to Section 26.01, of the Business and Commerce Code, Vernon's Texas Codes Annotated, the Statute of Frauds (formerly Art. 3995), property descriptions must contain adequate information so that the identity of the property conveyed can be reasonable ascertained. An instrument conveying land must contain a legally sufficient description or the instrument is void under the statute of frauds. *Dixon v. Amoco Prod. Co.,* 150 S.W.3d 191, 194 (App.--Tyler 2004, pet. denied) It is well established that in order for a property description to be held legally sufficient "the writing furnishes within itself or by reference to some other writing, the means or data to identify the particular land to be conveyed may be identified with reasonable certainty." *AIC Mgmt. v. Crews,* 246 S.W.3d 640, 645 (Tex. 2008) *See also, Pick v. Bartel,* 659 S.W.2d 636, 637 (Tex.1983); *Jones v. Kelley,* 614 S.W.2d 95, 99 (Tex. 1981) (citing *Morrow v.*

*Shotwell,* 477 S.W.2d 538, 539 (Tex. 1972); *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150, 152 (1945).

The purpose of a written land description is not merely to identify the property, but also to provide an actual means of identification. *Fears v. Texas Bank,* 247 SW3d 729, 736 (App. Texarkana 2008) The *Fears* court held that, "The legal description in the conveyance must not only furnish enough information to locate the general area, as in identifying it by tract survey and county, it need contain information regarding the size, shape, and boundaries." *Id. P.736; See also, Morrow,* 477 S.W.2d at 539; *Matney v. Odom,* 147 Tex. 26, 210 S.W.2d 980, 982 (1948) The conveyances subject to this appeal contain the following statement, "Grantor hereby conveys to Grantee all of the minerals, royalty, overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above correctly described." (CLR at 18, Tab A and CLR at 21, Tab B) Established case law provides us with examples of legally insufficient property descriptions. In each of the following cases, cited in *Republic Nat'l Bank of Dallas v. Stetson,* 390 S.W.2d 257, 263 (Tex. 1965), the property descriptions were held to be insufficient to satisfy the Statute of Frauds because they did not furnish the means to identify the land:

> "the following described property lying and situated in the County of Ellis, State of Texas, being approximately 154.63 acres of land in Ellis County, Texas, in two tracts, being out of the Benjamin Monroe Survey, W. J. Ely Survey, F. E. Witherspoon Survey" *Tidwell v. Cheshier*, 153 Tex. 194, 265 S.W.2d 568 (1954);

> "4,000 of the 5,000 acre block No. 2 hereinabove referred to, said 4,000 acres to be selected by Buyer leaving Sellers 1,000 acres equitably checkerboarded . . ." *Stekoll Petroleum Co. v. Hamilton*, 152 Tex. 182, 255 S.W.2d 187 (1953);

> "four (4) acres out of the East end of a ten-acre block on the P. Chireno Survey about 2 miles East from the courthouse of the city of Tyler, Smith County, Texas, located on the North side of the Kilgore highway." *Matney v. Odom*, 147 Tex. 26, 210 S.W.2d 980, 982 (1948);

"37.1 acres of land in Wood County, Texas," *Douglass v. Texas--Canadian Oil Corp.*, 141 Tex. 506, 174 S.W.2d 730 (1943);

"100 acres out of Blocks 8 and 9 of the subdivision of Jose Maria Pineda Survey, which was patented to Adolphus Stern . . ." *Smith v. Sorelle*, 126 Tex. 353, 87 S.W.2d 703 (1935);

"fifty acres of the J. M. Moss survey, abstract No. 462, situated near the town of Burlington, in Montague County, Texas" *Pfeiffer v. Lindsay*, 66 Tex. 123, 1 S.W. 264 (1886); and,

"a piece of land supposed to be forty acres" *Jones v. Carver*, 59 Tex. 293 (1883).

The property descriptions subject to this appeal are not specific and are even less descriptive than the preceding descriptions. If a conveyance of an interest in real property does not sufficiently describe the land to be conveyed, it is void and unenforceable under the statute of frauds, *Stetson,* at 261. The descriptions are legally insufficient and the conveyances are void as a matter of law. The sufficiency of the legal description in any instrument transferring a property interest is a question of law and subject to a de novo review. *Dixon v. Amoco Prod. Co.,* at 194.

This Honorable Court should reverse and render judgment in favor of Appellant, in that as a matter of law the conveyances are void under the statute of frauds.

## II.
## The trial court erred when it held that the Mother Hubbard or "Catch-all" clause could convey substantial property interest.

During the oil boom of the 1930's, in order to cover small strips of land which were inadvertently left out of property descriptions in oil and gas leases, mineral and royalty deeds, and other documents began to include a blanket conveyance clause, commonly referred to as the 'Mother Hubbard Clause.' Texas courts have continued to uphold the validity of Mother

Hubbard clauses but only as they pertain to small adjacent strips. The court in *Peacock v. Schroeder*, 846 S.W.2d 905, 911 (Civ. App. San Antonio, 1993) affirmed the long line of decisions when it held, "The purpose of a Mother Hubbard, or catch-all, clause is merely to prevent the leaving of small unleased pieces or strips of land . . . which may exist without the knowledge of one or both of the parties by reason of incorrect surveying, careless location of fences, or other mistake." *Sun Oil Co. v. Bennett*, 125 Tex. 540, 84 S.W.2d 447, 452 (1935); *See also,* 1 H. Williams & C. Meyers, Oil and Gas Law § 221 (1992). These clauses make evident the intention of the grantor to include *within the lease* not only the land described by metes and bounds, but also any adjoining land mistakenly excluded. *Sun Oil Co. v. Burns,* 125 Tex. 549, 84 S.W.2d 442, 444 (1935); *Windsor v. Loyd,* 191 S.W.2d 521, 523 (Tex. Civ. App.- -Texarkana 1945, writ ref'd) In a letter dated March 2, 2011(CLR at 938, Tab N) Wagoner & Brown, the oil and gas producer of the mineral interests subject to this appeal, wrote that even after consulting an independent law firm, they continued to have concerns regarding the validity of the conveyance. The letter stated that the vague descriptions did not properly identify or describe the land. It also stated that the wording that conveyed all interests in Harrison County was not adequate to do so "since the courts have held that Mother Hubbard Clauses which are in fine print, may only apply to small adjacent strips." (CLR at 938, Tab N) It is a well-established tenet that a Mother Hubbard clause is not intended to be used to an interest that is not adequately described in the conveyance. In *Smith v. Allison,* 157 Tex. 220, 301 S.W.2d 608, 611 (1956), the court held that a deed was considered ambiguous when a "catch-all" clause conveyed a substantially greater interest than the specific grant and when the amount paid for that conveyance appeared to relate only to the mineral interest specifically

described.  Accordingly, the court noted that "the deed under question contain[ed] material inconsistent provisions that render[ed] it uncertain as to the property conveyed." *Id* at 612.

This rule effectively prohibiting such "cover-all" clauses from conveying substantial property interest continues to be affirmed by the courts.  In *Jones v. Colle*, 727 S.W.2d 262, 263 (Tex. 1987) the court upheld the longstanding position that "a Mother Hubbard clause would only serve to cover property not described in the deed when the other property consists of small unleased piece or strips of land which may exist without the knowledge of one or both of the parties." *Id* at 263. Referring back to the 1935 case of *Sun Oil Co. v. Bennett,* [125 Tex. 540] 84 S.W.2d 447 (Tex. 1935) the court in *Colle* reiterated:

> We have found no other case in which this Court has applied any other rule or has construed such a clause to convey large bodies of land in addition to that specifically described and surely not so where the clause was held to convey considerably more land than that specifically described.

In *J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609 (Tex. 2005) the court continued to affirm its prior rulings that "catch-all" language could not in effect convey substantial interests in property not appropriately described in a conveyance.  The *Greer* court, citing *Colle*, ruled that:

> "the longstanding rule in Texas that a [catch-all] clause, like the one at issue here, can only convey small interests that are clearly contemplated within the more particularly described conveyance, and they are not effective to convey a significant property interest not adequately described in the deed or clearly contemplated by the language of the conveyance." *Greer at* 613

The fact situation in *Greer* is analogous to the case now before this court.  As in *Greer*, Mr. Mills and Ms. Cope contend they had no intention of conveying all of the property interest (CLR at 971 and 983) now claimed by Appellee by virtue of the Mother Hubbard language (catch-all language)  (CLR at 394)  In both his Motion for Summary Judgment (CLR at 392)

and his Second Supplemental Motion for Summary Judgment (CLR at 1796), Appellee argued

that the Mother Hubbard clause entitled him to all the property interest he now claims. In the

conveyances, this cover all language is found in extremely small print and states "Grantor

hereby conveys to Grantee all of the minerals, royalty, overriding royalty interest owned by

Grantor in Harrison County, whether or not same is herein above correctly described." (CLR at

18, Tab A and CLR at 21, Tab B) The belief that a Mother Hubbard clause can convey a

substantial interest is erroneous, especially when the conveyance in question contains property

descriptions. The argument found in the concurring opinion of Justice McCall in *Smith v.*

*Allison* at 616, is especially instructive in our case. Justice McCall wrote:

> When such a "Mother Hubbard" provision is used alone in an instrument, it
> conveys all the land owned by the grantor within the designated survey, county,
> city or other area. But when such a provision follows the description of a specific
> tract or tracts, it is ordinarily the purpose of such provision to bring within the
> conveyance small strips of land bordering the described tract or tracts which may
> not be included because of faulty description or may have been acquired by adverse
> possession. Under these circumstances the "Mother Hubbard" provision should be
> considered as supplemental to the specific description of the particular tract which
> is the primary subject of the conveyance, and such provision should not be
> regarded as an independent description of any tract wholly separate and distinct
> from the particularly described tract unless the parties have clearly indicated in the
> instrument that such was their intention.

Not only does Appellee rely upon the mistaken premise that the Mother Hubbard Clause can

convey large interests but he also attempted to use the small print and language to secure a

greater interest than that what was conveyed, which is impermissible.

The prevailing view that a Mother Hubbard clause should only serve to cover property

not described in the deed when that omitted property consists of small unleased pieces or strips

of land which may exist without the knowledge of one or both of the parties. Using it

otherwise is in violation of this well established course of law.

This Honorable Court should reverse and render judgment in favor of Appellant, in that pursuant to the case law set forth above the Mother Hubbard/catch all/blanket clause was not meant to convey large tracts of land.

## III.
## There is a material question fact as to what property was conveyed.

Appellant and Appellee disagree over what mineral interests were conveyed. Appellee argues that Cope and Mills conveyed everything they owned in Harrison County; however, Appellants argue that was never their intent. The trial court erred when it granted Appellee's Motion for Summary Judgement because a question of fact exists. The standard for review for a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2nd 546, 548 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3rd 820, 825 (Tex. App.--Dallas 2010, no pet.). In deciding whether a disputed material fact exists precluding summary Judgment, evidence favorable to the nonmovant will be taken as true. *Id*, 690. When reviewing the issues presented, the appellate court "must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law." *Moon Royalty, Llc, v. Boldrick Partners*, 244 S.W.3d 391, 393-94 (Tex. App.-- Eastland, 2007, no pet.)*,* (citing *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546 (Tex. 1985) The standard of review for TEX. R. CIV P. 166a(i) is one in which the court considers the evidence in the light most favorable to the nonmovant and disregarded all contrary evidence. *Bosque Asset Corp. v. Greenberg*, 19 S.W.3d 514 (Tex.

App.--Eastland, 2000); *Grant v. Southwestern Electric Power Company*, 20 S.W.3d 764 (Tex. App.--Texarkana, 2000); *Denton v. Big Spring Hospital Corporation*, 998 S.W.2d 294 (Tex. App.--Eastland 1999 no pet'n); *Moore v. K Mart Corporation*. 981 S.W.2d 266 (Tex. App.--San Antonio 1998, no pet'n); *Jackson v. Fiesta Mart, Inc*., 979 S.W.2d 68 (Tex. --Austin 1998, no pet'n). The courts accept as true evidence in favor of the nonmovant and indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *El Chico Corporation v. Poole,* 732 S.W.2d 306 (Tex. 1987) Evidence is apparent that there is a disputed material fact as to what land, if any was actually conveyed.

First, as set out in the affidavits of Mr. Mills and Ms. Cope, it was never their intent to convey everything they owned in the county. (CLR at 971 and 983) Second, the conveyances themselves reflect that there never was an agreement to convey all the interests of Mills/Cope to Appellee. The conveyances found at (CLR at 18 and CLR at 21), state in part "Grantor agrees to execute any supplemental instrument requested by Grantee for a more complete description of said land." If it was not the intent of the parties to convey only what they had specifically described, why would they have included a provision like this? In the alternative, if they had intended to convey everything they owned, a provision requesting supplementation would have been superfluous. In reference to a similar provision, the court in *Smith v. Allison,* at 618, asks, "How would the need for the correction of the particular description ever come about if the parties did not intend to contract only with respect to the lands particularly described?"

A question of fact remains concerning the existence of an agreement to convey all the interest of Appellant to Appellee and this Honorable Court should remand the case to the trial

court for a trial on the facts.

## IV.
## A question of fact remains due to the ambiguity surrounding the dispute over what property was conveyed in the conveyance.

The parties disagree as to what the legal description is of the land conveyed. The conveyances before this court contain traditional property descriptions that are found following the words, "All of those certain tracts or parcels of land out of the following surveys in Harrison County, Texas described as follows: . .. ." Typically, the property descriptions follow immediately after this wording. In this case, the deeds follow customary practice and reference several sections of land. There is also a modified Mother Hubbard clause. In addition to the basic clause, Appellee included the words "Grantor hereby conveys to Grantor all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above correctly described." (CLR at 18, Tab A and CLR at 21, Tab B) The latter description contains a substantially greater interest in property. Rather than refining the primary property descriptions, the Mother Hubbard clause has added a conflicting property description. According to Appellee, the documents only contain one property description, which is located in the Mother Hubbard clause and it conveys total interest in Harrison County. He also claims it was the intent of the Grantors to convey their entire interest in Harrison County. However, Mr. Mills and Ms. Cope stated in their affidavits that it was not their intent to convey everything they owned in the county. (CLR at 971 and 983) If a deed is subject to two or more reasonable interpretations, it is ambiguous. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,* 940 S.W.2d 587, 589 (Tex. 1996) The proper use of the "catch-all" language which Appellee relies upon was discussed supra. (Referencing *J. Hiram Moore, Ltd. v. Greer)* The court indicated that

if there is an ambiguity, then a jury should hear evidence and determine the intent of the parties. *Greer,* at 614. In addition, it is odd that the controlling property description would be buried amongst legal jargon in small print, rather be located in large print at the top center of the document. Obviously, a question exists as to which is the proper land description.

The trial court erred in granting Appellee's Motion for Summary Judgement because it is unclear as to what property was actually conveyed; thereby a question of fact remains. The case should be reversed and remanded for a trial on the merits.

**V.**

**Questions of material fact exist concerning the actual possession and control of the mineral interests based upon the discrepancies between the judicially admitted documents provided by Appellee and the subsequently sworn Affidavit by Appellee.**

Several questions of material fact were raised by the documents produced by the Appellee during the discovery process and the affidavit executed by James H. Davis. (CLR 463-466) In Appellee's Motion for Summary Judgement, Davis claimed that "JD Minerals and/or JDMI, LLC has been in actual, open, notorious, exclusive, hostile and adverse possession of interests made the basis of this lawsuit, claiming under deeds registered since 1991." (CLR 465) In other words, Appellee swore under oath, in an Affidavit, that he had complete possession of the interests since 1991.

Noteworthy is Exhibit "A" of the Declaration of Unit, Moore # 1 Gas Unit which listed the names of the individuals included in said unit. (CLR at 916-918) On the third page of the document, it specifies: 1)the name of James Hammond Mills who leased to W. M. Beasley, Jr. on October 3, 1999; and, the name of Virginia Rose Mitchell Cope who also leased to W. M.

Beasley, Jr. on October 18, 1999. (CLR at 918)  This Declaration of Unit stated in part, "Winchester Production Company et al is the owner of the legal and/or equitable and beneficial title to oil, gas and mineral leases . . . ." (CLR at 916)  This Unit of Declaration was produced by Appellee in his Response to Discovery is Bates stamped:  DAVIS 92, 93, 94. (CLR at 916-918)  This document affirmatively listed Mills and Cope as mineral owners which controverts the statement that Appellee had total possession of the mineral interests.

On February 23, 2011, Appellee sent out a letter to several individuals including Appellant, stating in part "JD Minerals purchased 100% of all the interest located in Harrison County, Texas held in the names of Dan G. Capers, Virginia Rose Mitchell, and James Hammon Mills." (CLR at 356, Tab M) At that time, Appellee failed to disclose certain crucial facts concerning the true ownership of the mineral interest.  For instance, Appellee did not reveal that he had sent a letter on June 16, 2005 to Virginia Rose Mills Cope a/k/a Virginia Rose Mitchell informing her that they were withdrawing their offer to pay $250.00 per net mineral acre, because upon further review of the title, they found that she had previously sold her interest to another party. (CLR 358, Tab G) At that time, Appellee also failed to disclose that he had sent a letter to Virginia Rose Mills Cope a/k/a Virginia Rose Mitchell on November 21, 2005, "offering to buy her mineral or royalty interest by identifying your interest, preparing the paperwork and paying you up front." (CLR 359, 360, Tab H)  Attached to the November 21, 2005 letter was a Conditional Draft in the amount of  $45.00.  A closer review of this document reveals that, "This draft is drawn to pay for that certain Universal, County-Wide Sale, Conveyance and Assignment of Mineral and Royalty Interests (the "Conveyance"), covering all of Grantor's royalty interests in HARRISON County, Texas." (CLR 359, Tab H)  Enclosed with this letter was a document

entitled "Universal County-Wide Sale, Conveyance, and Assignment of Mineral and Royalty Interests. This document specified that it included "all (100%) of the oil, gas and other minerals, in, on and under, and may be produced, severed, sold and/or marketed from any and all lands" which included all mineral interests and royalty interests. (CLR 360, Tab H) The first document, to the landowner, states it is a royalty interest and the second document, to be filed with the County Clerk, claims it is a *mineral* and royalty interest. This is exactly the pattern and practice that Appellee has used over the years. Note the letter and draft are both signed by James H. Davis.

In the letter of February 23, 2011, and at times subsequent, Appellee also failed to disclose that they had sent several other documents to Virginia Rose Mills Cope a/k/a Virginia Rose Mitchell indicating that Appellee was operating under the belief that she still owned mineral interests in Harrison County, Texas:

> Letter/form dated September 15, 2008, asking permission to obtain information as to all the mineral and royalty interest she owned in Harrison County, Texas. (CLR at 361, Tab K);

> Letter dated October 31, 2008, withdrew Appellee's offer to pay $7,260.00. Stating, "in reviewing title information, JDMI, L.L.C. found you have sold your mineral and royalty interest prior to date." (CLR at 362, Tab L); and,

> Letter dated July 19, 2011, admitting knowledge that she had already sold all her interest already to another company. (CLR at 363, Tab R)

In the letter of February 23, 2011, Appellee also failed to disclose that on November 26, 2007, they had sent a letter to James Hammond Mills stating they were purchasing his interest for $4,817.43. (CLR 364, Tab I) These documents indicate that Appellee thought Cope and Mills retained possession and control of their mineral interests in Harrison County.

The documents set forth in Tab G, H, I, K, L, and R are all unrecorded instruments because they were not filed with the County Clerk's Office in Harrison County, Texas. Section 13.001(b) of the Texas Property Code, in regards to Validity of Unrecorded Instrument, states, "The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument."

Appellee may argue that the above documents are not proper unrecorded instruments; however, said documents were produced in discovery by the Appellee. Note the bate stamp at the bottom of the document. A party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial. *See,* Tex. R. Civ. P. 193.7; *Blanche v. First Nationwide Mortg. Corp.,* 74 S.W.3d 444, 451-52 (Tex. App.--Dallas 2002, no pet.) These documents are an admission by a party-opponent, Tex. R. Evid. 801(e)(2), and are not hearsay. Any statement by a party-opponent is admissible against that party. *Reid Road Municipal Utility Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 858 (Tex. 2011)

In addition, these some of the documents were also automatically admitted due to Appellee's Responses to Admissions.(CLR 845, Tab C, No. 9, 10, 14, 15, 16, 19, and 22.) Admissions made under TEX. R. CIV. P. 198 are more than evidence of admitted matters. They are judicial admissions of the admitted matters. As long as an admission stands unretracted, the party making it is not permitted to introduce evidence to contradict the matter. *National Farmers Organization v. Smith*, 526 S.W.2d 759, 765 (Civ. App.--Corpus Christi 1975, no writ). Some courts have noted that a fact admitted under the rules is of "higher dignity" than testimony and that

such an admission is the same as an admission made in the pleadings. *Republic Bankers Life Insurance Co. v. Wisdom*, 488 S.W.2d 470, 472 (Civ. App.--Fort Worth 1972, ref. n.r.e.). An admission once admitted is a judicial admission, and a party may not then introduce testimony to controvert it. *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) In Appellant's Response to Motion for Summary Judgment (CLR at 868-946), Appellant objected to the evidence of Appellee based on the prior admissions by the Appellee and the documents produced by the Appellee. In Appellant's Response to Appellee's Second Supplemental Motion for Summary Judgment (CLR at 1695-1771), Appellant objected to the evidence of Appellee based on the prior admissions by the Appellee and the documents produced by the Appellee. The court should sustain any timely made objection made to evidence which attempts to controvert the admitted fact. *Marshall,* at 699 The trial erred when it permitted the admission of Appellee's Affidavit because it had evidence that directly contradicted the facts Appellee had admitted in his Responses to Admission.

This Honorable Court should remand the case to the trial court in that there are questions of fact, to be decided by the trier of fact, based on the prior admissions of the Appellee, and the documents that were produced by the Appellee in discovery.

## VI.
## Questions of material fact concerning possession and control of the mineral interests exist based upon the discrepancies between the official Harrison County documents and the subsequently sworn Affidavit by Appellee.

As referenced above, Appellee signed an affidavit stating that he has been possession of the minerals since 1991. In Appellant's Response to Appellee's Second Supplemental Motion for Summary Judgment (CLR at 1695-1772), he included records from the Harrison County Clerk which provided evidence that both James Hammond Mills and Virginia

Cope have issued numerous conveyances including oil and gas leases and mineral deeds for more than twenty (20) years. (CLR 1732, 1733, 1735, Tab S) In these records, it is also shows conclusively that Mills and Cope have regularly paid taxes on the minerals of said property. (CLR at 1744-1753, Tab T)  This is in direct conflict with the affidavit of Appellee and as such raises a material issue of fact as to the actual ownership of the minerals.

This Honorable Court should remand the case to the trial court in that there are questions of fact, to be decided by the trier of fact, based on the affidavit of the Appellee, and the documents from the County Clerk and Tax Assessor of Harrison County, Texas.

## VII.
### A material question of fact remains due to the cumulative nature of Appellee's prior bad acts.

Rule 404(b) of the Texas Rules of Evidence states that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. TEX. R. CIV. EVID 404(b)  The rule, however, does allow such evidence to be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

The rules of evidence allow the admission of evidence of the habit of a person, or of the routine practice of an organization, if the evidence is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice. *See* TEX. R. EVID. 406; see also *Durbin v. Dal-Briar Corp.*, 871 S.W.2d 263, 268 (Tex. App.--Corpus Christi 1994, writ denied)  For testimony of the routine practice of an organization to be admissible, it must show a regular response to a repeated specific situation. *Pacesetter Corp. v. Barrickman*, 885 S.W.2d 256, 263 (Tex. App.--Tyler 1994, no writ); *Mediacomp, Inc. v.*

*Capital Cities Communication*, 698 S.W.2d 207, 212 (Tex. App.--Houston [1st Dist.] 1985, no writ) (stating that evidence of the routine practice of an organization is relevant to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice).

In response to Appellant's claim that the Appellee continued to make offers to lease the mineral interests demonstrated that he did not believe he had possession of 100% interest, Appellee stated in his Affidavit, paragraph 7 (CLR at 464), "It is not uncommon for employees to mistakenly make offers to individuals from whom we have already purchased the same interests." This gives the impression that there was no deceit on the part of Appellee, but only a mistake. The document found at (SUPP CLR 273) says in part, "The Division orders you signed are not acceptable because of your alteration of the effective date." This document was produced by the Appellee, and is self-authenticated under TEX. R. CIV. P. 193.7. This would also appear to be similar to the "one year primary term royalty term conveyance" found at (CLR 1132, Tab D) which is in opposition to the Mineral Deed (CLR at 21, Tab B) which stated it was a Mineral Deed. If Appellee would alter the effective date on a division order, could he not also intentionally mislead the Grantors into believing that they were imparting a one year term royalty conveyance instead of a mineral conveyance? There remains a question of fact and evidence of Appellee's routine practice is relevant to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice. Appellee has admitted the following in his Responses to Admissions:

39. Attached hereto as Exhibit "25" is a copy of the Agreed Final Judgment that Defendant entered into with the State of Texas.

**Response:** Admit. (CLR at 845, 852, No. 39, Tab C, CLR at 681-692)

40. Defendant signed the Agreed Final Judgment in Exhibit "25".

> **Response:** Admit. (CLR at 845, 852, No. 40, Tab C, CLR at 171)

41. Defendant agreed that the entry of the judgment was in the pubic interest in Exhibit "25".

> **Response:** Admit. (CLR at 845, 852, No. 41, Tab C, CLR at 160)

43. Defendants were in the business of buying and selling minerals and royalty when the deeds were recorded from Virginia Rose Mitchell and James Hammond Mills as reflected in Exhibits "1" and "2".

> **Response:** Admit. (CLR at 845, 852, No. 43, Tab C)

45. Attached as Exhibit "26" is Plaintiffs Original Petition in Cause No. 00-030-B, Seeliger v. JD Minerals.

> **Response:** Defendant admits that Exhibit 26 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 852, No. 45, Tab C) (CLR at 693-700)

46. Part of the allegations reflected in Exhibit 26 is fraud.

> **Response:** Admit that such a claim or allegation was made. (CLR at 845, 852, No. 46, Tab C)

47. The lawsuit reflected in Exhibit 26 was settled by Defendant.

> **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 853, No. 47, Tab C)

48. Attached as Exhibit 27 is Plaintiffs Original Petition in Cause NO. 10,702, Ratcliff v. JD Minerals.

> **Response:** Defendant admits that Exhibit 27 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 853, No. 48, Tab C, CLR at 701-703)

49. Part of the allegations reflected in Exhibit 27 is fraud.

**Response:** Admit that such a claim or allegation was made. (CLR at 845, 853, No. 49, Tab C)

50. The lawsuit reflected in Exhibit 27 was settled by Defendant.

   **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 853, No. 50, Tab C)

51. Attached as Exhibit 28 is Plaintiffs First Amended Original Petition in Cause No. 99V-114, Gaydell Felcman v. James H. Davis d/b/a JD Minerals et al.

   **Response:** Defendant admits that Exhibit 28 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 853, No. 51, Tab C, CLR at 704-707)

52. Part of the allegations reflected in Exhibit 28 is misrepresentation and fraud.

   **Response:** Admit that such claims or allegations were made. (CLR at 845, 853, No. 52, Tab C)

53. The lawsuit reflected in Exhibit 28 was settled by Defendant.

   **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 853, No. 53, Tab C)

54. Attached as Exhibit 29 is Plaintiffs Original Petition in Cause NO. 25,314A, Hansche v. James Davis d/b/a JD Minerals.

   **Response:** Defendant admits that Exhibit 29 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 853, No. 54, Tab C, CLR at 708-709)

55. Part of the allegations reflected in Exhibit 29 is fraudulent representations.

   **Response:** Admit that such a claim or allegation was made. (CLR at 845, 854, No. 55, Tab C)

56. The lawsuit reflected in Exhibit 29 was settled by Defendant.

**Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 854, No. 56, Tab C)

57. Attached as Exhibit 30 is Plaintiffs Original Petition in Cause No. 1999-1063-B, Shelton v. James Davis d/b/a JD Minerals.

    **Response:** Defendant admits that Exhibit 30 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 854, No. 57, Tab C, CLR at 710-713)

58. Part of the allegations reflected in Exhibit 30 is bad faith.

    **Response:** Admit that such a claim or allegation was made. (CLR at 845, 854, No. 58, Tab C)

59. The lawsuit reflected in Exhibit 30 was settled by Defendant.

    **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 854, No. 59, Tab C)

60. Attached as Exhibit 31 is Plaintiffs Original Petition in Cause No. 28,459, Anna Jones v. James Davis d/b/a JD Minerals.

    **Response:** Defendant admits that Exhibit 31 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 854, No. 60, Tab C, CLR at 714-726)

61. Part of the allegations reflected in Exhibit 31 is fraudulent intent.

    **Response:** Admit that such a claim or allegation was made. (CLR at 845, 854, No. 61, Tab C)

62. The lawsuit reflected in Exhibit 31 was settled by Defendant.

    **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 854, No. 62, Tab C)

63. Attached as Exhibit 32 is Plaintiff s Original Petition in Cause No. 26,678, Howard v. James Davis d/b/a JD Minerals.

**Response:** Defendant admits that Exhibit 32 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 854, No. 63, Tab C, CLR at 727-731)

64. Part of the allegations reflected in Exhibit 32 is mistake on the part of Plaintiff.

**Response:** Admit that such a claim or allegation was made. (CLR at 845, 855, No. 64, Tab C)

65. The lawsuit reflected in Exhibit 32 was settled by Defendant.

**Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 855, No. 65, Tab C)

66. Attached as Exhibit 33 is Plaintiffs Original Petition in Cause No. C17,019-2000, Burns v. James Davis d/b/a JD Minerals.

**Response:** Defendant admits that Exhibit 33 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 852, No. 66, Tab C, CLR at 732-736)

67. Part of the allegations reflected in Exhibit 33 is fraud.

**Response:** Admit that such a claim or allegation was made. (CLR at 845, 855, No. 67, Tab C)

68. The lawsuit reflected in Exhibit 33 was settled by Defendant.

**Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 855, No. 68, Tab C)

69. Attached as Exhibit 34 is Plaintiffs Original Petition in Cause NO. 25, 783-B, Bates v. James Davis d/b/a JD Minerals.

**Response:** Defendant admits that Exhibit 34 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 855, No. 69, Tab C, CLR at 737-742)

70. Part of the allegations reflected in Exhibit 34 is fraud.

**Response:** Admit that such a claim or allegation was made. (CLR at 845, 855, No. 70, Tab C)

71. The lawsuit reflected in Exhibit 34 was settled by Defendant.

**Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 855, No. 71, Tab C)

72. Attached as Exhibit 35 is Plaintiffs Original Petition in Cause No. C17,019-2000, Knight et al v. James Davis d/b/a JD Minerals.

**Response:** Defendant admits that Exhibit 35 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 856, No. 72, Tab C, CLR at 743-752)

73. Part of the allegations reflected in Exhibit 35 is fraud.

**Response:** Admit that such a claim or allegation was made. (CLR at 845, 856, No. 73, Tab C)

74. The lawsuit reflected in Exhibit 35 was settled by Defendant.

**Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 856, No. 74, Tab C)

75. Attached as Exhibit 36 is Plaintiffs Original Petition in Cause No. 2001-515,078, Wiley v. James Davis d/b/a JD Minerals.

**Response:** Defendant admits that Exhibit 36 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 856, No. 75, Tab C, CLR at 753-763)

76. Part of the allegations reflected in Exhibit 36 is fraud.

**Response:** Admit that such a claim or allegation was made. (CLR at 845, 856, No. 76, Tab C)

77. The lawsuit reflected in Exhibit 36 was settled by Defendant.

   **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 852, No. 77, Tab C)

78. Attached as Exhibit 37 is Plaintiffs Original Petition in Cause No. 164814, Fitzhugh v. James Davis d/b/a JD Minerals.

   **Response:** Defendant admits that Exhibit 37 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or to constitute admissible evidence in this case. (CLR at 845, 856, No. 78, Tab C, CLR at 764-775)

79. Part of the allegations reflected in Exhibit 37 was that Plaintiff was not competent and inadequate consideration.

   **Response:** Admit that such a claims or allegations were made. (CLR at 845, 856, No. 79, Tab C)

80. The lawsuit reflected in Exhibit 37 was settled by Defendant.

   **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 857, No. 80, Tab C)

81. Attached as Exhibit 38 is Plaintiffs Original Complaint in Cause No. WOOCA009, McLean v. James Davis d/b/a JD Minerals.

   **Response:** Defendant admits that Exhibit 38 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 857, No. 81, Tab C, CLR at 776-789)

82. Part of the allegations reflected in Exhibit 38 was inadequate consideration.

   **Response:** Admit that such a claim or allegation was made. (CLR at 845, 857, No. 82, Tab C)

83. The lawsuit reflected in Exhibit 38 was settled by Defendant.

   **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 857, No. 83, Tab C)

84. Attached as Exhibit 39 is Plaintiffs Original Petition in Cause No. 00-01622, Pearson v. JD Minerals et al.

> **Response:** Defendant admits that Exhibit 39 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 857, No. 84, Tab C, CLR at 790-821)

85. Part of the allegations reflected in Exhibit 39 is fraud.

> **Response:** Admit that such a claim or allegation was made. (CLR at 845, 857, No. 85, Tab C)

86. The lawsuit reflected in Exhibit 39 was settled by Defendant.

> **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 857, No. 86, Tab C)

87. Attached as Exhibit 40 is Plaintiffs Amended Original Petition in Cause No. GV003469, State of Texas v. JD Minerals et al.

> **Response:** Defendant admits that Exhibit 40 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case. (CLR at 845, 857, No. 87, Tab C, CLR at 822-844)

88. Part of the allegations reflected in Exhibit 40 are fraud and violations of the Deceptive Trade Practices Act.

> **Response:** Admit that such a claims or allegations were made. (CLR at 845, 858, No. 88, Tab C)

89. The lawsuit reflected in Exhibit 40 was settled by Defendant.

> **Response:** Admit that the lawsuit was settled by both parties. (CLR at 845, 858, No. 89, Tab C)

The prior acts of Appellee show there was at the very least a misunderstanding between

Appellee and the individuals that he dealt with over the years. As such there would be an issue

for the trier of fact to determine if Appellee followed his same course of conduct in dealing with Mr. Mills and Ms. Cope.  This Honorable Court should reverse and remand to the trial court, for the issue to be decided by the trier of fact.

## CONCLUSION AND PRAYER

The trial court committed reversible error by issuing its Order Granting Defendant's Motion for Summary Judgment and Rending Final Summary Judgment.  The Summary Judgment should be reversed and rendered for Appellant, or in the alternative should be reversed and remanded to the trial court, for issues of fact to be decided by the trier of fact.

RESPECTFULLY SUBMITTED,

*/s/Bob Whitehurst*

Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703
(903)593-5588
State Bar #21358100

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4(i)(3), Appellant certifies that this brief contains 11846  words and therefore complies with the word limitation imposed by Texas Rule of Appellate Procedure 9.4(i)(2)(B).

/s/Bob Whitehurst

Bob Whitehurst

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rules of Civil Procedure on this 16TH th day of June, 2015.

/s/Bob Whitehurst

Bob Whitehurst

# APPENDIX

**TAB A**

FILE NO. 8701 - M

# MINERAL AND ROYALTY CONVEYANCE

THE STATE OF TEXAS )(

)( KNOW ALL MEN BY THESE PRESENTS

COUNTY OF HARRISON

1.That    VIRGINIA ROSE MITCHELL, herein after called Grantor (whether one or more), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, cash in hand paid by JD MINERALS, Post Office Box 1520, Palestine, Texas, 75802, hereinafter called Grantee (whether one or more), the receipt of which is hereby acknowledged, has granted, sold, conveyed, assigned and delivered, and by these presents does grant, sell, convey, assign, set over and deliver unto the said Grantee its successors and assigns, forever, subject to the matters stated below all of my interest in and to all oil, gas, and other minerals in, on, and under, and that may be produced from, the following lands (the "Lands") including all of the oil royalty, gas royalty, overriding royalty and royalty in casinghead gas, gasoline, and royalty, in other minerals ("other minerals" includes coal, lignite, uranium, sulfur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas) situated in the County of Harrison     State of Texas, to-wit:

All of those certain tracts or parcels of land out of the following surveys in Harrison County, Texas described as follows:
1) 704.00 acres out of the G. W. PETTY, ET AL, A-582, ET AL, known as the "AMOCO PRODUCING COMPANY - JOHN HARRISON JR 'B'."
2) 671.260 acres out of the JOSEPH E WHITE, ET AL, A-755, ET AL, known as the "AMOCO PRODUCING COMPANY - CHARLOTTE M HYNSON GAS UNIT."
3) 671.260 acres out of the JOSEPH E WHITE, A-755, known as the "AMOCO PRODUCING COMPANY - CHARLOTTE MORRIS HYNSON"
4) 704.00 acres out of the S. T. WATTS, A-739, known as the "PEAK ENERGY CORPORATION - WILLIAM H LANE."
5) 644.200 acres out of the J. S. BELL, A-96, known as the "PEAK ENERGY CORPORATION - WILLIAM H LANE."
6) 704.00 acres out of the G. JOHNSON, ET AL, A-359, ET AL, known as the "AMOCO PRODUCING COMPANY - MCELROY-CHEATHAM UNIT."
7) 677.800 acres out of the HENRY VARDEMAN, A-726, known as the "KEY PRODUCTIONS COMPANY - BEN POPE ET AL."
8) 40.000 acres out of the S. SHOTO, ET AL, A-632-722, known as the "PETROLEUM PRODUCING MANAGEMENT - TR #34 BETH GR NO UT."
9) 43.000 acres out of the S. SHOTO, ET AL, A-632, known as the "PETROLEUM PRODUCING MANAGEMENT - TR #40 BETH GR NO UT."
10) 625.550 acres out of the E. A. MERCHANT, A-430, known as the "EP OPERATING COMPANY - WHITE-DAVID."

Grantor agrees to execute any supplemental instrument requested by Grantee for a more complete or accurate description of said land.

The "Lands" subject to this deed also include oil strips, gores, roadways, water bottoms and other lands adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantors. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall, without additional consideration, execute, acknowledge, and deliver to Grantee, its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records. Grantor hereby conveys to Grantee all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above correctly described.

For the same consideration, Grantors also sell, assign, transfer, and convey to Grantee, its successors and assigns, by this deed (i) the rights of ingress, egress, and possession at all times to mine, drill, and explore the Lands for oil, gas, and other minerals, and to produce, store, dehydrate, compress, treat, process, transport, market, and remove them from the Lands, and to exercise all other rights lawfully belonging to the oil, gas, and mineral estate; (ii) each valid and subsisting oil, gas, and/or other mineral lease (the "Lease", whether one or more) evidenced in the public records of the above-named county, insofar as it covers the Lands (and this conveyance is made subject to each such Lease, insofar as it covers the Lands), together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on the Lands, and other rights and interests under each such Lease, insofar as it covers the Lands; (iii) all royalties, revenues, payments, accounts, suspended funds, refunds, interest on overdue payments, and other things of value payable by any lessee, operator, purchaser of production, seller of production, or other person, with respect to any oil, gas and/or other minerals produced from, or attributable to, the Lands before the date of this Real Property Conveyance (including all such production in any tank, truck, rail car, or pipeline); (iv) all liens and security interests securing the payment of such sums; and (v) all rights, claims, and causes of action of Grantors with respect to such sums, including claims for the underpayment of past royalties.

Grantee may, at its option and in addition to any other rights or remedies available to Grantee, pay all or part of any tax, note, or other obligation secured by a lien on the lands, or any part of them or interest in them. Grantee shall be subrogated to, shall succeed to, and may enforce all of the rights of the affected lienholder to secure the recovery of the amounts paid, together with interest and attorneys' fees.

Without impairment of grantee's rights under the warranty in event of failure of title, it is agreed that if the conveyance covers less interest in the oil, gas, sulphur, or other minerals in all or any part of said land than the entire and undivided fee simple estate(whether Grantor's interest is herein specified or not), or no interest therein, then the consideration shall be paid only in the proportion which the interest therein if any, covered by this conveyance, bears to the whole and undivided fee simple estate therein.

In this instrument, "including" means "including, but not limited to"; "other minerals" includes coal, lignite, uranium, sulphur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas; the plural includes the singular, and vice versa; each gender includes the others; and references to "Grantors" includes Grantors, or any of them."

By execution of this instrument, Grantor also authorizes and directs all persons responsible for paying and/or delivering the royalties subject to this instrument (the "subject royalties") to commence paying and/or delivering the subject royalties to Grantee in accordance with this instrument. Grantor warrants and represents to each such person and to that person's heirs, successors, assigns, and legal representatives that, prior to making this conveyance, Grantor was the lawful owner of the subject royalties and that Grantor has not heretofore conveyed the subject royalties to any other person. Grantor shall indemnify and hold each person responsible for paying and/or delivering the subject royalties, and that person's heirs, successors, assigns, and legal representatives harmless from and against any lawful claims to the subject royalties by, through, or under Grantor.

Grantor does hereby irrevocably appoint and constitute Grantee as Grantor's Agent and Attorney-in-Fact for the limited purpose only of executing division orders, transfer orders, and all other instruments as may be necessary for this conveyance of interest, so that Grantee may act in Grantor's place instead for this limited purpose only.

TO HAVE AND TO HOLD the above-described property and rights, together with all and singular the rights and appurtenances thereto in any wise belonging, unto said Grantee, and the Grantee's heirs, successors, administrators, executors and assigns forever, and the Grantor does hereby bind himself and his, herself and her, itself and its, and/or themselves and their (as the case may be) heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors administrators executors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS the following signatures, this the **25** day of **September**, 19**91**

*Virginia Rose Mitchell 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*
VIRGINIA ROSE MITCHELL S.S.#

**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**
S.S.#

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

### SINGLE ACKNOWLEDGEMENT

STATE OF ___Georgia___

COUNTY OF ___Richmond___

This instrument was acknowledged before me on ___September 25, 1991___

19**91** by VIRGINIA ROSE MITCHELL:

NOTARY SIGN HERE: _Geraldine L. Munroe_

(Seal)

Notary Public, State of **GA**
Notary's name printed below:
___GERALDINE L. MUNROE___

My commission expires: **12-6-91**

Notary Public, Richmond Cty., Georgia
My Commission expires Dec. 6, 1991

### JOINT ACKNOWLEDGEMENT

STATE OF _____

COUNTY OF _____

This instrument was acknowledged before me on _____

19___ by _____ and _____
husband and wife.

NOTARY SIGN HERE: _____

(Seal)

Notary Public, State of _____
Notary's name printed below:

_____

My commission expires _____

WHEN RECORDED RETURN TO:
JD MINERALS
P.O. BOX 1520
PALESTINE, TEXAS 75802-1520
AREA CODE: var-barr



STATE OF TEXAS         COUNTY OF HARRISON
I hereby certify that this instrument was filed on the date
and time stamped hereon by me and was duly recorded in
the volume and page of the named records of Harrison County,
Texas as stamped hereon by me.

OCT 4 1991

COUNTY CLERK
HARRISON COUNTY, TEXAS

**TAB B**

# MINERAL AND ROYALTY CONVEYANCE

IEM ssc(1/91)

THE STATE OF TEXAS )(
)( KNOW ALL MEN BY THESE PRESENTS
COUNTY OF HARRISON

1.That **JAMES HAMMOND MILLS,** herein after called Grantor (whether one or more), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, cash in hand paid by JD MINERALS, Post Office Box 1520, Palestine, Texas, 75802, hereinafter called Grantee (whether one or more), the receipt of which is hereby acknowledged, has granted, sold, conveyed, assigned and delivered, and by these presents does grant, sell, convey, assign, set over and deliver unto the said Grantee its successors and assigns, forever, subject to the matters stated below all of my interest in and to all oil, gas, and other minerals in, on, and under, and that may be produced from, the following lands (the "Lands") including all of the oil royalty, gas royalty, overriding royalty and royalty in casinghead gas, gasoline, and royalty, in other minerals ("other minerals" includes coal, lignite, uranium, sulfur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas) situated in the County of Harrison State of Texas, to-wit:

All of those certain tracts or parcels of land out of the following surveys in Harrison County, Texas described as follows:
1) 704.00 acres out of the G. W. PETTY, ET AL, A-582, ET AL, known as the "AMOCO PRODUCING COMPANY - JOHN HARRISON JR 'B'."
2) 704.00 acres out of the G. JOHNSON, ET AL, A-359, ET AL, known as the "AMOCO PRODUCING COMPANY - MCELROY - CHEATHAM UNIT."

Grantor agrees to execute any supplemental instrument requested by Grantee for a more complete or accurate description of said land.

The "Lands" subject to this deed also include all strips, gores, roadways, water bottoms and other lands adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantor. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall, without additional consideration, execute, acknowledge, and deliver to Grantor, its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records. Grantor hereby conveys to Grantee all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above correctly described.

For the same consideration, Grantors also sell, assign, transfer, and convey to Grantee, its successors and assigns, by this deed (i) the rights of ingress, egress, and possession at all times to mine, drill, and explore the Lands for oil, gas, and other minerals, and to produce, store, dehydrate, compress, treat, process, transport, market, and remove them from the Lands, and to exercise all other rights lawfully belonging to the oil, gas, and mineral estate; (ii) each valid and subsisting oil, gas, and/or other mineral lease (the "Lease", whether one or more) evidenced in the public records of the above-named county, insofar as it covers the Lands (and this conveyance is made subject to each such Lease, insofar as it covers the Lands), together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on the Lands, and other rights and interests under each such Lease, insofar as it covers the Lands; (iii) all royalties, revenues, payments, accounts, suspended funds, refunds, interest on overdue payments, and other things of value payable by any lessee, operator, purchaser of production, seller of production, or other person, with respect to any oil, gas and/or other minerals produced from, or attributable to, the Lands before the date of this Real Property Conveyance (including all such production in any tank, truck, rail car, or pipeline); (iv) all liens and security interests securing the payment of such sums; and (v) all rights, claims, and causes of action of Grantors with respect to such sums, including claims for the underpayment of past royalties.

Grantee may, at its option and in addition to any other rights or remedies available to Grantee, pay all or part of any tax, costs, or other obligation secured by a lien on the lands, or any part of them or interest in them. Grantee shall be subrogated to, and may succeed to, and may enforce all of the rights of the affected lienholder to secure the recovery of the amounts paid, together with interest and attorneys' fees.

Without impairment of grantee's rights under the warranty in event of failure of this, it is agreed that if the conveyance covers less interest in the oil, gas, sulphur, or other minerals in all or any part of said land than the entire and undivided fee simple estate (whether Grantor's interest is herein specified or not), or no interest therein, then the consideration shall be paid only in the proportion which the interest therein if any, covered by this conveyance, bears to the whole and undivided fee simple estate therein.

In this instrument, "including" means "including, but not limited to"; "other minerals" includes coal, lignite, uranium, sulphur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas; the plural includes the singular, and vice versa; each gender includes the others; and references to "Grantors" includes "Grantors, or any of them."

By execution of this instrument, Grantor also authorizes and directs all persons responsible for paying and/or delivering the royalties subject to this instrument (the "subject royalties") to commence paying and/or delivering the subject royalties to Grantee in accordance with this instrument. Grantor warrants and represents to each such person and to that person's heirs, successors, assigns, and legal representatives that, prior to making this conveyance, Grantor was the lawful owner of the subject royalties and that Grantor has not heretofore conveyed the subject royalties to any other person. Grantor shall indemnify and hold each person responsible for paying and/or delivering the subject royalties, and that person's heirs, successors, assigns, and legal representatives harmless from and against any lawful claims to the subject royalties by, through, or under Grantor.

Grantor does hereby irrevocably appoint and constitute Grantee as Grantor's Agent and Attorney-in-Fact for the limited purpose only of executing division orders, transfer orders, and all other instruments as may be necessary for this conveyance of interest, so that Grantee may act in Grantor's place instead for this limited purpose only.

TO HAVE AND TO HOLD the above-described property and rights, together with all and singular the rights and appurtenances thereto in any wise belonging, unto said Grantee, and the Grantee's heirs, successors, administrators, executors and assigns forever, and the Grantor does hereby bind himself and his, herself and her, itself and its, and/or themselves and their (as the case may be) heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors, administrators, executors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS the following signatures, this the *1st* day of *October*, 19 *91*.

*James Hammond Mills*
JAMES HAMMOND MILLS S.S.#

*26484 8969*
S.S.#

FILED FOR RECORD
91 OCT -7 PM 12: 14
GLENN LEER
CO CLERK, HARRISON CO
BY _____ DEPUTY

**SINGLE ACKNOWLEDGEMENT**

STATE OF _Florida_

COUNTY OF _Seminole_

This instrument was acknowledged before me on _Oct 1_

19_9_ by JAMES HAMMOND MILLS:

NOTARY SIGN HERE: _Ameretta J. Given_

Notary Public, State of _Florida_
Notary's name printed below:
_AMERETTE J GIVEN_

NOTARY PUBLIC, STATE OF FLORIDA.
MY COMMISSION EXPIRES: JUNE 25, 1992.
My commission expires _BONDED THRU NOTARY PUBLIC UNDERWRITERS_


**JOINT ACKNOWLEDGEMENT**

STATE OF _____

COUNTY OF _____

This instrument was acknowledged before me on _____

19____ by _____ and _____
husband and wife.

NOTARY SIGN HERE: _____

Notary Public, State of _____
Notary's name printed below:

_____

My commission expires: _____

WHEN RECORDED RETURN TO:
JD MINERALS
P.O. BOX 1520
PALESTINE, TEXAS 75802-1520.
AREA CODE: var-harr

STATE OF TEXAS                    COUNTY OF HARRISON
I hereby certify that this instrument was filed on the date
and time stamped hereon by me and was duly recorded by
the volume and page of the named records of Harrison County,
Texas as stamped hereon by me.

OCT  8 1991

COUNTY CLERK
ANDERSON COUNTY, TEXAS

**TAB C**

No. 11-0858

| | | |
|---|---|---|
| MARK J. MUELLER,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 71st JUDICIAL DISTRICT |
| JAMES H. DAVIS D/B/A J.D. MINERALS<br>Defendant | §<br>§<br>§ | HARRISON COUNTY, TEXAS . |

## JAMES H. DAVIS D/B/A J.D. MINERALS' AMENDED ANSWERS TO REQUESTS FOR ADMISSIONS

TO: Mark J. Mueller, by and through his attorney of record, Mr. Bob Whitehurst, 4828 S. Broadway Avenue, #363, Tyler, Texas 75703.

COMES NOW, Defendant, James H. Davis d/b/a J.D. Minerals, and pursuant to the Texas Rules of Civil Procedure, serves these Amended Answers to Plaintiff's Requests for Admissions.

Respectfully Submitted,

**ROBERT ANDERSON**
State Bar No. 01220800
**DOUGLAS D. McLALLEN**
Texas Bar No. 00788025
**ANDERSON LEHRMAN BARRE & MARAIST, LLP**
Gaslight Square
1001 Third Street, Ste. 1
Corpus Christi, Texas 78404
(361) 884-4981
FAX: (361) 884-1286    .
*Attorneys for Defendant,*
*James H. Davis d/b/a JD Minerals*



Defendant, James H. Davis d/b/a J.D. Minerals' Amended Answers to Requests for Admissions            1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel as per the Texas Rules of Civil Procedure on this ___ day of July, 2012, as follows:

Mr. Bob Whitehurst
Attorney at Law
4828 S. Broadway Ave., #363
Tyler, Texas 75703

**VIA C/M RRR #7011 3500 0001 2006 5041**

_____
Douglas D. McLallen

## REQUEST FOR ADMISSIONS

1. On or about September 25, 1991, Virginia Rose Mitchell executed that certain Mineral and Royalty Conveyance, as grantor, to J.D. Minerals as grantee, a copy of which is attached hereto as Exhibit "1" and hereby made a part of this document. Said document is recorded in Volume 1287, Page 331 of the Deed Records of the County Clerk's Office in Harrison County, Texas.

**Response:** **Admit.**

2. On or about October 6, 1991, James Hammond Mills executed that certain Mineral and Royalty Conveyance, as grantor, to J.D. Minerals as grantee, a copy of which is attached hereto as Exhibit "2" and hereby made a part of this document. Said document is recorded in Volume 187, Page 530 of the Deed Records of the County Clerk's Office in Harrison County, Texas.

**Response:** **Admit.**

3. On or about October 1, 1994, Virginia Rose Mills Cope executed that certain Mineral Deed, as grantor, to Charles B. Horne as grantee, a copy of which is attached hereto as Exhibit "3" and hereby made a part of this document. Said document is recorded in Volume 1373, Page 285 of the Deed Records of the County Clerk's Office in Harrison County, Texas.

**Response:** **Defendant is currently without sufficient information, knowledge or belief to admit or deny this request.**

4. On or about December 2, 1996, Charles B. Horne executed that certain Mineral Deed, as grantor to Mark J. Mueller as grantee, a copy of which is attached hereto as Exhibit "4" and hereby made a part of this document. Said document is recorded in Volume 1586, Page 339 of the Deed Records of the County Clerk's Office in Harrison County, Texas.

**Response:** **Defendant is currently without sufficient information, knowledge or belief to admit or deny this request.**

5. On or about May 26, 2011, James Hammond Mills executed that certain Mineral Deed, as grantor, to Mark J. Mueller as grantee, a copy of which is attached hereto as Exhibit "5" and hereby made a part of this document. Said document is recorded in 2011-000006112 of the Deed Records of the County Clerk's Office in Harrison County, Texas.

**Response:** **Defendant is currently without sufficient information, knowledge or belief to admit or deny this request.**

6. On or about June 29, 2011, Charles B. Horne executed that certain Mineral Deed, as grantor, to Mark J. Mueller as grantee, a copy of which is attached hereto as Exhibit "6" and hereby made a part of this document. Said purpose being to clarify any illegible print in the document recorded in Volume 1586, Page 339. Said document is recorded in 2011-000007507 of the Deed of Records

Defendant. James H. Davis d/b/a J.D. Minerals' Amended Answers to Requests for Admissions     3

847

of the County Clerk's Office in Harrison County, Texas.

**Response: Defendant is currently without sufficient information, knowledge or belief to admit or deny this request.**

7. On or about July 1, 2011, Virginia Rose Mills Cope, aka Virginia Rose Mitchell aka Virginia Rose Purvis Cope, executed that certain Mineral and Royalty Deed, as grantor, to Mark J. Mueller as grantee, a copy of which is attached hereto as Exhibit "7" and hereby made a part of this document. Said document is recorded in 2011-000007941 of the Deed Records of the County Clerk's Office in Harrison County, Texas.

**Response: Defendant is currently without sufficient information, knowledge or belief to admit or deny this request.**

8. Prior to the conveyances set out in Exhibit 1-2 above in Request for Admission 1-2, Defendants nor anyone associated with Defendants checked the deed records of the County Clerk of Harrison County, Texas to determine the ownership of Virginia Rose Mitchell or James Hammond Mills.

**Response: Defendant is currently without sufficient information, knowledge or belief to admit or deny this request.**

9. On June 16, 2005, JDMI, L.L.C. withdrew its offer to purchase minerals from Virginia Rose Mills Cope as set out in Exhibit "8" attached hereto.

**Response: Admit.**

10. On November 21, 2005, JDMI, L.L.C. by James H. Davis, sent an offer to Virginia Rose Cope as set out in Exhibit "9" attached hereto.

**Response: Admit.**

11. Attached as Exhibit "10" is the Universal, County-Wide, Sale, Conveyance and Assignment of Mineral and Royalty Interests sent to Virginia Rose Cope by JDMI, L.L.C.

**Response: Defendant admits that Exhibit "10" appears to be a conveyance sent to Ms. Cope by JDMI, LLC, otherwise, denied.**

12. Attached as Exhibit "11" is the letter dated November 30, 2005 to Virginia Rose Cope from JDMI, L.L.C.

**Response: Admit**

---

13.    Attached as Exhibit "12" is a copy of the oil and gas lease from Virginia Rose Mills Cope to Wagner & Brown, Ltd.

**Response:    Admit.**

14.    Attached as Exhibit "13" is a document signed by Virginia Rose Mills Cope granting JDMI, L.L.C. permission to obtain information about all the mineral and royalties she owns in Harrison County, Texas.

**Response:    Admit.**

15.    Attached as Exhibit "14" is a document stating in part that Virginia Rose Mills Cope had sold all of her interest to another company.                                            .

**Response:    Admit.**

16.    Attached as Exhibit "15" is a document dated October 31, 2008 from JDMI, L.L.C. to Virginia Rose Mills Cope stating in part that "JDMI, L.L.C. found you to have sold your mineral and royalty interest prior to date."

**Response:    Admit.**

17.    JD Minerals sent James Hammond Mills an offer to purchase interest for $55.00, set out in Exhibit "16" attached hereto.

**Response:    Admit**

18.    JD Minerals prepared a 45 day draft to James Hammond Mills in the amount of $55.00, signed by James H. Davis, as set out in Exhibit "17" attached hereto.

**Response:    Admit**

19.    JD Minerals sent a document to James Hammond Mills dated December 10, 1991, for a one year primary term Royalty Conveyance, as set out in Exhibit "18" attached hereto.   .

**Response:    Admit**

20.    JD Minerals sent a draft to James Hammond dated September 20, 1991, in the amount of $55.00, signed by James H. Davis, as set out in Exhibit "19" attached hereto.

**Response:    Admit**

21.    **N/A**

22.    JDMI, LLC., sent a document to James Hammond Mills dated November 26, 2007 regarding mineral and royalties in Harrison County, Texas, as set out in Exhibit "20" attached hereto.

Response:    Admit

23.    JDMI, L.L.C., sent a document to James Hammond Mills dated December 21, 2007, regarding a check in the amount of $4,817.43, as set out in Exhibit "21" attached hereto.

Response:    Admit

24.    Attached hereto as Exhibit "22" is a copy of the check in the amount of $4,817.43 paid to James Hammond Mills.

Responses:    Admit

25.    JDMI, L.L.C. by James H. Davis forwarded James Hammond Mills a document dated December 28, 2007 regarding in part a check in the amount of $507.07, as set out in Exhibit "23" attached hereto.

Response:    Admit

26.    Attached hereto as Exhibit "24" is a copy of the check in the amount of $507.07 paid to James Hammond Mills.

Response:    Admit

27.    Attached as Exhibit "1" and "2" are the Mineral and Royalty Conveyances that were prepared by JD Minerals.

Response:    **Object to the extent that "prepared" is vague. Otherwise, admit that J.D. Minerals or its attorneys or representatives drafted some of the terms which make up the instrument.**

28.    These document, Exhibit "1" and "2", were not copied from the Texas Real Estate Manual.

Response:    **Defendant is currently without sufficient information, knowledge or belief to admit or deny this request. Defendant may supplement his response at a later date.**

29.    These documents, Exhibit "1" and "2", were not prepared by a lawyer.

Response:    **Defendant is currently without sufficient information, knowledge or belief to admit or deny this request. Defendant may supplement his response at a later date.**

30. These documents, Exhibit "1" and "2", contains print that is different size font.

**Response: Admit**

31. Defendant intended for certain language in the documents, Exhibit "1" and "2", to be of a smaller font.

**Response: Defendant cannot admit or deny because it is not clear what "certain language" refers to. Otherwise, Deny.**

32. Defendant intended for the language, "Grantor hereby conveys to Grantee all of the mineral, royalty, and overriding royalty interest in Harrison County, whether or not same is herein above accurately or correctly described," to be of a smaller font in the documents, Exhibit "1" and "2".

**Response: Deny.**

33. Exhibit "1" and "2" were the type of documents that Defendant prepared in the normal course of business.

**Response: Admit.**

34. Exhibit "1" and "2" attached hereto, do not contain a metes and bounds description.

**Response: Admit**

35. Exhibit "1" and "2" attached hereto, do not contain a Volume and Page reference to a prior document that was filed in the County Clerk's office of Harrison County, Texas.

**Response: Admit.**

36. The language in the document after State of Texas, to-wit: 1) and 2) does not contain a reference where the property can be found in Harrison County, Texas.

**Response: Deny.**

37. James H. Davis has a great deal of knowledge and training regarding the purchase of minerals and royalties in the State of Texas.

**Response: Defendant cannot admit or deny because "great deal of knowledge and training" is vauge.**

38. Exhibits "1" and "2" are identical in format to other deeds prepared by Defendant in Harrison County from the years 1991 to 1999, as to the clause referred to in admission No. 32 above.

---

Defendant, James H. Davis d/b/a J.D. Minerals' Amended Answers to Requests for Admissions    7

Response:    Defendant is currently without sufficient information, knowledge or belief to admit or deny this request. Defendant may supplement his response at a later date.

39.    Attached hereto as Exhibit "25" is a copy of the Agreed Final Judgment that Defendant entered into with the State of Texas.

Response:    Admit.

40.    Defendant signed the Agreed Final Judgment in Exhibit "25".

Response:    Admit.

41.    Defendant agreed that the entry of the judgment was in the pubic interest in Exhibit "25".

Response:    Admit

42.    Virginia Rose Mitchell and James Hammond Mills were treated the same as other prospective sellers of mineral and royalty that Defendant contacted.

Response:    Defendant cannot admit or deny because the term "treated" is vague.

43.    Defendants were in the business of buying and selling minerals and royalty when the deeds were recorded from Virginia Rose Mitchell and James Hammond Mills as reflected in Exhibits "1" and "2".

Response:    Admit

44.    Defendant did not pay adequate consideration for the interest of Virginia Rose Mitchell and James Hammond Mills in Harrison County, Texas.

Response:    Deny

45.    Attached as Exhibit "26" is Plaintiff's Original Petition in Cause No. 00-030-B, Seeliger v. JD Minerals.

Response:    Defendant admits that Exhibit 26 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.

46.    Part of the allegations reflected in Exhibit 26 is fraud.

Response:    Admit that such a claim or allegation was made.

47. The lawsuit reflected in Exhibit 26 was settled by Defendant.

Response: Admit that the lawsuit was settled by both parties.

48. Attached as Exhibit 27 is Plaintiff's Original Petition in Cause NO. 10,702, Ratcliff v. JD Minerals.

Responses: Defendant admits that Exhibit 27 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.

49. Part of the allegations reflected in Exhibit 27 is fraud.

Response: Admit that such a claim or allegation was made.

50. The lawsuit reflected in Exhibit 27 was settled by Defendant.

Response: Admit that the lawsuit was settled by both parties.

51. Attached as Exhibit 28 is Plaintiff's First Amended Original Petition in Cause No. 99V-114, Gaydell Felcman v. James H. Davis d/b/a JD Minerals et al.

Response: Defendant admits that Exhibit 28 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.

52. Part of the allegations reflected in Exhibit 28 is misrepresentation and fraud.

Response: Admit that such claims or allegations were made.

53. The lawsuit reflected in Exhibit 28 was settled by Defendant.

Response: Admit that the lawsuit was settled by both parties.

54. Attached as Exhibit 29 is Plaintiff's Original Petition in Cause NO. 25,314A, Hansche v. James Davis d/b/a JD Minerals.

Response: Defendant admits that Exhibit 29 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.

55. Part of the allegations reflected in Exhibit 29 is fraudulent representations.

**Response:** **Admit that such a claim or allegation was made.**

56. The lawsuit reflected in Exhibit 29 was settled by Defendant.

**Response:** **Admit that the lawsuit was settled by both parties.**

57. Attached as Exhibit 30 is Plaintiff's Original Petition in Cause No. 1999-1063-B, Shelton v. James Davis d/b/a JD Minerals.

**Response:** **Defendant admits that Exhibit 30 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.**

58. Part of the allegations reflected in Exhibit 30 is bad faith.

**Response:** **Admit that such a claim or allegation was made.**

59. The lawsuit reflected in Exhibit 30 was settled by Defendant.

**Response:** **Admit that the lawsuit was settled by both parties.**

60. Attached as Exhibit 31 is Plaintiff's Original Petition in Cause No. 28,459, Anna Jones v. James Davis d/b/a JD Minerals.

**Response:** **Defendant admits that Exhibit 31 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.**

61. Part of the allegations reflected in Exhibit 31 is fraudulent intent.

**Response:** **Admit that such a claim or allegation was made.**

62. The lawsuit reflected in Exhibit 31 was settled by Defendant.

**Response:** **Admit that the lawsuit was settled by both parties.**

63. Attached as Exhibit 32 is Plaintiff's Original Petition in Cause No. 26,678, Howard v. James Davis d/b/a JD Minerals.

**Response:** **Defendant admits that Exhibit 32 appears to be a petition from said**

lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.

64. Part of the allegations reflected in Exhibit 32 is mistake on the part of Plaintiff.

**Response:** Admit that such a claim or allegation was made.

65. The lawsuit reflected in Exhibit 32 was settled by Defendant.

**Response:** Admit that the lawsuit was settled by both parties.

66. Attached as Exhibit 33 is Plaintiff's Original Petition in Cause No. C17,019-2000, Burns v. James Davis d/b/a JD Minerals.

**Response:** Defendant admits that Exhibit 33 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.

67. Part of the allegations reflected in Exhibit 33 is fraud.

**Response:** Admit that such a claim or allegation was made.

68. The lawsuit reflected in Exhibit 33 was settled by Defendant.

**Response:** Admit that the lawsuit was settled by both parties.

69. Attached as Exhibit 34 is Plaintiff's Original Petition in Cause NO. 25, 783-B, Bates v. James Davis d/b/a JD Minerals.

**Response:** Defendant admits that Exhibit 34 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.

70. Part of the allegations reflected in Exhibit 34 is fraud.

**Response:** Admit that such a claim or allegation was made.

71. The lawsuit reflected in Exhibit 34 was settled by Defendant.

**Response:** Admit that the lawsuit was settled by both parties.

---

72.    Attached as Exhibit 35 is Plaintiff's Original Petition in Cause No. C17,019-2000, Knight et al v. James Davis d/b/a JD Minerals.

**Response:    Defendant admits that Exhibit 35 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.**

73.    Part of the allegations reflected in Exhibit 35 is fraud.

**Response:    Admit that such a claim or allegation was made.**

74.    The lawsuit reflected in Exhibit 35 was settled by Defendant.

**Response:    Admit that the lawsuit was settled by both parties.**

75.    Attached as Exhibit 36 is Plaintiff's Original Petition in Cause No. 2001-515,078, Wiley v. James Davis d/b/a JD Minerals.

**Response:    Defendant admits that Exhibit 36 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.**

76.    Part of the allegations reflected in Exhibit 36 is fraud.

**Response:    Admit that such a claim or allegation was made.**

77.    The lawsuit reflected in Exhibit 36 was settled by Defendant.

**Response:    Admit that the lawsuit was settled by both parties.**

78.    Attached as Exhibit 37 is Plaintiff's Original Petition in Cause No. 164814, Fitzhugh v. James Davis d/b/a JD Minerals.

**Response:    Defendant admits that Exhibit 37 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.**

79.    Part of the allegations reflected in Exhibit 37 was that Plaintiff was not competent and inadequate consideration.

**Response:    Admit that such a claims or allegations were made.**

80. The lawsuit reflected in Exhibit 37 was settled by Defendant.

**Response:** **Admit that the lawsuit was settled by both parties.**

81. Attached as Exhibit 38 is Plaintiff's Original Complaint in Cause No. W00CA009, McLean v. James Davis d/b/a JD Minerals.

**Response:** **Defendant admits that Exhibit 38 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.**

82. Part of the allegations reflected in Exhibit 38 was inadequate consideration.

**Response:** **Admit that such a claim or allegation was made.**

83. The lawsuit reflected in Exhibit 38 was settled by Defendant.

**Response:** **Admit that the lawsuit was settled by both parties.**

84. Attached as Exhibit 39 is Plaintiff's Original Petition in Cause No. 00-01622, Pearson v. JD Minerals et al.

**Response:** **Defendant admits that Exhibit 39 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.**

85. Part of the allegations reflected in Exhibit 39 is fraud.

**Response:** **Admit that such a claim or allegation was made.**

86. The lawsuit reflected in Exhibit 39 was settled by Defendant.

**Response:** **Admit that the lawsuit was settled by both parties.**

87. Attached as Exhibit 40 is Plaintiff's Amended Original Petition in Cause No. GV003469, State of Texas v. JD Minerals et al.

**Response:** **Defendant admits that Exhibit 40 appears to be a petition from said lawsuit. Defendant otherwise denies that claims or allegations from past lawsuits with different factual and legal allegations are reasonably calculated to lead to admissible evidence or constitute admissible evidence in this case.**

88. Part of the allegations reflected in Exhibit 40 are fraud and violations of the Deceptive Trade Practices Act.

**Response:** **Admit that such a claims or allegations were made.**

89. The lawsuit reflected in Exhibit 40 was settled by Defendant.

**Response:** **Admit that the lawsuit was settled by both parties.**

# TAB D

# JD MINERALS
**P.O. Box 1520**
**Palestine, Texas 75802-1520**

Office (903)-723-2922
Fax (903)-723-2443
Mobile (903)-530-1633

CERTIFIED MAIL
P 675 652 453

December 10, 1991

JAMES HAMMOND MILLS
1115 KIPRIL LANE
LONGWOOD FL 32779-5855

RE: VARIOUS ACRES OUT OF THE G. W. PETTY, ET AL, SURVEY, A-582, ET AL, HARRISON COUNTY, TEXAS.

Dear Mr. Mills:

As agreed, enclosed please find a Bank Money Order in the amount of $55.00 as consideration for a one-year primary term Royalty Conveyance covering interest in the above referenced land.

Should you have any questions concerning this matter please do not hesitate to call.

Sincerely,
JD MINERALS, by

James H. Davis
JHD/rgm

$enclosure

DAVIS ......... 133.

**TAB E**

# THE STATE OF TEXAS, } KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF

THAT......    Virginia Rose Mills Cope

........................................................................hereinafter called Grantor

of......Tarrant............County, Texas, for and in consideration of the sum of......Ten......

......Dollars and other valuable consideration --- Dollars ($ 10.00 &OV) cash in hand paid by

....................Charles B. Horne, a single man    239 Patton St., Shreveport, La. 71103

hereinafter called Grantee, the receipt of which is hereby acknowledged, have granted, sold, conveyed, assigned and delivered, and by these presents do grant, sell, convey, assign and deliver unto the said Grantee, an undivided......mineral and royalty interest

........................................................Interest in and to all of the oil, gas and other minerals in and under, and that may be produced from the following described land situated in......Harrison

County, Texas, to-wit:

> The Mineral and Royalty Interest in the George Johnson Sy. A-359;
> the Sara Shoto and M.S. Ussery Surveys, the G. W. Munden 776 acre
> Grant, the G. W. Petty Survey A-582, the J. B. Crain Sy. A-144;
> the J. E. White Survey A-755; the F. Cavillo A-139 Survey; the E.
> A. Merchant survey A-430; the Henry Martin 1260 acre grant; and in
> the lands and premises described in Deed dated September 20, 1940
> between Y. D. Harrison et al to each other recorded in Vol. 242,
> Page 486, Deed Records of Harrison County, Texas and described in
> Vol. 585, Page 125 dated June 3, 1963 between Rose B. Harrison to
> Katherine H. Campbell et al, further reference being made to Vol.
> 269, Page 365; Vol. 857, Page 23; Vol. 907, Page 105; Vol. 907,
> Page 121; Vol. 777, Page 332; Vol. 433, Page 360; Vol. 777, Page
> 298; all references referred to hereinafter are to the Deed
> Records of Harrison County, Texas. It being the intention of
> Grantor to sell the interest as described and mentioned above all
> located in Harrison County, Texas whether described correctly or
> incorrectly. Any monies, if any held in suspense or escrow since
> first day of production become the property of Charles B. Horne.
> And any interest that is after acquired title becomes the property
> of Charles B. Horne.

Together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas and other minerals, and removing the same therefrom.

Said land being now under an oil and gas lease executed in favor of......any oil or gas ......company......, it is understood and agreed that this sale is made subject to the terms of said lease and/or any other valid lease covering same, but covers and includes ......all (100%)......of all of the oil royalty and gas rental or royalty due and to be paid under terms of said lease, in so far as it covers the above described land.

It is understood and agreed that......any and all......of the money rentals, which may be paid, on the above described land, to extend the term within which a well may be begun under the terms of said lease, is to be paid to the said Grantee; and, in event that the above described lease for any reason becomes cancelled or forfeited, then and in that event, Grantee shall own.....all (100%) of all oil, gas and other minerals in and under said lands, together with a like ...any and all...(100%) interest in all bonuses paid, and all royalties and rentals provided for in future oil, gas and mineral leases covering the above described lands.

TO HAVE AND TO HOLD the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee herein, and Grantee's successors, heirs and assigns forever; and Grantor does hereby bind......herself......successors, heirs, executors and administrators, to warrant and forever defend all and singular the said property unto the said Grantee herein, and Grantee's successors, heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof......

WITNESS......her......hands this the 21st......day of......October......, 19 94

_Virginia Rose Mills Cope_
Virginia Rose Mills Cope

## ACKNOWLEDGMENT

**THE STATE OF TEXAS,**　}

COUNTY OF...... Tarrant ............　BEFORE ME, the undersigned authority,

on this day personally appeared...... .......Virginia Rose Mills Cope ..................

................................................................................................................

known to me to be the person ......whose name ..... is .... subscribed to the foregoing instrument, and acknowledged to me that

..s ha...... executed the same for the purposes and consideration therein expressed.

　　GIVEN UNDER MY HAND AND SEAL OF OFFICE, This ..1st.. day of ..Oct..... A.D. 19 94

　　(L.S.)　　　　　　　　　　　　*Margaret Bentley*

　　　　　　　　　　　　　Notary Public, in and for the State of Texas.

　　　　　　　　　　　　My Commission Expires ..........

## ACKNOWLEDGMENT

**THE STATE OF TEXAS,**　}

COUNTY OF.　BEFORE ME, the undersigned authority,

on this day personally appeared ................................................................

................................................................................................................

known to me to be the person....., whose name............., subscribed to the foregoing instrument, and acknowledged to me that

.....he...... executed the same for the purposes and consideration therein expressed.

　　GIVEN UNDER MY HAND AND SEAL OF OFFICE, This................ ...day of........................, A.D. 19..........

　　(L.S.)

　　　　　　　　　　　　　Notary Public, in and for the State of Texas.

　　　　　　　　　　　　My Commission Expires ..........

## CORPORATION ACKNOWLEDGMENT

**THE STATE OF TEXAS,**　}

COUNTY OF.....　BEFORE ME, the undersigned authority,

on this day personally appeared..........................................................................

...............................................................................known to me to be the person and officer

whose name is subscribed to the foregoing instrument and acknowledged to me that the same was the act of the said

............................................................................................................................

a corporation, and that he executed the same as the act of such corporation for the purposes and consideration therein

expressed, and in the capacity therein stated.

　　GIVEN UNDER MY HAND AND SEAL OF OFFICE, This................day of....................., A.D. 19......

　　(L.S.)

　　　　　　　　　　　　　Notary Public, in and for the State of Texas.

　　　　　　　　　　　　My Commission Expires ..........

## CLERK'S CERTIFICATE

**THE STATE OF TEXAS,**　}

COUNTY OF ..........　I,................................................., County

Clerk of the County Court of said County, do hereby certify that the foregoing instrument of writing dated on the

.......... day of ........................, A. D. 19 ....., with its Certificate of Authentication, was filed for

record in my office on the..........day of........................, A. D. 19......, at..........o'clock..........M., and duly

recorded this..........day of........................, A. D. 19......, at..........o'clock..........M., in the

........................................Records of said County, in Volume.............., on pages..............

　　WITNESS MY HAND AND SEAL OF THE COUNTY COURT of said County, at office in..........

........................................, the day and year last above written.

　　　　　　　　　　　County Clerk........................................County, Texas.

　　(L. S.)　　　　　　　By........................................, Deputy.

STATE OF TEXAS　　　COUNTY OF HARRISON

I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the named records of Harrison County, Texas as stamped hereon by me.

OCT 28 1994

GLENN LINK
COUNTY CLERK
HARRISON COUNTY, TEXAS

C.C.C. 10213

**MINERAL DEED**

FROM

TO

Dated

No. Acres

Term

..........County, Texas.

This instrument was filed for record on the..........day of..........19......, at..........o'clock..........M., and recorded..........Page..........Volume..........of the records of this..........

When recorded return to

Charles B. Horne
(Agent)

MARTIN Stationery Co., Dallas

**TAB F**

MINERAL DEED

FILED FOR RECORD

96 DEC -4  PM 2: 19

THE STATE OF TEXAS

COUNTY OF HARRISON

KNOW ALL MEN BY THESE PRESENTS:

CO CLERK. HARRISON CO

BY _____ DEPUTY

That CHARLES B. HORNE, a single man who resides in Caddo Parish, Louisiana herein after call Grantor, for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration in hand paid by MARK J. MUELLER, P.O. Box 130354, Tyler, Texas 15713, herein after call Grantee, the receipt and sufficiency of which is full and adequate consideration for every interest, right and privilege granted herein is hereby acknowledged, have granted, bargained, sold, conveyed, assigned, and delivered and by these presents do hereby grant, bargain, sell, convey, assign, and deliver to Mark J. Mueller all my interest in the following described land situated in Harrison County, Texas, including any other and all other interest I my own in Harrison County, Texas. to wit:

Being all that interest described in that certain Mineral Deed from Virginia Sue Mills Cope to Charles B. Horne recorded in Volume 1123 page 135, dated October 21, 1996 Deed Records of Harrison County, Texas. Being all Mineral and Royalty interest in the George Johnson Survey A-169; the Sara Shato and R. S. Emory Surveys, the G. W. Braden 176 acre Grant, the G. W. Petty Survey A-831, the J. S. Crain Survey A-164; the J. X. Mills Survey A-156; the F. Carillo A-129; the E. A. Marshall Survey A-429; the Henry Martin 1260 acre grant; and in the lands and premises described in deed dated September 10, 1940 between I. B. Harrison et al to each other recorded in Volume 103, Page 435, Deed Records of Harrison County, Texas and described in Volume 105, page 135 dated June 3, 1941 between Sese B. Harrison to Katharine E. Campbell et al, further reference being made in Volume 660, Page 369; Volume 667, Page 13; Volume 664, Page 185, Vol. 167, Page 131, Vol. 777, Page 332, Vol. 638, Page 900, Vol. 777, Page 234; Volume 667 Page 233; all references referred to hereinafter are to the Deed Records of Harrison County, Texas.

Also being six tracts described in that certain Mineral Deed from Mamie Marie Ratcliff Spear to Charles B. Horne dated December 8, 1984 and recorded in Volume 1376 Page 260 Deed Records of Harrison County, Texas and described as follows:

Tract 1:  Being 20 acres, more or less, being a part of the Joel B. Crain Survey, A-140 situated in Harrison County, Texas and being that same tract of land described in that certain Corrected Mineral Deed from Pennie Haggerty etal to R. M. Spear dated January 27, 1954 and recorded in Volume 423 Page 574 Deed Records of Harrison County, Texas.

Tract 2:  Being 16.1 acres, more or less, a part of the John Fridge Survey, A-253, Harrison County, Texas, being the same land describe in that certain Deed dated July 27, 1950 from Odis Haney to R. M. Spear recorded in Volume 391 page 543 of the Deed Records of Harrison County, Texas.

Tract 3:  Being 3 acres, more or less, being a part of the Bethany Rogers Survey A-20 and being described in two tracts as follows:
First Tract:   2 acres, more or less, and being the same land describe in Deed dated September 9, 1945 from J. L. Ratcliff and wife Elsie Bell Ratcliff to J. L. Ratcliff, Jr., recorded in Volume 260, Page 594, Deed Records of Harrison County, Texas.
Second Tract;  1 acre, more or less, and being the same land described in deed dated November 1933 from The First National Bank of Marshall, Texas to Mamie Ratcliff Spear, recorded in Volume 1021, page 355, Deed Records of Harrison County, Texas.

Tract 4:  6.1 acres, more or less, located in the F. Mes Survey, A-354, Harrison County, Texas and being described as two tracts as follows: Tract No. 1: 2.7 acres of land, more or less, being described as 4.5 acres of land, more or less, in Deed dated December 16, 1932 from B. F. Hill to Homer Spear etux of record in Volume 126, page 567 of the Deed Records of Harrison County, Texas, Save, Less & Except 1.8 acres of land, more or less, being the same land described in deed dated January 19, 1929 from R. M. Spear etux to J. G. Holsenbeck of record in Volume 118 Page 77 of the Deed Records of Harrison County, Texas. Tract No. 2: 1.8 acres of land, more or less, being the same land described in Deed dated October 29, 1928 from B. F. Hill etux to J.. R. Watson etux of record in Volume 157, Page 102 of the Deed Records of Harrison County, Texas.

Tract 5:  10.3 acres, more or less, located in the Mary Harper Survey, Harrison County, Texas and being described in that certain Mineral Deed from Charlie McClothin to Mrs. Homer M. Spear dated October 16, 1716 of record in Volume 217, Page 509 of the Deed Records of Harrison County, Texas.

Tract 6:  20.5 acres, more or less, located in the John Chism Survey and being Block No. 7 of the Partition of the Harvey Johnson 207 acres of land and described in that certain Mineral Deed from B. F. Watson to Homer M. Spear dated June 11, 1947 and recorded in Volume 512 Page 509 Harrison County, Texas.

It being the intention and desire of the grantor to include herein, and this grant does so include, all of the lands owned by grantor in the above named survey, or surveys, whether actually or properly described herein or not, and also all lands owned by grantor that are adjacent or contiguous to the above described lands, in whatever survey, or surveys, such adjacent or contiguous lands are located, including but not limited to all other land I may own or interest in Harrison County, Texas whether actually or properly described herein or not, and all of said lands are covered and included herein as fully, in all respects, as if the same had been actually and properly described herein.

Grantor also grants, sells, conveys, assigns and transfers to Grantee, his heirs and assigns, all of Grantor's interest in any unpaid sums attributable to the above property including but not limited to suspended runs, receivership proceeds, accrued royalties, unpaid damage claims, and/or other payments due for periods prior to the date of this conveyance, and any production of oil, gas, or other minerals from the lands covered hereby prior to the date hereof, together with any such

production in storage, tanks, and pipelines, and any and all sums of money, suspended rents, or accruals of any type or character, due or owing to the Grantor by reason of any such prior production.

Grantor does hereby expressly authorize and direct the purchaser of the oil and/or gas from the lands, or interests herein conveyed to pay the Grantee, his heirs or assigns, all the proceeds that may accrue from the interest herein conveyed without further authorization from the Grantor and without the Grantee executing a transfer order or other similar instrument before payments are made to Grantee.

Grantor agrees and covenants to execute such further assurances as may be necessary or requisite for the full and complete enjoyment of all the rights herein granted, and also agrees that Grantee shall have and is hereby granted and given, the right at any time to redeem for Grantor, by payment, any mortgages, taxes, or other liens on the above described lands, upon default in the payment thereof by Grantor, and that Grantee shall be subrogated to the rights of the holders thereof, but Grantee shall not be under any obligation to make such payment.

To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said Grantee, or heirs, successors and assigns of Grantee, forever and we do hereby bind ourselves and our heirs, executors and administrators to warrant and forever defend all and singular the said property unto the said Grantee herein, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Witness my hand at Shreveport, Louisiana this 4th day of December, 1996.

CHARLES B. HORN

STATE OF LOUISIANA
PARISH OF CADDO

The foregoing instrument was acknowledged before me on this 4th day of December 1996 by Charles B. Horn.

NOTARY PUBLIC FOR AND IN THE STATE OF LOUISIANA

Jeanne L. Jarman
Notary Public
Bossier/Caddo Parish
My Commission is for Life

STATE OF TEXAS            COUNTY OF WILLIAM
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the named records of
WILLIAM COUNTY, TEXAS
as stamped hereon by me.
Dec 04, 1996

Betty R. Blair, County Clerk
WILLIAM COUNTY, TEXAS

# TAB G

# JDMI, L.L.C.
## P.O. Box 1520
## Palestine, Texas 75802-1520
Office (903)-723-2922; Fax (903)-723-2443
Email: candacemcfarland@jdmillc.com

June 16, 2005

VIRGINIA ROSE MILLS COPE
5335 WHITE SETTLEMENT ROAD, APT #62
FORT WORTH, TEXAS 76114

RE: 8368-PEOPLES ENERGY PROD-MIKE-HARRISON COUNTY, TEXAS.

Dear VIRGINIA ROSE MILLS COPE

JDMI, LLC hereby withdraws its offer to pay you $250.00 per net mineral acre for your mineral and royalty interest in the D. Earle Survey, A-235, located in Harrison County, Texas due to the following reasons.

Upon further review of title, we have found that you have previously sold this interest to another party. Therefore at this time we are retracting our offer and will not be resubmitting another offer to you.

Should you have any questions concerning this matter, please do not hesitate to contact our office at the above number.

Sincerely,
JDMI, LLC, by

*Candace McFarland*

Candace McFarland
CEM/ms

encl.


EXHIBIT

DAVIS . . . . . . . . . . 35.

358

**TAB H**



royalty management

P. O. Box 1520   Palestine, TX 75802   903-723-2822

Fax 903-723-2443   E-mail: info@jdmllc.com

November 21, 2005

VIRGINIA ROSE COPE
5336 WHITESETTLEMENT
ROAD
FORT WORTH TX 761143647

## NOW EVEN MORE MONEY OFFERED FOR
## MINERAL AND ROYALTY INTERESTS

JDMI, one of Texas' largest oil and gas royalty purchasing companies, announces its new royalty valuation program designed to offer you even more money for your mineral or royalty interest. Please review the enclosed letter to see the terms and conditions of our offer to you.

If our offer is not the best offer that you have received for your mineral or royalty interest described in our enclosed letter, send us a copy of any legitimate written offer that you have received for your interest in the last two (2) months to give us the opportunity to beat that offer by up to an additional $500. depending on the extent of your interest.

We make selling your mineral or royalty interest easy and convenient by identifying your interest, preparing the paperwork and paying you up front (subject to title verification and approval).

Please read the following documents for details regarding this offer.

Sincerely,
JDMI, L.L.C.

James H. Davis
JHD

(TEAR HERE)

**CONDITIONAL DRAFT**          DATE: November 21, 2005

On drawee's approval and acceptance of title to the interest described herein, not later than 30 banking days after arrival of this draft at collecting bank.

PAY TO THE ORDER OF: VIRGINIA ROSE COPE          $45.00

*******$45.00***********DOLLARS

This draft is drawn to pay for that certain Universal, County-Wide Sale, Conveyance and Assignment of Mineral and Royalty Interests, (the "Conveyance"), covering all of Grantor's royalty interests in HARRISON County, Texas.

The drawee, payee(s), and endorser(s) hereof, and the Grantor of the Conveyance described hereon, do hereby appoint the collecting bank escrow agent to hold this draft for the time above specified, subject to acceptance of payment hereof by drawee, within said time, and without any right of the drawee, payee or endorsers hereof, or said Grantor, to recall or demand return of this draft prior to the expiration of the above specified term, and there shall be no liability whatsoever on the collecting bank, for refusal to return the same prior to such expiration. In the event that the draft is not paid within said term, the collecting bank shall return the same to the forwarding bank, and no liability for payment otherwise shall be attached to any of the parties hereto.

TO: JDMI, L.L.C., DRAWEE          NOTIFY: JDMI at (903) 723-2822 when draft arrives
AT: EAST TEXAS NATIONAL BANK
     POST OFFICE DRAWER 770 - PALESTINE, TX 75802-0770

James H. Davis
Drawer

Pay To The Order Of:
VIRGINIA ROSE COPE
5336 WHITESETTLEMENT
ROAD
FORT WORTH TX 761143647

EXHIBIT 21

DAVIS . . . . . . . . . 36.

## UNIVERSAL, COUNTY-WIDE, SALE, CONVEYANCE AND
## ASSIGNMENT OF MINERAL AND ROYALTY INTERESTS

**THE STATE OF TEXAS** §

**COUNTY OF HARRISON** § 
§ KNOW ALL MEN BY THESE PRESENTS

A. THAT the undersigned, VIRGINIA ROSE COPE, hereinafter called "Grantor" (whether one or more), for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, cash in hand paid by JDM1, LLC, whose address is P.O. Box 1520, Palestine, Texas, 75802-1520, and JON S. BROWN, whose address is P. O. Box 246, Palestine, Texas, 75802-246, hereinafter called "Grantee", the receipt and sufficiency of which are hereby acknowledged, has GRANTED, SOLD, CONVEYED, ASSIGNED and DELIVERED, and by these presents does hereby GRANT, SELL, CONVEY, ASSIGN and DELIVER unto Grantee (JDM1, LLC owning 81% and JON S. BROWN owning 19%), and to Grantee's heirs or successors and assigns, forever, subject to the matters stated below, ALL (100%) OF GRANTOR'S RIGHTS, TITLES, CLAIMS AND INTERESTS, OF ANY AND EVERY KIND, NATURE AND/OR CHARACTER, IN AND TO ALL OF THE FOLLOWING:

1. all (100%) of the oil, gas, and other minerals, in, on and under, and that may be produced, saved, sold and/or marketed from ANY AND ALL LANDS LOCATED IN HARRISON, COUNTY, TEXAS, OWNED OR CLAIMED BY, OR STANDING OF RECORD IN THE NAME OF GRANTOR, effective as of the date hereof, which lands are hereinafter referred to collectively as the "Lands", including all mineral interests, royalty interests, overriding royalty interests, working interests, production payment interests, oil, gas and mineral leasehold estate interests, and all of Grantor's rights, titles, claims and interests in and to the following described well(s), land(s) and/or unit(s): The MCELROY-CHATHAM lease or unit.

B. For the same consideration, Grantor also sells, transfers, assigns and conveys to Grantee all of Grantor's rights (i) of ingress, egress and possession at all times to enter, drill and explore the Lands for oil, gas or other minerals, and to produce, save, dehydrate, compress, treat, process, transport, market, and remove all or any of them from the Lands, and to exercise all other rights lawfully belonging or pertaining thereto; (ii) to each valid and subsisting oil, gas, and/or other mineral lease (the "Lease," whether one or more), if any, evidenced in the public records of the above-named county, insofar as each Lease covers any of the Lands (and this instrument is made subject to each such Lease, insofar as it covers any of the Lands), together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on any of the Lands, and other rights and interests under each such Lease, insofar as it covers any of the Lands; (iii) to all royalties, revenues, payments, accounts, proceeds, suspended funds, refunds, interest on overriding payments and other things of value, if any, payable by any lessee, operator, purchaser of production, seller of production, governmental agency and/or tribunal or other parties, entity, tribunal or party with respect to any oil, gas and/or other minerals produced from, or attributable to, any of the Lands before, on or after the date of this instrument (including all such production currently in any tank, truck, rail car or pipeline, if any, and all liens and security interests securing the payment of such sums, if any, and all rights, claims, and causes of action of Grantor with respect to such sums, including claims for the underpayment of past royalties, if any); (iv) to all claims, demands, suits, causes of action, obligations and damages, of whatsoever kind or character, known or unknown, that are owned or claimed by Grantor or to which Grantor is otherwise entitled, and any proceeds, settlements and distributions relating thereto, which are attributable or relate to: (a) the interests in the Lands conveyed hereby; (b) Grantor's prior ownership of Grantor's interests in the Lands conveyed hereby; (c) the oil, gas or other minerals produced from the interests in the Lands conveyed hereby; or (d) the oil, gas or other minerals which could have been produced from the interests in the Lands conveyed hereby, whether arising or accruing before, on or after the date of this conveyance. All of the foregoing matters described in items i thru iv, inclusive, above, being hereinafter referred to collectively as "the Interests." Grantor authorizes third parties to release information concerning the Interests to Grantee prior to recording this instrument.

C. Grantor acknowledges that because this is a countywide conveyance, this instrument may cover significant property interests that may not be particularly described above. Grantor, therefore, agrees to execute such other and further written instruments deemed by Grantee, or Grantee's heirs or successors and assigns, as being necessary, advisable or appropriate to carry out the purposes of this instrument, including, without limitation, those instruments necessary to vest title to the Interests in Grantee.

D. At its option, Grantee may pay all or part of any tax, note or other obligation secured by a lien on the Interests, or any part thereof, if any. Grantee shall be subrogated to, shall succeed to and may enforce all of the rights of the affected lien holder to secure the recovery of the amounts paid, together with interest and attorneys' fees. Grantor shall indemnify and hold each person and/or party responsible for paying and/or delivering proceeds from the sales of production of oil, gas and/or other minerals attributable to the Interests, and that person's or party's heirs, successors, assigns, and legal representatives harmless from and against any lawful claim to hold proceeds by, through, or under Grantor has not otherwise.

E. In this instrument, the term "other minerals" covers includes coal, lignite, uranium, sulphur, iron ore and every other "mineral" now or hereafter recognized as such under the laws of the State of Texas.

F. Unless otherwise stated to the contrary herein, this instrument does not cover any interest of Grantor in the surface estate of any of the Lands.

TO HAVE AND TO HOLD the Interests, together with all and singular the rights and appurtenances thereto in any wise belonging, unto Grantee, and Grantee's heirs, successors, administrators, executors and assigns forever. Grantor hereby binds Grantor and Grantor's heirs, successors, administrators, executors, and assigns to warrant and forever defend the Interests and rights unto the Grantee, and Grantee's heirs, successors administrators executors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

## BY EXECUTING AND DELIVERING THIS INSTRUMENT YOU ARE SELLING ALL OF YOUR MINERAL AND/OR ROYALTY INTERESTS IN HARRISON COUNTY, TEXAS.

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: Your social security number or your drivers license number.**

IN WITNESS WHEREOF, this instrument is executed by the undersigned this _____ day of _____, 2005.

_____ Tax ID # _____ or Social Security # _____-____-_____
"X" VIRGINIA ROSE COPE

### INDIVIDUAL ACKNOWLEDGMENT

STATE OF _____
COUNTY OF _____

This instrument was acknowledged before me on this the ___ day of _____, 2005, by VIRGINIA ROSE COPE.

_____
Notary Public in and for
The State of _____

AFTER RECORDING, PLEASE RETURN TO: JDM1, LLC, P.O. BOX 1520, PALESTINE, TEXAS 75802-1520

DAVIS ········ 37.

**TAB I**

# JDMI, LLC
## P.O. Box 1520
## Palestine, Texas 75802-1520
## Office (903)-723-2922; Fax (903)-723-2443
E-mail: kellibyrd@jdmillc.com

November 26, 2007

JAMES HAMMOND MILLS
1115 KOPRIL LN
LONGWOOD FL 32779

RE: All minerals and royalties within the lateral boundaries of the GILL GU located in HARRISON County, Texas.

Dear Mr. Mills:

Thank you for responding to the offer JDMI, LLC made to purchase your mineral and royalty interest in the above referenced lease/unit. Enclosed you will find we are returning your original unprocessed Conveyance due to the following.

Due to a computer error, this offer made to you on the Gill GU was duplicated. The offer for $3,822.13 submitted to you was incorrect. We are already in the process of purchasing this interest from you in the amount of $4,817.43.

Therefore we are returning this unprocessed Assignment and will not be acknowledging the draft amount for $3,822.13.

We apologize for any inconvenience this may cause. Should you have any questions, please do not hesitate to contact our office at the above number.

Sincerely,
JDMI, LLC by,

*Kelli Byrd*

Kelli Byrd
KDB/ch


PLAINTIFF'S EXHIBIT
25

DAVIS . . . . . . . . 143.

**TAB J**

# Wagner & Brown, Ltd.

## Oil & Gas Producers

1331 LAMAR STREET
SUITE 1370
HOUSTON, TEXAS 77010

(713) 951-9200

May 9, 2008

J D Minerals
P.O. Box 1540
Corpus Christi, Texas 78403
Attn:   Mr. James H. Davis

JEH Interests
P.O. Box 148
Uvalde, Texas 78802
Attn:   James E. Hopper

James Hammon Mills
1115 Koppril Lane
Longwood, Florida 32779

Mark J. Mueller
P.O. Box 130954
Tyler, Texas 75713

Dan G. Capers
2300 Bill Owens #824
Longview, Texas   75604



Re:   J. W. Harrison Estate Gas Unit No. 1, 694.5 acres of land, more or less, out of the G. W. Petty Survey, A-582, the G. W. Munden Survey, A-856, and the G. W. Munden Survey, A-857, Harrison County, Texas.

Gentleman:

By Gas Unit Designation dated December 10, 2007, as amended, effective December 12, 2007 (Volume 3779, Page 321 of the Official Records of Harrison county, Texas), Wagner & Brown, Ltd. et al created the J. W. Harrison Estate Gas Unit No. 1 (the "Captioned Unit"), comprising 694.5 acres out of the G. W. Petty Survey, A-582, the G. W. Munden Survey, A-856, and the G. W. Munden Survey, A-857, Harrison County, Texas. Each of you own or claim mineral interests in Unit Tract Two, comprising 283.917 acres out of a 291.7 acre tract of land, more or less. These interests are currently covered by oil and gas leases in favor of Wagner & Brown, Ltd., which have been or will be pooled into the Captioned Unit.

Wagner & Brown, Ltd. has drilled and completed the J. W. Harrison Estate Gas Unit No. 1 Well No. 1 within the Captioned Unit, which produces from the Cotton Valley Sand Formation, and is in the process of preparing division orders in order to begin payment of royalties on production from such well. However, prior to making disbursement of proceeds of production attributable to the interests

owned or claimed by you in the Captioned Unit, certain title issues must be resolved.

By Declaration of Unit dated March 12, 1979 (Volume 881, Page 290), Amoco Production Company et al created the 704 acre John Harrison "B" Gas Unit, which included Unit Tract Two of the Captioned Unit; however, said unit only covered those depths from the surface down to the base of the Travis Peak formation, which lies above the producing formation in the Captioned Unit.

By Mineral and Royalty Conveyance dated September 13, 1991 (Volume 1286, Page 169), Dan G. Capers conveyed all of his mineral interest in 704 acres out of the G. W. Petty Survey, A-582 et al, known as the Amoco Producing Company-John Harrison "B" Unit, and other lands to J D Minerals and JEH Interests.

By Mineral and Royalty Conveyance dated September 25, 1991 (Volume 1287, Page 331), Virginia Rose Mitchell conveyed all of her mineral interest in 704 acres out of the G. W. Petty Survey, A-582 et al, known as the Amoco Producing Company-John Harrison "B" Unit, and other lands to J D Minerals.

By Mineral and Royalty Conveyance dated October 1, 1991 (Volume 1287, Page 530), James Hammond Mills conveyed all of his mineral interest in the John Harrison "B" Unit and other land to J D Minerals.

By Mineral Deed dated October 21, 1994 (Volume 373, Page 585), Virginia Rose Mills Cope, whom we have presumed was one and the same person as Virginia Rose Mitchell, conveyed her mineral interest in Unit Tract Two of the Captioned Unit to Charles B. Horne, who by Mineral Deed dated December 4, 1996 (Volume 1586, Page 339), conveyed said interest to Mark J. Mueller.

Because of the depth limitation applicable to the John Harrison "B" Unit, we have interpreted the above-noted mineral and royalty conveyances in favor of J D Minerals and JEH Interests as being limited to depths down to, but not below, the base of the Travis Peak formation. This being the case, we have credited Mark J. Mueller with ownership of deep rights by virtue of the December 4, 1996 Mineral Deed referenced above. In addition, we have credited Dan G. Capers and James Hammond Mills with ownership of deep rights which they retained following their conveyances to J D Minerals and JEH Interests in the September 13, 1991 Deed and the October 1, 1991 Deed referenced above.

We recognize that it is possible that the parties intended for said conveyances to apply to all depths. Therefore, it is necessary that each of you enter into correction deeds or stipulations of interest which clearly reflect the intent of the parties to either convey or retain their interests in those depths below the base of the Travis Peak formation. Any such correction deed or stipulation of interest should be filed for record in Harrison County, Texas, and furnished to the undersigned. Until such correction deeds or stipulations of interest have been executed, recorded and furnished to the undersigned, proceeds of production from the Captioned Unit attributable to the interests of James Hammond Mills and Mark J. Mueller, as indicated below, will be placed in suspense.

In addition, until this matter is resolved, proceeds of production attributable to the interest of Dan G. Capers, as indicated below, will be placed in suspense, with that portion of his interest acquired

subsequent to September 13, 1991, not being placed in suspense.

The interest of James Hammond Mills which is to be suspended is as follows:

James Hammond Mills
$(1/3 \times 1/3 \times 1/2 \times 1/2 \times \text{royalty} \times 283.917/694.5)$

The interest of Mark J. Mueller which is to be suspended is as follows:

Mark J. Mueller
$(1/3 \times 1/3 \times 1/2 \times 1/2 \times \text{royalty} \times 283.917/694.5)$

The interest of Dan G. Capers which is to be suspended is as follows:
$(1/3 \times 1/3 \times 1/2 \times 1/2 \times \text{royalty} \times 283.917/694.5)$

Very truly yours,
Wagner & Brown, Ltd.

By: _____

Mandel Selber, Vice President of Land

RJN:LSelber414-451-10/3

3

**TAB K**

# JDMI, L.L.C.
## P.O. Box 1520
## Palestine, Texas 75802-1520
### Office (903)-723-2922; Fax (903)-723-2443
Email: lindawright@jdmillc.com

SEP 22 2008

September 15, 2008

VIRGINIA ROSE MILLS COPE
816 CHURCHILL RD TRAILER
FT WORTH TX 76114

I, VIRGINIA ROSE MILLS COPE hereby grant JDMI, L.L.C. permission to obtain any information as to all the mineral and royalties I own in the county of HARRISON COUNTY, Texas.

*Virginia Rose Mills Cope*                    9/19/2008

VIRGINIA ROSE MILLS COPE                         Date

PLAINTIFF'S EXHIBIT 33

DAVIS . . . . . . . . . 59.

**TAB L**

# JDMI, L.L.C.
## P.O. Box 1520
## Palestine, Texas 75802-1520
### Office (903)-723-2922; Fax (903)-723-2443
Email: kellibyrd@jdmllc.com

October 31, 2008

VIRGINIA ROSE MILLS COPE
816 CHURCHHILL RD UNIT 13
FORT WORTH TX 76114

RE: 4112 - WAGNER & BROWN LTD - J W HARRISON ESTATE OU - HARRISON County, Texas.

Dear VIRGINIA ROSE MILLS COPE:.

JDMI, L.L.C. hereby withdraws its offer to pay you $7,260.00 for your mineral and royalty interest in the above referenced county. In reviewing title information, JDMI, L.L.C. found you to have sold your mineral and royalty interest prior to date.

Therefore we will not pay the draft amount of $7,260.00 and we are returning the original unprocessed Conveyance.

Should you have any questions, concerning this matter, please do not hesitate to contact our office at the above number.

Sincerely,
JDMI, L.L.C., by

*Kelli Byrd*

Kelli Byrd
KDB/ch
encl.



PLAINTIFF'S EXHIBIT 23

DAVIS . . . . . . . . . 76.

**TAB M**



# JD Minerals

## P.O. Box 1540
## Corpus Christi, TX 78403-1540

(361) 904-0941; Fax (361) 904-0874
E-mail: hollywilliams@jdmillc.com

February 23, 2011

Wagner & Brown, Ltd.
1331 Lamar Street, Ste 1370
Houston, TX 77010

Mark J. Mueller
PO Box 130954
Tyler, TX 75713

JEH Interests
PO Box 148
Uvalde, TX 78802

Dan G. Capers
2300 Bill Owens #824
Longview, TX 75604

James Harmon Mills
1115 Koppril Lane
Longwood, FL 32779



RE:  J. W. Harrison Estate Gas Unit No. 1, 694.5 acres of land, more or less, out of the GW Petty Survey, A-582, the GW Munden Survey, A-856 and the GW Munden Survey, A-857, Harrison County, Texas

Gentlemen:

JD Minerals purchased 100% of all the interest located in Harrison County, Texas held in the names of Dan G. Capers, Virginia Rose Mitchell and James Hammond Mills. Therefore, the depth restriction does not apply.

I have enclosed for your records the Mineral and Royalty Conveyances by which we acquired each interest in question. I have highlighted the pertinent language for your easy viewing.

JD Minerals respectfully asks that all suspended funds held in the above listed names be released to JD Minerals (and JEH Interests when applicable) immediately.

Please feel free to call me at the above number with any questions.

Thank you,


Holly Williams
JD MINERALS

Enclosure

**TAB N**

# Wagner & Brown, Ltd.

## Oil & Gas Producers

1331 LAMAR STREET
SUITE 1370
HOUSTON, TEXAS 77010

(713) 951-9200

March 2, 2011

JD Minerals
P.O. Box 1540
Corpus Christi, TX 78403-1540
Attn: Mr. Holly Williams

Mr. Mark Mueller
P.O. Box 130954
Tyler, Texas 75713

JEH Interests
P.O. Box 148
Uvalde, TX 78802

Dan G. Capers
2300 Bill Owens #824
Longview, TX 75604

James Harmon Mills
1115 Koppril Lane
Longwood, FL 32779

EXHIBIT
2

RE:   J. W. Harrison Estate Gas Unit No. 1; 694.5 acres of land
      out of the G. W. Petty Survey, A-582, the G. W. Munden
      Survey, A-856, and the G. W. Munden Survey, A-857
      Harrison County, Texas

Gentleman:

Please reference the letter dated May 9, 2008 from Wagner & Brown, Ltd. and the letter dated February 23, 2011 from JD Minerals.

Please be advised that we have carefully reviewed this matter again with the legal firm of Labanowski & Associates of Houston, Texas, who examined title to the captioned tract on behalf of Wagner & Brown, Ltd. Their concerns with the interpretation of the intent of the parties to the deeds and the lands actually covered by the deeds in question, as set forth in our May 9 letter to you, still remain unchanged. The attorney for Labanowski & Associates points out that they have a number of concerns relative to the intent of the parties to these deeds, including vague descriptions which do not specifically reference an identifiable unit, or tract of land and the depths actually conveyed. In addition, they question if the provision dealing with conveying everything in Harrison County, is sufficient to do so, especially in view of the vague descriptions; since the courts have held that Mother Hubbard clauses which are in the fine print, may only apply to small adjacent strips.

In view of the foregoing Wagner & Brown, Ltd. intends to continue to hold the proceeds in suspense, as noted in our May 9, 2008 letter until such time as the parties have furnished us with either correction deeds or a stipulation of interest, which instruments must be acceptable to our examining attorney.

Sincerely,

*Omar L. Brown*

Omar L. Brown
Division Land Manager
cc: Evelyn Harris

938

**TAB O**

2011-000006112

***DO NOT REMOVE THIS PAGE – IT IS A PART OF THIS INSTRUMENT***

DEED

3 Pages

| FILED AND RECORDED – OPR | CLERKS NOTES |
|---|---|
| On: 05/31/2011 02:28 PM | |
| Document Number: 2011-000006112 | |
| Receipt No: 1107191 | |
| Amount: $ 20.00 | |
| By: Pam Rockwell , Deputy | |
| Patsy Cox, County Clerk Harrison County, Texas | |



STATE OF TEXAS
COUNTY OF HARRISON
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the Official Public Records of Harrison County, Texas.

Patsy Cox, Harrison County Clerk

Record and Return To:

MARK MUELLER
P.O. BOX 130954

TYLER, TX 75713

# MINERAL AND ROYALTY DEED

THE STATE OF TEXAS

COUNTY OF HARRISON

KNOWN ALL MEN BY THESE PRESENTS:

That, **James Hammond Mills**, of Longwood, Florida, dealing with his sole and separate property, hereinafter referred to as "Grantor", for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration in hand paid by **Mark J. Mueller** of P.O. Box 130954, Tyler, Texas 75713, hereinafter called "Grantee", the receipt of which is hereby acknowledged, has granted, sold, conveyed, assigned, and delivered and by these presents do grant, sell, convey, sell, assign and deliver unto the said Mark J. Mueller all of the oil, gas and other minerals in and under, and that may be produced from the following described land situated in Harrison County, Texas, to-wit:

## SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Grantor also grants, sells, conveys, assigns and transfers to Grantee, his heirs and assigns, all of Grantor's interest in any unpaid sums attributable to the above property including but not limited to suspended runs, receivership proceeds, accrued royalties, unpaid claims from executors and /or trustees, and other payments due from periods prior to the date of this conveyance, and any production of oil, gas and other minerals from the lands covered hereby prior to the date hereof, together with any such production in storage, tanks, and pipelines, and any and all sums of money, suspended runs, or accounts of any type or character, due or owing to the Grantor by reason of any such prior production.

Together with the right of ingress and egress at all times for the purpose of mining, drilling, and exploring said land for oil, gas and other minerals, and removing the same therefrom.

It is understood and agreed that all bonuses paid, rental due, and royalty due is to be paid to Grantee his heirs and assign. To have and to hold the above described property, together with all and singular the rights and appurtenances thereto anywise belonging, unto the said Grantee herein, and Grantee's successors, his heirs, and assigns forever; It is understood that this conveyance is made without warranty of any kind, either express or implied.

_James Hammond Mills_
James Hammond Mills

THE STATE OF FLORIDA
COUNTY OF

The foregoing instrument was acknowledged before me on this 26th day of May, 2011 by James Hammond Mills.

_Renee B Neumann_
Notary Public in and for the
State of Florida

Notary Public State of Florida
Renee B Neumann
My Commission DD679940
Expires 08/12/2011

31

# EXHIBIT "A"

### ATTACHED TO AND MADE A PART OF THAT CERTAIN MINERAL AND ROYALTY DEED FROM JAMES HAMMOND MILLS TO MARK J. MUELLER

271.22 acres of land, more or less, located in the G.W. Patty Survey, A-552, the G.W. Munden Survey, A-856, the G.W. Munden Survey, A-857 and the Joel C. Crain Survey, A-144, Harrison County, Texas, and being further described as follows:

Tract One: 149.33 acres, more or less, being out of the G.W. Munden Survey, A-856 and the G.W. Munden Survey, A-857, and being the same land described in a deed from Joe Lake et al to Y.D.Harrison, dated April 10, 1911 and recorded in Volume 77, page 103 of the Deed Records of Harrison County, Texas.

Tract Two: 112.225 acres, more or less, a part of the G.W. Patty Survey, A-552, and being all of a certain 120 acres described in a deed from Nathan Helton to Y.D. Harrison, dated November 14, 1906 and recorded in Volume 61, page 607 of the Deed Records of Harrison County, Texas; Save & Except 5.48 acres, more or less, described in a deed from A.H. Cooper et al to Sherman, Shreveport & Southern Railroad Company, dated February 12, 1900, and recorded in Volume 43, page 143 of the Deed Records of Harrison County, Texas; also Save & except 0.459 acre described in a deed from Y.D. Harrison to Mrs. G.O. Smith, dated March 14, 1929 and recorded in Volume 263, page 870 of the Deed Records of Harrison County, Texas; also Save & Except 0.916 acre described in a deed from Y.D. Harrison to I.M. Mayers et ux dated April 21, 1941 and recorded in Volume 248, page 45 of the Deed Records of Harrison County, Texas; and also 0.916 acre described in a deed from Y.D. Harrison et ux to Robert A. Brown et ux dated April 21, 1941 and recorded in Volume 248, page 45 of the Deed Records of Harrison County, Texas.

Tract Three: 9.665 acres, more or less, out of the J.B. Crain Survey, A-144 and being the south half of a called 19.33 acre tract described in a deed from Nelson Broadnax to Y.D. Harrison et al, dated October 5, 1929 and recorded in Volume 180, page 573 of the Deed Records of Harrison County, Texas.

32

# TAB P

2011-000007507

**\*\*\*DO NOT REMOVE THIS PAGE – IT IS A PART OF THIS INSTRUMENT\*\*\***

DEED

3 Pages

| FILED AND RECORDED – OPR | CLERKS NOTES |
|---|---|
| On: ___06/29/2011 10:43 AM___ | |
| Document Number: _2011-000007507_ | |
| Receipt No: _1108596_ | |
| Amount: $ _20.00_ | |
| By: ___0___, Deputy | |
| **Patsy Cox, County Clerk**<br>**Harrison County, Texas** | |



STATE OF TEXAS
COUNTY OF HARRISON
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the Official Public Records of Harrison County, Texas.

*Patsy Cox*

Patsy Cox, Harrison County Clerk

Record and Return To:

MARK MUELLER
P O BOX 130594

TYLER, TX 75713

# MINERAL DEED

THE STATE OF TEXAS

COUNTY OF HARRISON

KNOW ALL MEN BY THESE PRESENTS

That **CHARLES B. HORNE,** a single man who resides in Caddo Parish, Louisiana herein after call Grantor, for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration in hand paid by **MARK J. MUELLER**, P.O. Box 130594, Tyler, Texas 75713 herein after call Grantee, the receipt and sufficiency of which is full and adequate consideration for every interest, right and privilege granted herein is hereby acknowledged, have granted, bargained, sold, conveyed, assigned and delivered and by these presents do hereby grant bargain, sell, convey, assign, and deliver to Mark J. Mueller all my interest in the following described land situated in Harrison County, Texas, including any other and all other interest I may own in Harrison County, Texas, to wit:

Being all that interest described in that certain Mineral Deed from Virginia Rose Mills Cope to Charles B. Horne recorded in Volume 1373 page 285, dated October 21, 1994 Deed Records of Harrison County, Texas. Being all Mineral Royalty Interest in the George Johnson Survey, A-359; the Sarah Shoto and M. S. Ussery surveys, the G. W. Munden 776 acre grant, the G. W. Petty survey A-582, the J. B. Crain sy. A-144; the J. E. White survey A-755; the F. Cavillo A-139; the E. A. Merchant survey A-430; the Henry Martin 4260 acre grant; and in the lands and premises described in Deed dated September 20, 1940 between Y. D. Harrison et al to each other recorded in vol. 242 page 486, Deed records of Harrison County, Texas, and describe in vol. 585, page 125 dated June 3, 1963 between Rose B. Harrison to Katherine H. Campbell et al, further reference being made to Vol. 269, Page 365; Vol. 857, Page 23; Vol. 907, Page 105; Vol. 907, Page 121; Vol. 777, Page 332; Vol. 433, Page 360; Vol. 777, Page 298; all references referred to hereinafter are to the Deed Records of Harrison County, Texas.

Also being six tracts described in that certain Mineral Deed from Nannie Marie Ratcliff Speer to Charles B. Horne dated December 9, 1994 and recorded in Volume 1376 Page 260 Deed Records of Harrison County, Texas and described as follows:

Tract 1: Being 30 acres, more or less, being a part of the Joel B. Crain Survey, A-144 situated in Harrison County, Texas and being that same tract of land described in that certain Corrected Mineral Deed from Pammie Haggerty et al to H. M. Speer dated January 27, 1954 and recorded in Volume 429 Page 574 Deed Records Harrison County, Texas.

Tract 2: Being 15.2 acres, more or less, a part of the John Fridge Survey, A-259, Harrison County, Texas, being the same land described in that certain Deed dated July 27, 1950 from Uriah Maxey to H. M. Speer recorded in Volume 361 page 543 of the Deed Records of Harrison County, Texas.

Tract 3: Being 3 acres, more or less, being a part of the Bethany Rogers Survey A-20 and being in two tracts as follows: First Tract: 2 acres, more or less, and being the same land described in Deed dated September 9, 1941 from J. L. Ratcliff and wife Essie Dell Ratcliff to J. L. Ratcliff, Jr., recorded in Volume 246, Page 304, Deed Records of Harrison County, Texas. Second Tract: 1 acre, more or less, and being the same land described in deed dated November 1983 from the First National Bank of Marshall, Texas to Nannie Ratcliff Speer, recorded in Volume 1026, Page 355, Deed Records of Harrison County, Texas.

Tract 4: 6.1 acres of land, more or less, located in the T. Iden Survey, A-354, Harrison County, Texas and being described as two tracts described as follows: Tract No. 1: 2.7 acres of land, more or less, being described as 4.2 acres of land, more or less, in Deed dated December 12, 1922 from R. T. Hill etux to Homer Speer et ux of record in Volume 120, Page 367 of the Deed Records of Harrison County, Texas, Save and Except 1.5 acres of land more or less, being the same land described in deed dated January 28, 1924 from H. M. Speer et ux, to J. G. Holsomback of record in Volume 136, Page 77 of the Deed Records of Harrison County, Texas. Tract No. 2: 3.4 acres of land, more or less, being the same land described in deed dated October 19, 1923 from R. T. Hill et ux to J. R. Watson et ux of record in Volume 157, Page 202 of the Deed Records of Harrison County, Texas.

Tract 5: 10.9 acres more or less, located in the Henry Harper Survey, Harrison County, Texas and being described in that certain Mineral Deed from Charlie McGlothin to Mrs. Homer M. Speer dated October 30, 1936 of record in Volume 267, Page 500 of the Deed Records of Harrison County, Texas.

Tract 6: 20.1 acres, more or less, located in the John Chism Survey and being Block No. 7 of the partition of the Harvey Johnson 207 acres of land described in that certain Mineral Deed from H. P. Watson to Homer M. Speer dated June 11, 1947 and recorded in Volume 312 Page 549 Harrison County, Texas.

35

It being the intention and desire of the grantor to include herein, and this grant does so include, all of the lands owned by grantor in the above named survey, or surveys, whether actually or properly described herein or not, and also all lands owned by grantor that are adjacent or contiguous to the above described lands, in whatever survey, or surveys, such adjacent or contiguous lands are located, including but not limited to all other land I may own or inherit in Harrison County, Texas whether actually or properly described herein or not, and all of said lands are conveyed and included herein as fully, in all respects, as if the same had been actually and properly described herein.

Grantor also grants, sells, conveys, assigns and transfers to Grantee, his heirs and assigns, all of Grantor's interest in any unpaid sums attributable to the above property including but not limited to suspended runs, receivership proceeds, accrued royalties, unpaid damage claims, and/or other payments due for periods prior to the date of this conveyance, and any production of all oil, gas, or other minerals from the lands covered hereby prior to the date hereof, together with any such

Production in storage, tasks, and pipelines, and any and all sums of money, suspended runs, or accounts of any type or character, due or owing to the Grantor by reason of any such prior production.

Grantor does hereby authorize and direct the purchaser of the oil and/or gas from the lands, or interests herein conveyed to pay the Grantee, his heirs or assigns, all the proceeds that may accrue from the interest herein conveyed without further authorization from the Grantor and without the Grantor executing a transfer order or other similar instrument before payments are made to Grantee.

Grantor agrees and covenants to execute such further assurances as may be necessary or requisite for the full and complete enjoyment of all the rights herein granted, and also agrees that Grantee shall have and is hereby granted and gives, the right at any time to redeem for Grantor, by payment, any mortgage, taxes, or other liens on the above described lands, upon default in the payment thereof by Grantor, and last Grantee shall be subrogated to the rights of the holders thereof, but Grantee shall not be under any obligation to make such payment.

To have and to hold the above described premises, together with all and singular rights and appurtenances thereto in anywise belonging unto the said Grantee, or heirs, successors and assigns of Grantee, forever and so do hereby bind ourselves and our heirs, executors and administrators to warrant and forever defend all and singular the said property unto the said Grantee herein, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

**The intent of this instrument is to clarify any illegible print which may have occurred in that certain Mineral Deed from Charles B. Horne to Mark J. Mueller recorded December 4, 1996 in volume 1586, page 339, Deed Records of Harrison County, Texas.**

Witness my hand at Shreveport, Louisiana this 29th Day of June, 2011 but effective as of that certain mineral deed recorded in volume 1586, page 339, Deed Records of Harrison County, Texas.


Charles B. Horne


State of Louisiana
Parrish of Caddo

The foregoing instrument was acknowledged before me on this 29th day of June, 2011 by Charles B. Horne.

Paula Pratt-Waltman
Notary Public For And In The State Of Louisiana

Witnesses:
Holly K. Harrelson

PAULA PRATT-WALTMAN, Notary Public
Notary ID # 61793
Notary Public for the Parish of Caddo
My Commission is for Life

36

# TAB Q

2011-000007941

**\*\*\*DO NOT REMOVE THIS PAGE – IT IS A PART OF THIS INSTRUMENT\*\*\***

## DEED

11 Pages

| FILED AND RECORDED – OPR | CLERKS NOTES |
|---|---|
| On: 07/11/2011 11:09 AM | |
| Document Number: 2011-000007941 | |
| Receipt No: 1109072 | |
| Amount: $ 52.00 | |
| By: Lori Hightower , Deputy | |
| **Patsy Cox, County Clerk**<br>**Harrison County, Texas** | |



STATE OF TEXAS
COUNTY OF HARRISON
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the Official Public Records of Harrison County, Texas.

*Patsy Cox*

Patsy Cox, Harrison County Clerk

---

**Record and Return To:**

MARK J MUELLER
P.O. BOX 130954

TYLER, TX 75713

# MINERAL AND ROYALTY DEED

THE STATE OF TEXAS

COUNTY OF HARRISON

KNOWN ALL MEN BY THESE PRESENTS:

That, **Virginia Rose Mills Cope, aka Virginia Rose Mitchell aka Virginia Rose Purvis Cope** of Ft. Worth, Texas, dealing with her sole and separate property, hereinafter referred to as "Grantor", for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration in hand paid by **Mark J. Mueller** of P.O. Box 130954, Tyler, Texas 75713, hereinafter called "Grantee", the receipt of which is hereby acknowledged, has granted, sold, conveyed, assigned, and delivered and by these presents do grant, sell, convey, sell, assign and deliver unto the said Mark J. Mueller all of the oil, gas and other minerals in and under, and that may be produced from the following described land situated in Harrison County, Texas, to-wit:

## SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Grantor also grants, sells, conveys, assigns and transfers to Grantee, his heirs and assigns, all of Grantor's interest in any unpaid sums attributable to the above property including but not limited to suspended runs, receivership proceeds, accrued royalties, unpaid claims from executors and/or trustees, and other payments due from periods prior to the date of this conveyance, and any production of oil, gas and other minerals from the lands covered hereby prior to the date hereof, together with any such production in storage, tanks, and pipelines, and any and all sums of money, suspended runs, or accounts of any type or character, due or owing to the Grantor by reason of any such prior production.

For the same consideration, Grantor does hereby bargain, sell, assign and convey unto Grantee all of Grantor's claims of every kind or nature, in law or in equity, past or present, in and to the lands attributable to any such interest arising out of Grantor's interest in the Lands or Grantor's contractual rights under the contracts and agreements through which Grantor acquired same.

Together with the right of ingress and egress at all times for the purpose of mining, drilling, and exploring said land for oil, gas and other minerals, and removing the same therefrom.

It is understood and agreed that all bonuses paid, rental due, and royalty due is to be paid to Grantee his heirs and assign. To have and to hold the above described property, together with all and singular the rights and appurtenances thereto anywise belonging, unto the said Grantee herein, and Grantee's successors, his heirs, and assigns forever, and the Grantor does hereby bind herself and her heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors, administrators, executors and assign, against every person whosoever lawfully claiming or to claim the same or any part thereof.

Effective as of that certain Mineral Deed from Charles B. Horne to Mark J. Mueller recorded December 4, 1996 and recorded in volume 1586, page 339 Deed Records Harrison County, Texas.

*Virginia Rose Mills Cope*

**Virginia Rose Mills Cope**

THE STATE OF TEXAS
COUNTY OF TARRANT

The foregoing instrument was acknowledged before me on this 1st day of July, 2011 by Virginia Rose Cope Mills.

Notary Public in and for the
State of Texas

FRED FARIAS
Notary Public, State of Texas
My Commission Expires
February 03, 2012

## EXHBIT "A"

## TO THAT CERTAIN MINERAL AND ROYALTY DEED FROM VIRGINIA MILLS COPE TO MARK J. MUELLER (HARRISON COUNTY, TEXAS)

1. 160 acres, more or less, in a part of the Josiah Marshall Headright Survey, Abstract No. 510, and described as follows:

   Beginning at the S. E. corner of Josiah Marshall Survey, from which a Red Oak brs N 46 W 4.6 vrs marked J. C.;

   Thence West 950 vrs, to a stake from which a Pine brs S. 62 ½ E 8-5/10 vrs, a Pine brs N. 78 ½ E 15-5/10 vrs;

   Thence North 950 vrs. a stake from which a Pine brs S 17 ½ W 5 vrs. a Pine brs N 46 ½ E 9 vrs. marked J C; Thence East 950 vrs;

   Thence South 950 vrs to the place of beginning, containing 160 acres of land, more or less.

2. 303 acres, more or less, in a part of the I. Brock Survey A-94, I Brock Survey, A-95 located about 12 miles N. W of Marshall, Harrison County, Texas, and described as follows:

   Beginning at the most Northern N. W. corner of the I. Brock Survey, a P O brs N 10 E 6.10 vrs. mkd X.

   Thence S 550 vrs. to corner;

   Thence W crossing Lick Creek 952 vrs. to corner, a R O brs N 84 W 4.4 vrs, mkd X; Thence S. 364 vrs to corner, a R O brs N 66 W 13 vrs and a Pine brs S 29 W 13 vrs, mkd A P X;

   Thence W 52 vrs to corner, a P. O. brs S 54 ½ E 3.7 vrs, mkd I B;

   Thence S 900 vrs to corner on the most Western W. B. L. of said Brock Survey, a stake in Little Cypress Creek, a Holly brs S 31 W 4 vrs, mkd X;

   Thence down said Creek with its meanders N 57 E 194 vrs S 19 ½ E 102 vrs, S 78 ½ E 74 vrs, N 78 ½ E 148 vrs, S 29 ½ E 88 vrs, N 66 ½ E 130 vrs, N 80 E 144 vrs, N28 ¾ E190 vrs N 61 E 94 vrs, N 18 ¼ E 118 vrs, S 82 E. 110 vrs, S 35 E 35 vrs, S 22 E 105 vrs, N 75 ½ E 74 vrs, N 56 ½ E 81 vrs; N 30 E 131 vrs, N 79 ½ E 63 vrs, N 19 E 43 vrs, to the N W. corner of the M. Hunt Survey, a black gum on bank of said creek, mkd. DMP;

   Thence N 1372 vrs to the N W corner of the Lee Mitchell 119.3 acres survey;

   Thence W 370 vrs, to the place of beginning, containing 303 acres, more or less.

3. 100 acres of the Abraham Porter Headright Survey A-554, Abraham Porter, A-557 in Harrison County, Texas, described as follows:

   Beginning on the West boundary line of Survey #413 in the name of Isaac Brock and at an L corner, from which a Post Oak bears South 54 ½ E 5-7/10 vrs, and a Pine bears North 33 E 6-2/10 vrs both marked I B;

   Thence South 273 vrs to the South East corner of a survey in the name of Josiah M. Arocha, a Pine and a Post Oak marked X I B;

   Thence West 387 vrs, to the East boundary line of a survey of 160 acres in the name of Josiah Marshall, a Pine for corner, marked X;

   Thence North 750 vrs to the Northeast corner of said Josiah Marshall 160 acres, a stake from which a Post Oak bears S 48 W 3-6/10 vrs and a Pine bears N 71 W 14 vrs marked J C;

   Thence West with the North Boundary line of the Josiah Marshall 160 acres and at 427 vrs a stake on same;

   Thence North 289 vrs to a stake on the South boundary line of Charles Davenport's 304 acre survey;

   Thence East 665 vrs past the S. E. corner of said Davenport's Survey at 865 vrs to the Southern Southeast corner of said Abraham Porter's 220 acres survey on the West Boundary line of Jno. R. Holland 160 acre tract survey old bearings gone, new bearings a Black Jack bears North 10 W 8/10 vrs marked X;

   Thence South with the West boundary line of said Jno R. Holland's Survey at 402 vrs past the S. W. corner of same and at 766 vrs a corner of Isaac Brocks 480 acres survey, a stake from which a Read Oak bears N 66 W 13 vrs and a Pine bears North 29 W 13 vrs, both marked A P;

   Thence West 51 vrs to the place of beginning, containing all of the Abraham Porter 100 acre survey.

4.  54 acres of land in Harrison County, Texas, known as Survey No. 161 S. F. 11220, A. L. Howard Survey, A-897, about 12 miles N 64 W from County Site, said land having been purchased and fully paid for in accordance with an act approved May 16th, 1907;

    Beginning at the N. E. corner of the G. G. Allen grant of 160 acres on the South line of Sam Stinson 195.6 acres grant, a Red Oak brs S 45 E 18.4 vrs marked G A:

    Thence South 558 vrs the S. E. corner of said G. G. Allen grant and on the N. line of the W. C. Allen 160 acres, a Post Oak brs S 82 E 5.6 vrs marked G. A.;

    Thence East at 100 vrs pass the N. E. corner of the W. C. Allen grant and the N. W. corner of the Josiah Marshall 160 acres and at 634 vrs, the most western S. W. corner of the A Porter 100 acre Survey, a P O brs N. 62 W. 3 vrs, and a P O brs S 51 W 9 vrs both marked X;

    Thence North 293 vrs to the said Porter's most Northern N. W. corner a hickory brs N 47 E 5.6 vrs and a Pine brs S 72 ½ E 6-2/10 vrs, both marked X;

    Thence West 180 vrs to the S. W. corner of the Chas Davenport 304 acre grant, a hickory brs N. 31 E 9 vrs. and a hickory brs N 67 ½ E. 2.5 vrs, both marked X;

    Thence North 265 vrs to the S. E. corner of the Saml. Stinson 195.6 acre grant, a Red Oak brs S 68 R 9 vrs and a sweet gum brs N 80 E 16 vrs, both marked X;

    Thence West 454 vrs to the place of beginning.

5.  75 acres of land in the Francis Calvillo Survey, A-139, F. Calvillo, A-142, Harrison County, Texas, about 5 ½ miles N W of the City of Marshall;

    Beginning at a stake in the N W corner of Alex Gammage's homestead tract, from which a Pine tree bears N 59 degrees W 3 varas, a Pine tree bears N 58 degrees E 5 varas, both marked A A;

    Thence N 798 varas to a stake, a Pine tree bears N 2-1/2 degrees E 3 varas, marked X

    Thence E 531 ½ varas to a stake, from which a Pine tree bears N W. 20 varas, marked K;

    Thence S 798 varas to a stake in the N E. corner of the said Alex Gammage's homestead tract to a large Post Oak tree, marked B. F;

    Thence W with the North line of same 531 ½ varas to the place of beginning, containing 75 acres of land of the Francis Calvillo Headright Survey; and being the same land deeded to Clabe Gammage by G. M. McDaniel by deed recorded in Book 37, page 182, which deed is here referred to for further description.

6.  40 acres, more or less, being a part of the H. W. Vardman Survey Abstract No 726, and Beginning at a stake for corner in the Marshall and Daingerfield road, same being the S. W. corner of C. Bowles tract;

    Thence E 960 vrs to a stake for corner, same being the N. E. corner of the E. Daingerfield original 50 acre tract, and also C. Bowles S. E corner;

    Thence S 296.1 vrs to stake for corner, same also being W. McGregor's N. E. corner;

    Thence W 578 vrs. to a stake for corner, same also being E. Daingerfield's 10 acre tract S. E. corner;

    Thence N 148 vrs to the N E corner said 10 acre tract; Thence W 382 vrs. to the N.W. corner of the ten acre tract, a stake for same in Marshall and Daingerfield road;

    Thence N with same 148.1 vrs to the place of beginning, containing 40 acres of land, more or less, and being the same land described in deed from Emanuel Daingerfield to Y. D. Harrison and Mrs. Alice Aurelia Womack under date of March 13, 1925, and recorded in Vol. 138, page 464, Deed Records of Harrison County, Texas, to which deed reference is here made for further description.

7.  40 acres, more or less, situated in the County of Harrison, State of Texas, about 5 miles North East from the City of Marshall, a part of the Samuel Murphy Headright Survey, A-15, and a part of J. J. Brown's original homestead;

    Beginning at a stake in the South line of same and in the S. E. corner of M. Marlow's Survey, from which a White Oak 36 in. in diameter brs. N 70 E 4-7/10 vrs, a Maple 6 in brs N. 88 W 3-8/10 vrs, both marked X;

    Thence North 712 vrs to a rock corner in field; Thence East 713 vrs to a stake in the East line of said Brown's said Survey and West line of Sarah Baker's Survey, from which a Chinquapin 7 in. in diameter brs S 1 E 2-7/10 vrs, marked X;

    Thence South to the same 712 vrs to a stake in S. W. corner of same, from which a Pine 11 in. in diameter brs N. 48 E 1-3/10 vrs, both marked X;

    Thence West 713 vrs to the place of beginning, containing forty acres of land; and being same land described in deed from Cuff Fitzpatrick and wife, Matilda Fitzpatrick to J. O. Womack, under date of March 20, 1899, and recorded in Vol. 41, page 446, Deed records of Harrison County, Texas, to which deed reference is here made for further description.

8. 34 acres, more or less, of the George Johnson Survey, A-359, G. Johnson, A-375, in Harrison County, Texas, located about eight miles Northeast from the City of Marshall, and described by Beginning at a point 267 vrs. North of the Southeast corner of the A. R. Taylor one hundred acre tract of land;

Thence West 758 vrs to a corner in the Lake & Cooper road;

Thence with said road North 36 East 374 vrs. to corner in same; Thence North 100 vrs to the most Northern Northwest corner of eighty-four acres purchased by Alex Key and Arthur Key from Joe Lake; Thence East 125 vrs to corner; Thence South 139 vrs. to corner; Thence East 414 vrs to corner; Thence South 263 vrs. to the place of beginning, and being thirty-four (34) acres out from the North side of eighty-four acres heretofore deeded by Joe Lake to Arthur Key and Alex Key, as per deed dated January 11, 1911.

9. 50 acres, more or less, of the Sarah Shoto, A-632 and M. S. Ussery A-723 grants of land, Block #4 of Starr and Cooke Survey; beginning at the South corner of Block #3; Thence North 58 East 700 vrs to the East corner of same; Thence South 25 East 227 vrs to a corner, from which a Black Jack bears North 45 West 4 vrs. marked G W;

Thence South 50 East 286 vrs. to a corner from which a Pine bears North 81 ½ West 7-4/10 vrs; Thence South 58 West 540 vrs. to a corner in the road, a stake; Thence with said road North 43 ½ West 185 vrs and North 63 West 370 vrs, to the place of beginning; and being same land conveyed by Frank Green and wife, Laura Green to Y. D. Harrison and Mrs. Alice Aurelia Womack, by deed dated February 13, 1925, and recorded in Vol. 136, page 350, of the Deed Records of Harrison County, Texas, to which deed reference is here made for further description.

10. 19 ½ acres of land, more or less, about 18 miles N. W. of Marshall, and being part of the E. A. Merchant H. R. Survey, A-430, and described by metes and bounds as follows:

Commencing at a rock for corner of a survey of 200 acres on the E. A. Merchant H. R. Survey of one league of land; Thence West 183 vrs to a corner, marks not remembered; Thence South 600 vrs to a corner, marks not remembered; Thence East 18 vrs to a rock for a corner; Thence North 600 vrs to the place of beginning, containing in all 19 ½ acres of land; being the same land deeded to O. Z. Gardner by W. H. Kennedy and Roy Lee Kennedy, which deed is recorded in Vol. 152, page 73 Deed Records of Harrison County, Texas; also being same land described in deed from O. Z. Gardner and wife to Y. D. Harrison and Mrs. Alice Womack under date of September 25, 1930, and recorded in Vol. 161, page 611, Deed Records of Harrison County, Texas to which deeds reference is here made for further description.

11. 64 acres, more or less, of land of the Cleri Gillet Headright Survey, A-9 in Harrison County, Texas, described as follows:

Beginning at the S. W. corner of the 50 acres of land owned by D. C. Davenport on the Cleri Grillette Headright Survey;

Thence North with Davenport's W. B. L. to Walter Taylor's S. B. L. and Davenport's N. W. corner;

Thence W. with the Walter Taylor's S. B. L. to where the same intersects the E.B. L. of the Holman Taylor tract, same being the S. W. corner of the Walter Taylor tract;

Thence South with the E. B. L. of the Holman tract to the S. E. corner of the same; Thence East with the N. B. L of the James Taylor 50 acres tract to the Northeast corner of the same;

Thence South with the East boundary line of the James Taylor 50 acres tract to the Southeast corner of the same; Thence East with the S. B. L. of the Cleri Grillette Headright Survey to the place of beginning; and being the same tract of land conveyed by Will Jones and wife, Jennie Jones to J. F. Womack and Y. D. Harrison, by deed dated October 17, 1923, and recorded in Vol. 129, page 65, Deed Records of Harrison County, Texas, to which deed reference is here made for further description.

12. 150 acres, more or less, situated in Harrison County, Texas, being Block No. One (1), said Block contains 150 acres of land, comprising 136 acres of the C. M. Adams, A-41, 200.3 acres grant and 14 acres of the E. M. Fuller, A-7, 4428 acres grant, and bounded thus;

Beginning at the N. W. corner of said Adams grant, from which a Post Oak brs S. 85.3 vrs. another brs N. 11 degrees East 4.1 vrs;

Thence E 1910 vrs to the Northeast corner of the C. Adams grant, from which a Post Oak brs N. 16 vrs, a hickory brs N 35 ½ degrees E 7.8 vrs;

Thence S. 443 vrs with the E. line of said Adams grant to the N. E. corner of Block No. 2, of said partition, from which a sweet gum brs S. 39 deg. W 8.9 ver another brs. N. 30 deg. W 12.8 vrs;

Thence W. at about 460 vrs across a line between said grants, at 1180 vrs. across another line between said grants at 1910 vrs to the N. W. corner of said Block 2, on the West line of said Adams grant, from which a Red Oak brs N 17 deg. E 2.7 vrs; Thence N 443 vrs to the place of beginning. 42

13. 100 acres, more or less, a part of the George Johnson H. R. Survey, A-359, G. Johnson, A-375 situated in Harrison County, Texas, about eight miles Northeast from the City of Marshall, being the West half of a Two Hundred acre tract of land sold by J. O. Womack to Wyatt Eams, and

Beginning at a stake in a Northwest corner of said tract of land, from which a Post Oak 12' in diameter bears South 47 West 5 varas, marked V;

Thence East 505 varas to a stake in the West line of same, from which a Sweet Gum bears 7' in diameter bears N 7 West 4-2/10 varas, a Maple 5' in diameter bears South 20 East 5 varas, both marked X;

Thence South 1118 varas to a stake in the South line of same, from which a Pine 8' in diameter bears North 33 East 6-2/10 varas, marked X;

Thence West 505 varas to a stake in the Southwest corner of the same;

Thence North 1118 varas to the place of beginning, containing 100 acres of land, and being the same land conveyed by Sam Powell and wife, Savanah Powell to the estate of J. O. Womack, under date of March 29, 1905 and recorded in Vol. 57, page 369, Deed Records of Harrison County, Texas, to which deed reference is here made for further description.

14. 19.33 acres, more or less, a part of the Joel B. Crain Headright Survey, A-144, in Harrison County Texas, described as follows:
Being Block No. 10, as shown by the partition deed among the heirs of Joe Williams 100 acre tract. Said partition deed is recorded in Book 85, page 1, Deed Records of Harrison County, Texas; also being same land conveyed by Nelson Broadnax and wife, Alice Broadnax to Y. D. Harrison and Mrs. Alice Aurelia Womack on the 5th day of October, 1929, and recorded in Vol. 160, page 573, of the Deed Records of Harrison County, Texas, to which deeds reference is here made for further description, being approximately 19.33 acres.

15. A part of the Joel B. Crain Headright Survey, A-144 about 12 miles N. E. of the City of Marshall;
Beginning at the N. E. corner of Block No. 3; Thence N. 45 W. 954 vrs to N. W. corner of Block No. 3, from which a Red Oak brs S 87 E 11.2 vrs, marked X; Thence N. 45 E 96.4 vrs to S. W. corner of Block No. 5; Thence S. 45 E 954 vrs to S. E. corner of Block No. 5; Thence S. 45 W. 96.4 vrs to the place of beginning, and being the same tract set aside in the partition of the Greer Estate on the 1st day of February, 1915.
2. Being a part of the Joel B. Crain Headright Survey about 12 miles N. E. of the City of Marshall, Beginning at the N. E. corner of Block No. 1; Thence N. 45 W. 954 vrs to the N. W. corner of Block No.1; Thence N. 45 E. 96.4 vrs to S. W. corner of Block No. 3; Thence S. 45 E. 954 vrs to S. E. corner of Block No. 3; Thence S 45 W. 96.4 vrs to the place of beginning, and being the same tract set aside to Sam Greer, Jr. in the partition of the Greer Estate on the 1st day of February, 1915, the above 2 tracts being approximately 33 acres.

16. 114.5 acre, more or less, being a tract in the George Johnson Survey, A-359, G. Johnson, A-375 in Harrison County Texas, and described as follows:
Beginning at the NW corner of Block 6 of E Key's subdivision of a part of the George Johnson 4407 acre grant; Thence N. 52 ¼ E 1743 vrs a corner in Harris Creek and the S. side of strip 20 vrs wide reserved for road and 40 vrs S of the N. E. corner of Block 2 of said subdivision; Thence S 9 W 1081 vrs the N. E. corner of said Block 6 above described; Thence West 1208 vrs with the North line of said Block 6 to the place of beginning and being all of Block 4 of said E. Key's subdivision aforesaid, containing 114.5 acres, being the same land described in deed from E. Key to Frank Gray, February 1st,1913, and recorded in Vol. 67 page 179 of the Deed Records of Harrison County, Texas.

17. 84.1 acres, more or less, being in Harrison County, Texas, and more particularly described as follows:
All of Block 6 of the E. Key Subdivision of a part of the George Johnson, A-359, G. Johnson A-375, 4407 acre grant in Harrison County, Texas, and more fully described as follows:
Beginning at a point in the North margin of the Jefferson and Shreveport road and the N. W. corner of Block 7 of said E. Key subdivision, a hickory brs N 7 E. 10 vrs, a hickory brs N. 63 E 7 vrs both marked X; Thence N 52 1/4 E 560 vrs the S. W. corner of Block 4 of said subdivision a pine for corner a post oak bears S 39 E 3-8/10 vrs both marked X; Thence East 1208 vrs the S. E. corner of said Block 4 and the N. E. corner Block 6, a sweet gum bears S 57 ¼ E 4 6/10 vrs a sweet gum brs N. 66 E. 5 ½ vrs, both marked X; Thence S 9 W 344 vrs to SE corner of said Block 6 and the N. E corner of said Block 7 a large rock for corner; Thence West 1596 vrs to the place of beginning, containing 84.1 acres.

18. 153.4 acres, more or less, situated in Harrison County, Texas, a part of the John Petsick Headright Survey, A-589 and about 15 miles N. W. from the City of Marshall and more particularly described as follows:

Beginning at the E. S. E. corner of a survey in name of Solomon Rule a stake from which a P. O. brs S. 78 E. 12.2 vrs marked S. R. a pine brs N. 58 E. 9.6 vrs marked I P; Thence E. with J. B. Patterson N. line 720 vrs to a stake in the N. E. corner of same in the W. line of George Taylor's Survey N. 458 from which a B. J. brs N. 50 E. 12.2 vrs a B. J. brs N 71 W 15.6 vrs both marked I P, the original bearings destroyed; Thence N 253 vrs to a stake in N. W. corner of said Geo. Taylor's Survey from which a pine brs W. 5.6 vrs a B. J. brs S 6 W. 14.6 vrs, both marked D M; Thence E 664 vrs to a stake in said Taylor's N. line from which a pine brs N 12 W. 51 vrs marked X; Thence N. 532 vrs to a stake in S. line of a survey in name of John Beaty, from which a hickory brs S. 15 W 6 vrs marked X; Thence W. with same 844 vrs to a stake in S. W. corner of same a stake in E. B. of D Maxwell's Survey; Thence S. 25 vrs to the S. E. corner of same a rock from which a B. J. brs N. 60 E 16 vrs do brs W. 2.4 vrs both marked X; Thence W. 540 vrs to a stake in the S. W. corner of same and in the East line of said Rules Survey from which a hickory brs N 43 E 6.8 vrs a B.J. brs S 12 E. 6.4 vrs both marked D M; Thence S. 757 vrs to the place of beginning containing 153.4 acres of land, more or less;

19. 140 acres, more or less, in the John Smith Survey No. 117, Abst. 650, being the tract described in Deed from Jno. L. Davis, et ux, to Y. D. Harrison dated November 23, 1921, recorded in Vol. 124, page 367, Harrison County Deed Records, as follows:

Beginning on the NBL of the John Smith Survey at NWC of the P. A. Davis (or Seth Davis) 200 acre tract; Thence West 690 varas to NWC of the John Smith Survey and NEC of the T. J. Richardson Survey; Thence South 1356 varas to SEC of the Richardson Survey and NWC of the Sam Page 100 acre tract in the John Smith Survey; Thence N. 61 E. 332 varas; Thence N. 2 ¼ W. 16 varas; Thence East 401 varas to rock for SWC of the P. A. or Seth Davis 200 acre tract; Thence North with the WBL of said Davis Tract 1179 varas to the place of beginning.

20. 126 acres, more or less, of the Davis White Survey, Abstract 781 in Harrison County and Abstract 212 in Gregg County, the White Survey being bounded on the East by the J. R. McGrede Estate lands in the BBB&CRRCo. & M. H. Moseley Surveys; On the North by the G. W. Reynolds Survey owned by L. L. Mackey; On the South by the T. J. Richardson Survey; and on the West by the W. R. Marsh and John H. Goodwin Surveys and being the same land described in that certain Warranty Deed dated November 2, 1910 from R. C. Brown to Wash Cole, recorded in volume Y, page 295 of the deed records of Gregg County, Texas

21. 174 acres, more or less, and situated in the Southern Pacific R. R., 640 acre survey no. 438, certificate No. 16143 and described by metes and bounds as follows:

Beginning at the S. E. corner of said S. P. R. R. Co. grant, a pine brs S 63 W 6 vrs. a post oak brs S 75 W 12.8 vrs. both marked A. R. ;

Thence N ¾ W 718 ½ vrs. to a corner on E. line of grant from which a pine oak brs N. 82 W 5 vrs. marked X;

Thence W 1365 vrs to corner on E. line of 100.97 acre tract surveyed for R. H. Pitts, a double oak marked X for corner; Thence S 719 ½ vrs to the S. E. corner of said Pitts 100.97 acre tract; Thence E. 1375 vrs. to the place of beginning and being the same land conveyed to A. J. Riley by J. C. Young, et ux, recorded in Vol. 94, page 258 of the Deed Records of Harrison County, Texas. Being the same land described in deed from W. W. Allen to Y. D. Harrison and recorded in Vol. 192, Page 442 of the Deed Records of Harrison County, Texas

22. 60 acres of land, more or less, out of the S. Murphy Survey, A-15, Harrison County, Texas.

23. 120 acre tract of land, more or less, a part of the George W. Petty Survey, A-582, in Harrison County, Texas, and fully described as the second tract in a deed from Nathan Helton to Y. D. Harrison, dated November 14th, 1906, recorded in Vol. 61, page 597, deed records, Harrison County, Texas

24–25 149.33 acres of the G. W. Munden, A-856, G. W. Munden, A-857, 776 acres grant of land, more or less situated in Harrison County, Texas, about 14 miles Northeast from the City of Marshall and being fully described in a deed from Joe Lake, et al to Y. D. Hrrison, dated April 10th, 1911, recorded in Vol. 77, page 103, Deed Records Harrison County, Texas

The above 149.33 acres of land includes two tracts set out in the inventory and appraisement of the Y. D. Harrison Estate, one consisting of 48 acres and the other 100 acres.

26. 134 acres, more or less, being 134 acres of the said John S. Bell 320 acres grant, patent 69, Vol. 38, Abstract 96 and beginning at the N. W. corner of 198 acre set aside in a partition to Alice Hampton, a stake on the S. bank of Little Cyperss Bayou from which a P. O. brs S 14 W 10.3 vrs marked X.; Thence S 1480 to the S. W. corner of said Alice Hampton 198 acre tract from which a P. O. brs N. 43 E 4.8 vrs marked X; Thence W 508 vrs to the N. W. Corner of Josephine James 198 acre tract at a stake on the W. B. L. of said John Page 1/3 league from which a R O brs N 5 W 19 vrs marked X; Thence N. 715 vrs. to the N. W. corner of said John Page grant from which a B J brs S 63 E 5.2 vrs and a B O brs S 30 e. 11.4 vrs marked J. P.; Thence W 462 vrs to the S. W. corner of said John S. Bell 320 acre grant from which a R O brs N. 64 E 14 vrs and a hickory brs N 23 ½ W 2 ¼ vrs; Thence N 1000 vrs to the N. W. corner of said Bell 320 acre grant from which a persimmon brs S 71 ½ E 9.2 vrs and a sweet gum brs S 27 W 3.2 vrs both marked X; Thence E 335.6 vrs to corner on the S. bank of Little Cypress from which a P. O. brs S 84 E 2.2 vrs and a P. O brs S 59 W 5 vrs both marked X; Thence down said Cypress with its meanders to the place of beginning.

27. 100 acres, more or less, a part of the H. R. Surveys of John Page, Patent No. 539, Vol. 4, Abstract 545 and known as the James Place and bounded as follows:
Beginning at a stake on the James McCown line a hickory brs N 48 W 12 links;   Thence N 8 ½ W 26' 88 links to a stake, 3 large pines marked as pointers; Thence S. 81 ½ W 37 20 links to a small hickory and a hickory brs S. 73 E 14 links; Thence S 8 ½ E 26' 69 links to a stake with a B J. pointer bearing S 8 ½ E 19 links; Thence N. 81 ½ E to the place of beginning containing 100 acres, more or less;

28. 350 acres of the Joel B. Crain Survey, A-144 situated in Harrison County, Texas, described and bounded as follows: On the Northwest by lands owned by estate of Andrew Moody, by land formerly owned by Frances Jordan and now owned by Womack and Harrison; on the Northeast by lands owned by Sanders Haggerty; on the Southeast by lands owned by Tom Jones, by lands owned by Dave Pilot, etal, and by lands owned by the Wood estate ; and on the Southwest by lands owned by T. B. Owens.

29. A part of the Joel B. Crain Headwright Survey, A-144 situated about 11 miles N 45 E from the City of Marshall, in Harrison County, Texas, and bounded as follows: BEGINNING at stake on the North side of dirt road leading from the old Jefferson and Shreveport Road to Bert Strongs, beginning at the N E corner of 150 acres belonging to Andrew McKay from which a red oak bears N 88 E 5 vrs marked X; THENCE N 45 E 712 vrs a stake at the S W corner of Bert Strong's 150 acres from which a hickory bears S 47 E 10 ½ varas marked X; THENCE with Bert Strong's South line S 45 E 806 vrs, a stake at his S W corner; THENCE S 45 W 712 vrs to rock for corner, from which a black jack bears N 61 W 3.5 vrs, and another black jack brs N 25 W 6.6 vrs, on the marker X, THENCE with Andrew McKay's line N 45 W 806 varas to the place of beginning, containing 101.6 acres, more or less.

30. A part of the Joel B. Crain Headright Survey, A-144 about 10 ½ miles Northeast of the City of Marshall, and more particularly described as follows, to-wit: BEGINNING at the N E corner of 100 acre tract conveyed by J. C. Womack and Company on February 25, 1909, from which a hickory brs S 75 ½ E 3 vrs and a Black Jack brs S 75 W 3 ½ vrs both marked D; THENCE S 18 E 925 vrs to Post Oak tree marked "D" for corner; THENCE S 45 W 410 vrs to the SW corner of said 100 acre a Pine brs N 4 W 7 ¼ vrs and another Pine brs N 44 E 3 vrs both marked X; THENCE N 45 W 390 vrs with the WBL of said 100 acre tract to stake for corner on same, being the S W corner of a 30 acre tract reserved by Burk Strong out of said 100 acre tract, and from which a Pine brs N 45 W 12 vrs marked X; THENCE N 45 W 400 vrs to a hickory for corner in edge of field, same being S E corner Burk Strong 30 acre tract; THENCE N 45 E with N B L of said 100 acre tract, to the place of beginning, containing 70 acres of land, more or less.

31. 103.3 acres of the John M. Dorr Headright, A-4, in Harrison County, Texas, about 8 miles S W of Marshall, which was deeded to E. T. Bechtold by W. T. Twyman on December 15, 1906 and described as follows: BEGINNING at the N W corner of a tract of land owned by the heirs of Calvin Field at a stake from which a pine brs S 18 W 6.8 vrs and a pine brs S 10.3 E 14.3 vrs both marked X; THENCE W 370 vrs a corner from which a pine brs S 66 ½ E 8.7 vrs both mkd X; THENCE S 1598 vrs to a corner on the Marshall and Camden dirt road from which a red oak brs 45 ¼ E 20.8 vrs, and a post oak brs N 55 W 17.1 vrs. both marked X; THENCE N 79 E 124 vrsa corner in said road from which a red oak brs N 15 ¼ E 10 vrs, mkd F X, a pine brs S 17 W 17.8 vrs, mkd X; THENCE E 248 vrs to the S W corner of said Calvin Field's tract, from which a pine brs N 28 W 3.4 vrs and a red oak brs N 57 E 344 vrs, mkd X; THENCE N 1575 vrs to the place of beginning containing 103.3 acres of land, more or less.

37.  A part of the J. B. McDaniel Headright Survey, A-494 in Harrison County, Texas, and described as follows, to-wit: BEGINNING at the South Corner of the F. M. English tract of land on the South West boundary of the J. B. McDaniel Headright Survey, a t a stake from which two Sweet Gums bear South 85 W 5.2 vrs, both marked "X"; THENCE South 38-38' E 1535 vrs to the South Corner of said McDaniel Survey from which a Pine 10' in dia brs N 28 W 5 vrs; THENCE North 38-51 East with Southeast Boundary line of the said McDaniel Survey and the N West Line of the Geo. W Lewis Survey at 1350 vrs the East corner of the said McDaniel Survey, from which a Post Oak 15" in dia brs N 78 W 10 vrs mkd "X", a Red Oak 15" in dia bears South 68 W 11 1/2 vrs, marked "M" and a Hickory 10" in dia brs South 20 W 9 vrs mkd "X"; THENCE North 65-22' West 1285 vrs with the N E Boundary of McDaniel's Survey, the East corner of F. M. English's tract, from which a Pine brs N 15 W, mkd "X", and a Pine brs South 77 West 9.4 vrs; THENCE South 64-15' W 760 vrs with English's S E line along and old fence row to the place of beginning, containing 247.21 acres of land, more or less.

38.  50 acres of land, more or less, being a part of the M. S. Ussery Headright Survey, A-723 about 8 miles Southeast from the City of Marshall, Texas, and more particularly described as follows, to-wit: BEGINNING at the Northwest corner of a 200 acre tract of land sold by R R Scott to Henry Jones, Arthur Jones and Ocie Frazier on January 13, 1911, by deed recorded in Vol. 72, Page 237, Deed Records of Harrison County, Texas; THENCE East with the North Boundary Line of said 200 acres tract 1444 vrs to the Northeast corner of same, from which a Red Oak brs S 4 1/2 E 4 vrs marked X; THENCE South 488-3/4 vrs with the East Boundary Line of said 200 acre tract to the N E corner of 75 acres off the South side of said 200 acre tract conveyed by Henry Jones and Arthur Jones to Ocie Frazier on Dec. 31, 1920, by deed recorded in Vol. 119, Page 93, of the Deed Records of Harrison County, Texas; THENCE West with the North Boundary line of said Ocie Frazier 75 acre tract 1444 vrs to the North West corner of same on the West Boundary Line of said 200 acre tract; THENCE North with the west Boundary Line of 200 acre tract 488 3/4 vrs to the place of beginning, containing 125 acres of land; SAVE AND EXCEPT the following described tract of 75 acres of the M. S. Ussery 4560-3/10 acre Survey, Abst No. 722, in Harrison County, Texas, about 7 miles Southeast from the City of Marshall; BEGINNING at the N E corner of a 200 acres tract of land conveyed by R R Scott to Henry Jones, per deed recorded in Book 72, Page 237, of the Deed Records of Harrison County, Texas, a Red Oak brs S 4 1/2 E 4 vrs mkd X; THENCE S 279 vrs to corner on the E Boundary line of said 200 acres tract, a Pine brs S 50 W 2-2/10 vrs marked X; THENCE W 1444 vrs to corner on the West Boundary line of said 200 acres, a Post Oak brs N 43 W 7-2/10 vrs marked X; THENCE N 289 vrs to the place of beginning; leaving 50 acres more or less.

39.  Being a part of the Joel B Crane Headright survey in Harrison County, Texas, and being Block #10 containing 19.31 called acres as shown by the partition deed among the heirs of Joe Williams, 100 acre tract. Said partition deed is recorded in Book 85 Page 1 deed records of Harrison County, Texas, and being Block #10:

40.  Being 149.33 acres of the G. W. Munden 776 acres Grant of land situate in Harrison County, Texas about 14 miles North East from the city of Marshall, Beginning at the North West corner of said Munden Survey at a stake on the South Bank of Cypress Bayou an Over Cup for corner mkd X. Thence South 45 W with the East Boundary Line of the G. W. Patty 320 acres Grant 538 vrs to corner from which a Pine brs. N 26 1/2 W 2 vrs and a Pine brs. N 81 E. 1.9 vrs mkd. X. Thence South 62 W 440 vrs to another corner of said Petty survey from which a Sweet Gum brs. N. 2 vrs. mkd. CKA. and a Pine brs. N. 86 W 4.4 vrs mkd. L. Thence South 285 vrs to another corner of said Petty Survey from which a Hickory brs. S. 42 1/2 E 1.6 vrs mkd. X. Thence South 20 E. 193 vrs to the North East corner of a tract of land owned by Chas. Williams. Thence East 92 vrs to a Large Post Oak at corner mkd. X. On the West Bank of Haggerty Creek. Thence down said Creek with its meanders N. 26 1/4 E 76 vrs; N 45 1/2 E 120 vrs N 69 1/2 E 50 vrs; S 42 1/2 E 142 vrs N 64 1/2 E 75 vrs N 64 E 191 vrs S 63 E 44 vrs; S 74 1/2 E 49 vrs; N 71 1/2 E. 36 vrs N 40 1/2 E. 50 vrs. N. 27 E 50 vrs; N 19 E 70 vrs; N 21 1/4 E. 50 vrs; N. 41 E 52 vrs, N 51 E 50 vrs, N. 41 E 130 vrs N 52 E. 110 vrs N 68 E 50 vrs N 65 1/2 E 46 vrs N 46 1/2 E 130 vrs N. 31 1/2 W 200 vrs N 11 W 121 vrs E. 50 E 144 vrs N 77 1/2 E 180 vrs N. 89 E 90 vrs N 55 E. 93 vrs N 65 1/2 E 150 vrs S 83 1/2 E 277 vrs; to the Mouth of said Haggerty Creek where it empties in the Big Cypress Bayou a stake for corner a Cypress brs. N. 83 1/2 W 7.6 vrs mkd. X Thence up said Big Cypress Bayou with its meanders N 74 1/2 W 187 vrs S 88 W 94 vrs; S 85 W 118 vrs S 72 1/2 W 164 vrs S 82 1/2 W. 130 vrs S 60 W 398 vrs N 74 W 132 vrs; N 72 1/2 W 120 vrs to the place of beginning.

41. About 13 miles N.E. from the City of Marshall, and a part of the George W. Petty Survey and bounded as follows: Beginning at a stake in the S. margin of Caddo Lake and in the N. corner of said Petty Survey a water oak bears N. 75 E. 15.4 vrs. another water oak bears S. 85 E. 16 vrs both mkd. A. Thence with said Lake Bank and down the same E. 600 vrs a Gum tree marked. C.K.A. Thence continuing with said Lake Bank S 45 E 70 vrs a sweet gum bearing tree marked C.K.A. Thence continuing with and down said Lake Bank S. 45 E 70 vrs. a sweet gum bearing tree makred CK.A. Thence continuing down and with sadi Lake bank to the mouth of Haggerty's Creek. Thence up said creek to a Cypress marked C.K.A. 425 vrs S. 45 from the last above marked bearing tree. Thence continuing with said Haggerty's Creek and up the same S. 62 W. 440 vrs to a Sweet Gum on bank of same marked C.K.A. Thence N 45 W. 380 vrs a stake in W. Boundary of said Petty Survey and in E. Boundary line of Joel B. Crane survey; Thence with said boundary line N. 45 E. 435 vrs. to the place of beginning.

Also another tract off of said same headright described as follows; Beginning on W. margin of a small Branch in the S.E. boundary line of the Joel B. Crain Headright a maple bears N. 53 1/2 E 3.8 vrs a maple bears N. 60 W. 4.7 vrs both marked L. Thence E. 1025 vrs a stake near Haggerty's Creek in Creek boundary line of the Petty Headright survey. Thence with said Creek N. 20 W. 185 vrs to a corner bearing tree being destroyed. Thence with said Creek N. 250 vrs. a Sweet Gum marked C.K.A. Thence N. 45 W. 380 vrs. to S.E. boundary line of the Crain Survey and in the N.W. line of the Petty survey. Thence with said Crain and Petty line S. 45 W. 980 vrs. to place of beginning herein. 120 acres, more or less and being the same lands conveyed to Lake & Cooper by M. Andres, recorded in Book 27, page 306 and to Lake & Cooper by J. O. Womack, recorded in Book 30 page 147 records of deed of Harrison County, Texas

48

**TAB R**

**Zimbra**

dixiemayfield@jdmllc.com

**Re: Virginia Rose Mills Cope - #4673 - Burk Royalty - Double K GU - Harrison ...**

From : Homsfan12478@aol.com

Tue, Jul 19, 2011 02:40 PM

Subject : Re: Virginia Rose Mills Cope - #4673 - Burk
Royalty - Double K GU - Harrison ...

To : dixiemayfield@jdmllc.com

We have ran title on her before back a year or so ago. I thought I had her stuff written down but couldn't find it. However, it doesn't really matter because she sold all her interest already to another company. Probably the reason I didn't put her in my book. She is now though.

Thanks

Steven Riggins

#4673
Virginia Rose Mills Cope

Burk Royalty
Double K
Harrison Co
(S) misc.

PLAINTIFF'S
EXHIBIT
24

DAVIS . . . . . . . . . 68.

**TAB S**

Search Criteria

Instrument Number        Grantor                        Survey Legal

Search Results

1/23/56 - 9/16/14 + mills... — X  1/23/56 - 9/16/14 + mills... —

| Grantor | First Grantee | Instrument # | Type | First Legal | Recorded | Book Volume Page |
|---|---|---|---|---|---|---|
| HILLS JAMES HAMMOND | GASPER RICE & ASSOCIATES INC | 1997-00023272 | LM | MULTIPLE TRACTS SEE INSTRUMENT | 11/24/1997 | B: OR V: 1714 P: 21 |
| HILLS JAMES HAMMOND | BEASLEY W H JR | 1999-00049698 | LM | Subdivision: D EARLE SUR Abst #: 235 S... | 10/27/1999 | B: OR V: 2014 P: 312 |
| HILLS JAMES HAMMOND | EXPEDITION NATURAL RESOURCES INC | 2001-01011558 | LM | Subdivision: M S USSERY SUR Abst #: 72... | 11/14/2001 | B: OR V: 2330 P: 303 |
| HILLS JAMES HAMMOND | WAGNER & BROWN LTD | 2002-02000319 | LM | Subdivision: J SMITH SUR Abst #: 659 Su... | 01/10/2002 | B: OR V: 2358 P: 194 |
| HILLS JAMES HAMMOND | ROBERTSON JOHN L | 2003-03014147 | MEL | Subdivision: C GRILLETT SUR Abst #: 9 S... | 11/06/2003 | B: OR V: 2736 P: 184 |
| HILLS JAMES HAMMOND | COASTAL MANAGEMENT TRUST | 2003-03014979 | MINE | Subdivision: H MC NUTT SUR Abst #: 442... | 11/25/2003 | B: OR V: 2747 P: 81 |
| HILLS JAMES HAMMOND | FULLER JAMES R JR | 2004-04010325 | LM | Subdivision: D EARLE SUR Abst #: 235 S... | 07/29/2004 | B: OR V: 2896 P: 114 |
| HILLS JAMES HAMMOND | SAMSON LONE STAR LIMITED PARTNERS... | 2005-05005406 | LM | Subdivision: H W YARDEMAN SUR Abst #:... | 04/06/2005 | B: OR V: 3063 P: 94 |
| HILLS JAMES HAMMOND | COASTAL MANAGEMENT TRUST | 2006-06001739 | MINE | Subdivision: J B CRAIN SUR Abst #: 144 ... | 02/07/2006 | B: OR V: 3281 P: 59 |
| HILLS JAMES HAMMOND | BW ENERGY CONSULTANTS INC | 2006-06004595 | LM | Subdivision: J RILEY SUR Abst #: 609 Sur... | 03/30/2006 | B: OR V: 3317 P: 130 |
| HILLS JAMES HAMMOND | BURK ROYALTY CO LTD | 2007-07001124 | LM | Subdivision: J SMITH SUR Abst #: 650 Su... | 01/22/2007 | B: OR V: 3534 P: 70 |
| HILLS JAMES HAMMOND | LOUTEX ENERGY LLC | 2007-07001671 | LM | Subdivision: J SMITH SUR Abst #: 650 Su... | 02/01/2007 | B: OR V: 3541 P: 84 |
| HILLS JAMES HAMMOND | PENN VIRGINIA OIL & GAS LP | 2007-07015851 | LM | Subdivision: J A WHITELSEY SUR Abst #:... | 10/16/2007 | B: OR V: 3737 P: 260 |
| HILLS JAMES HAMMOND | WAGNER & BROWN LTD | 2007-07018070 | LM | Subdivision: J B CRAIN SUR Abst #: 144 ... | 11/27/2007 | B: OR V: 3766 P: 183 |
| HILLS JAMES HAMMOND | JONI LLC | 2007-07019680 | NONE | Subdivision: EARLE D SUR Abst #: 235 S... | 12/27/2007 | B: OR V: 3786 P: 317 |
| HILLS JAMES HAMMOND | JONI LLC | 2007-07019832 | NONE | Subdivision: C GRILLET SUR Abst #: 9 Su... | 12/31/2007 | B: OR V: 3788 P: 316 |
| HILLS JAMES HAMMOND | JONI LLC | 2008-08000380 | NONE | Subdivision: M S USSERY SUR Abst #: 72... | 01/09/2008 | B: OR V: 3793 P: 130 |
| HILLS JAMES HAMMOND | WAGNER & BROWN LTD | 2008-08000934 | LM | Subdivision: G W MUNDEN SUR Abst #: 8... | 01/18/2008 | B: OR V: 3803 P: 262 |
| HILLS JAMES HAMMOND | CHINN EXPLORATION CO | 2008-08009319 | LM | Subdivision: J RILEY SUR Abst #: 609 Sur... | 08/06/2008 | B: OR V: 3911 P: 71 |
| HILLS JAMES HAMMOND | SAMSON LONE STAR LLC | 2008-08012479 | MEL | MULTIPLE TRACTS SEE INSTRUMENT | 08/06/2008 | B: OR V: 3965 P: 109 |
| HILLS JAMES HAMMOND | SAMSON LONE STAR LLC | 2008-08014055 | MEL | Subdivision: C H ADAMS SUR Abst #: 41... | 08/13/2008 | B: OR V: 3972 P: 7 |
| HILLS JAMES HAMMOND | SAMSON LONE STAR LLC | 2008-08018081 | MEL | Subdivision: SP RR CO SUR 439 Abst #: ... | 10/08/2008 | B: OR V: 4024 P: 136 |
| HILLS JAMES HAMMOND | BURK ROYALTY CO LTD | 2009-09008014 | LM | Subdivision: J SMITH SUR Abst #: 650 Su... | 05/03/2009 | B: OR V: 4182 P: 324 |
| HILLS JAMES HAMMOND | NFR EAST TEXAS BASIN LLC | 2010-00003160 | LM | Abst #: 144 Survey Name: JB CRAIN Su... | 03/11/2010 | |
| HILLS JAMES HAMMOND | NFR EAST TEXAS BASIN LLC | 2010-00003163 | LM | Abst #: 144 Survey Name: JB CRAIN SU... | 03/11/2010 | |
| HILLS JAMES HAMMOND | WAGNER & BROWN LTD | 2010-00007440 | LM | Abst #: 144 Survey Name: JB CRAIN SU... | 06/07/2010 | |
| HILLS JAMES HAMMOND | MUELLER MARK J | 2011-00006112 | HO | MULTIPLE PROPERTIES SEE INSTRUMENT | 05/31/2011 | |
| HILLS JAMES HAMMOND | DEVON ENERGY PRODUCTION CO LP | 2012-00001286 | MEL | MULTIPLE PROPERTIES SEE INSTRUMENT | 02/01/2012 | |
| HILLS JAMES HAMMOND | SENDERO RESOURCES INC | 2012-00003212 | LM | Abst #: 545 Survey Name: J PAGE SUR ... | 03/12/2012 | |
| HILLS JAMES HAMMOND | UNIVERSAL ROYALTY CO LTD | 2012-00005112 | NONE | Acres: 77 899.9340 | 04/24/2012 | |
| HILLS JAMES HAMMOND | SENDERO RESOURCES INC | 2013-00003255 | LM | Abst #: 609 Survey Name: J RILEY SUR ... | 03/18/2013 | |
| HILLS JAMES HAMMOND | VANE LLC | 2013-00010757 | MEL | Abst #: 871 Survey Name: EJ BAKER SU... | 09/03/2013 | |

Returned 37 of 37 matching Document(s)

PATSY COX, COUNTY CLERK
P.O. BOX 1365
MARSHALL, TEXAS 75671-1365

1732

Search Criteria

Instrument Number     Grantor     Survey Legal

Search Results

1/23/56 - 9/16/14 + mills, --- X 1/23/56 - 9/16/14 + mills, ---

| Grantor | First Grantee | Instrument # | Type | First Legal | Recorded | Book Volume Page |
|---|---|---|---|---|---|---|
| MILLS JAMES HAMMOND | EXPEDITION NATURAL RESOURCES INC | 2001-01011558 | LM | Subdivision: M S LISSERV SUR Abst #: 72... | 11/14/2001 | B: OR V: 2330 P: 305 |
| MILLS JAMES HAMMOND | WAGNER & BROWN LTD | 2002-02000319 | LM | Subdivision: J SMITH SUR Abst #: 650 Su... | 01/10/2002 | B: OR V: 2358 P: 194 |
| MILLS JAMES HAMMOND | ROBERTSON JOHN L | 2003-03014147 | WEL | Subdivision: C GOLLETT SUR Abst #: 95... | 11/06/2003 | B: OR V: 2756 P: 194 |
| MILLS JAMES HAMMOND | COASTAL MANAGEMENT TRUST | 2003-03014979 | NONE | Subdivision: H HC NUTT SUR Abst #: 442... | 11/25/2003 | B: OR V: 2747 P: 81 |
| MILLS JAMES HAMMOND | FULLER JAMES R JR | 2004-04010325 | LM | Subdivision: O EARLE SUR Abst #: 235 S... | 07/29/2004 | B: OR V: 2896 P: 114 |
| MILLS JAMES HAMMOND | SAMSON LONE STAR LIMITED PARTNERS... | 2005-05005406 | LM | Subdivision: H W WARDEMAN SUR Abst #... | 04/06/2005 | B: OR V: 3063 P: 94 |
| MILLS JAMES HAMMOND | COASTAL MANAGEMENT TRUST | 2006-06001739 | NONE | Subdivision: J B CRAIN SUR Abst #: 144... | 02/07/2006 | B: OR V: 3281 P: 59 |
| MILLS JAMES HAMMOND | BW ENERGY CONSULTANTS INC | 2006-06004695 | LM | Subdivision: J RILEY SUR Abst #: 609 Su... | 03/30/2006 | B: OR V: 3317 P: 130 |
| MILLS JAMES HAMMOND | BURK ROYALTY CO LTD | 2007-07001124 | LM | Subdivision: J SMITH SUR Abst #: 650 Su... | 01/22/2007 | B: OR V: 3534 P: 70 |
| MILLS JAMES HAMMOND | LOUTEX ENERGY LLC | 2007-07001671 | LM | Subdivision: J SMITH SUR Abst #: 650 Su... | 02/01/2007 | B: OR V: 3541 P: 84 |
| MILLS JAMES HAMMOND | PENN VIRGINIA OIL & GAS LP | 2007-07015851 | LM | Subdivision: J A WHETSLEY SUR Abst #:... | 10/16/2007 | B: OR V: 3737 P: 280 |
| MILLS JAMES HAMMOND | WAGNER & BROWN LTD | 2007-07019076 | LM | Subdivision: J B CRAIN SUR Abst #: 144 ... | 11/27/2007 | B: OR V: 3764 P: 183 |
| MILLS JAMES HAMMOND | JOMI LLC | 2007-07019660 | NONE | Subdivision: EARLE D SUR Abst #: 235 S... | 12/27/2007 | B: OR V: 3766 P: 317 |
| MILLS JAMES HAMMOND | JOMI LLC | 2007-07019832 | LM | Subdivision: C GOLLET SUR Abst #: 9 Su... | 12/31/2007 | B: OR V: 3788 P: 316 |
| MILLS JAMES HAMMOND | JOMI LLC | 2008-08000380 | NONE | Subdivision: G W MUNDEN SUR Abst #: 8... | 01/09/2008 | B: OR V: 3795 P: 130 |
| MILLS JAMES HAMMOND | WAGNER & BROWN LTD | 2008-08000934 | LM | Subdivision: M S LISSERY SUR Abst #: 72... | 01/16/2008 | B: OR V: 3803 P: 262 |
| MILLS JAMES HAMMOND | CRDN EXPLORATION CO | 2008-08009319 | LM | Subdivision: J RILEY SUR Abst #: 609 Sur... | 04/06/2008 | B: OR V: 3911 P: 71 |
| MILLS JAMES HAMMOND | SAMSON LONE STAR LLC | 2008-08013479 | WEL | MULTIPLE TRACTS SEE INSTRUMENT | 08/05/2008 | B: OR V: 3965 P: 109 |
| MILLS JAMES HAMMOND | SAMSON LONE STAR LLC | 2008-08014055 | WEL | Subdivision: C M ADAMS SUR Abst #: 41... | 08/13/2008 | B: OR V: 3972 P: 7 |
| MILLS JAMES HAMMOND | SAMSON LONE STAR LLC | 2008-08018081 | WEL | Subdivision: SP RR CO SUR 438 Abst #: ... | 10/08/2008 | B: OR V: 4024 P: 136 |
| MILLS JAMES HAMMOND | BURK ROYALTY CO LTD | 2009-09008014 | LM | Subdivision: J SMITH SUR Abst #: 650 Su... | 06/03/2009 | B: OR V: 4182 P: 324 |
| MILLS JAMES HAMMOND | NFR EAST TEXAS BASIN LLC | 2010-000003160 | LM | Abst #: 144 Survey Name: JB CRAIN SU... | 03/11/2010 | |
| MILLS JAMES HAMMOND | NFR EAST TEXAS BASIN LLC | 2010-000003163 | LM | Abst #: 144 Survey Name: JB CRAIN SU... | 03/11/2010 | |
| MILLS JAMES HAMMOND | WAGNER & BROWN LTD | 2010-000007440 | LM | Abst #: 144 Survey Name: JB CRAIN SU... | 04/07/2010 | |
| MILLS JAMES HAMMOND | MUELLER MARK J | 2011-000006112 | HD | MULTIPLE PROPERTIES SEE INSTRUMENT | 05/31/2011 | |
| MILLS JAMES HAMMOND | DEVON ENERGY PRODUCTION CO LP | 2012-000001286 | MEL | MULTIPLE PROPERTIES SEE INSTRUMENT | 02/01/2012 | |
| MILLS JAMES HAMMOND | SENDERO RESOURCES INC | 2012-000003212 | LM | Abst #: 545 Survey Name: J PAGE SUR ... | 03/12/2012 | |
| MILLS JAMES HAMMOND | UNIVERSAL ROYALTY CO LTD | 2012-000006112 | NONE | Acres: FT 639 9340 | 04/24/2012 | |
| MILLS JAMES HAMMOND | SENDERO RESOURCES INC | 2013-000003255 | LM | Abst #: 609 Survey Name: J RILEY SUR ... | 01/18/2013 | |
| MILLS JAMES HAMMOND | VANE LLC | 2013-000010757 | WEL | Abst #: 871 Survey Name: ED BAKER SU... | 09/03/2013 | |
| MILLS JAMES HAMMOND | SENDERO RESOURCES INC | 2013-000015019 | LM | Acres: 100.00 | 12/19/2013 | |
| MILLS JAMES HAMMOND | PREMIER OIL LP | 2014-000009450 | HD | Abst #: 545 Survey Name: J PAGE SUR ... | 04/29/2014 | |

Returned 37 of 37 matching Document(s)

PATSY COX, COUNTY CLERK
P.O. BOX 1365
MARSHALL, TEXAS 75671-1365

This is Index from Marshall, TX. Harrison County          Deputy Clerk Pam Rockwell

Search Criteria

Instrument Number

Grantee

Book/Vol/Page

Both Names

Book     Volume     Page

Platted Legal

Recording Date

Subdivision     Lot     Block     Tract     Unit

From 01/23/1956

To 09/16/2014

Survey Legal

Grantor

Abstract    Survey    Block    Township    Section    Tract    Acres

cope, virginia

Legal Remarks

Search: Clear Criteria: Filter: Clear All: Run Saved Search

### Search Results

1/23/56 - 9/16/14 + cope, v... | 1/23/56 - 9/16/14 + mills, ... | X 1/23/56 - 9/16/14 + copa, v...

| Grantor | First Grantee | Instrument # | Type | First Legal | Recorded | Book Volume Page | ✓ | ♪ | 🔍 |
|---|---|---|---|---|---|---|---|---|---|
| COPE VIRGINIA | SHADY ACRES ADDITION SECTION IVA | 2891 | COV | Subdivision: SHADY ACS ADDN IVA | 05/20/1974 | B: DR V: 747 P: 54 | | | |
| COPE VIRGINIA C | MARSHALL EXPLORATION INC | 1986-00005962 | LM | Subdivision: SHADY ACR 4A Lot: 5 Block: ... | 05/07/1986 | B: DR V: 1109 P: 129 | | | |
| COPE VIRGINIA C | MOORE GILBERT J JR | 6351 | ML | Survey Name: A LANGFORD SUR Acres: ... | 12/04/1968 | B: ML V: 61 P: 567 | | | |
| COPE VIRGINIA MILLS | ENRON OIL & GAS CO | 1996-00005876 | LM | Subdivision: M S USSERY SUR Abst #: 72... | 06/07/1996 | B: OR V: 1525 P: 230 | | | |
| COPE VIRGINIA MILLS | WINCHESTER PRODUCTION CO | 1999-00051783 | MD | Subdivision: D EARLE SUR Abst #: 235 Su... | 12/29/1999 | B: OR V: 2037 P: 182 | | | |
| COPE VIRGINIA ROSE MILLS | HORNE CHARLES B | 1994-00010213 | MD | MULTIPLE TRACTS SEE INSTRUMENT | 10/27/1994 | B: DR V: 1373 P: 285 | | | |
| COPE VIRGINIA ROSE MILLS | BEASLEY W H JR | 1999-00050348 | LM | Subdivision: D EARLE SUR Abst #: 235 Su... | 11/15/1999 | B: OR V: 2022 P: 16 | | | |
| COPE VIRGINIA ROSE MILLS | WAGNER & BROWN LTD | 2002-02002250 | LM | Subdivision: J SMITH SUR Abst #: 650 Su... | 02/28/2002 | B: OR V: 2384 P: 297 | | | |
| COPE VIRGINIA ROSE MILLS | FULLER JAMES R JR | 2004-04010327 | LM | Subdivision: D EARLE SUR Abst #: 235 Su... | 07/29/2004 | B: OR V: 2896 P: 120 | | | |
| COPE VIRGINIA ROSE MILLS | SUTTERER KEITH | 2005-05004972 | MD | Subdivision: D EARLE SUR Abst #: 235 Su... | 03/31/2005 | B: OR V: 3057 P: 72 | | | |
| COPE VIRGINIA ROSE MILLS | KOCH DOUGLAS C | 2005-05006043 | AS | Subdivision: D EARLE SUR Abst #: 235 Su... | 04/18/2005 | B: OR V: 3071 P: 244 | | | |
| COPE VIRGINIA ROSE MILLS | WAGNER & BROWN LTD | 2008-08004721 | LM | Subdivision: G W PETTY SUR Abst #: 582... | 03/28/2008 | B: OR V: 3852 P: 323 | | | |
| COPE VIRGINIA ROSE MILLS | BURK ROYALTY CO LTD | 2009-009016074 | LM | Abst #: 650 Survey Name: J SMITH SUR ... | 11/17/2009 | | | | |
| COPE VIRGINIA ROSE MILLS | SOUTHWEST PETROLEUM CO LP | 2011-000007294 | MD | | 06/24/2011 | | | | |
| COPE VIRGINIA ROSE MILLS | MUELLER MARK J | 2011-000007941 | MD | MULTIPLE PROPERTIES SEE INSTRUMENT | 07/11/2011 | | | | |
| COPE VIRGINIA ROSE PURVIS | SAMSON LONE STAR LLC | 2008-08011164 | MEL | MULTIPLE TRACTS SEE INSTRUMENT | 07/07/2008 | B: OR V: 3934 P: 288 | | | |
| COPE VIRGINIA ROSE PURVIS | SAMSON LONE STAR LLC | 2008-08010070 | MEL | Subdivision: S P RR CO SUR-436 Abst #: ... | 10/08/2008 | B: OR V: 4024 P: 114 | | | |
| COPE VIRGINIA ROSE PURVIS | MAYS RICHARD FOSTER | 2009-09003019 | MINE | | 02/24/2009 | B: OR V: 4120 P: 115 | | | |
| COPE VIRGINIA ROSE PURVIS | MUELLER MARK J | 2011-000007941 | MD | MULTIPLE PROPERTIES SEE INSTRUMENT | 07/11/2011 | | | | |

Returned 18 of 18 matching Document(s)

PATSY COX, COUNTY CLERK
P.O. BOX 1365
MARSHALL, TEXAS 75671-1365

**TAB T**

# HARRISON COUNTY TAX OFFICE
## TAX CERTIFICATE

**HARRISON COUNTY TAX OFFICE**
**PO BOX 967**
**MARSHALL, TX 75671**
**PHONE: 903-935-8411**

| Owner Information |
| --- |
| MILLS JAMES HAMMOND |
| 1115 KOPRIL LN |
| LONGWOOD, FL 32779-5855 |

| Amount Due | $0.00 |
| --- | --- |
| IF PAID IN SEPTEMBER 2014 | |

| Paid in Month | *Addn Fees | Tax Due |
| --- | --- | --- |
| October 2014 | 0.00 | 0.00 |
| November 2014 | 0.00 | 0.00 |
| December 2014 | 0.00 | 0.00 |

Mail to
**MILLS JAMES HAMMOND**
**1115 KOPRIL LN**
**LONGWOOD, FL 32779-5855**

IF THIS PROPERTY RECEIVED OR IS
RECEIVING SPECIAL VALUATION
BASED ON ITS USE, ADDITIONAL
ROLLBACK TAXES MAY BECOME DUE AS
PROVIDED BY TAX CODE CHAPTER 23.

| | | Market Values | Summary |
| --- | --- | --- | --- |
| **Property Information** | **Legal Information** | | |
| ID: N000508353<br>GEOID: L0320.0976350.RI<br>OWNER INTEREST: 0.000399<br>SITUS: HAR | LEGAL: LANE WILLIAM H "A", PEAK ENERGY<br>CORPORATIO, GOOCH, ETL ST WATTS ETL SUR,<br>WELL #2-C | | |

| Tax Year | Taxing Entities | Base Tax | Paid | Balance | Penalty & Interest | Attorney Fee | Other Fees | Total Due |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2011 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2011 | 79 ESD #8 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2011** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| 2012 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2012 | 79 ESD #8 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2012** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| 2013 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 79 ESD #8 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2013** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| | | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |

Quick Link:

BJD White hurst

| Amount Due | $0.00 |
| --- | --- |
| IF PAID IN SEPTEMBER 2014 | |

This certifies that after checking the tax records of this office the following taxes,
penalties and interest, attorney fees and late fees are due for this property for the
following taxing units.

Fee: _____ 10.00

_____
Signature of Collections Officer

9/16/2014
Date of Tax Certificate

GF #_____

1744

# HARRISON COUNTY TAX OFFICE
## TAX CERTIFICATE

**HARRISON COUNTY TAX OFFICE**
**PO BOX 967**
**MARSHALL, TX 75671**
**PHONE: 903-935-8411**

| Owner Information |
| --- |
| MILLS JAMES HAMMOND |
| 1115 KOPRIL LN |
| LONGWOOD, FL 32779-5855 |

| Amount Due | $0.00 |
| --- | --- |

**IF PAID IN SEPTEMBER 2014**

| Paid in Month | *Addn Fees | Tax Due |
| --- | --- | --- |
| October 2014 | 0.00 | 0.00 |
| November 2014 | 0.00 | 0.00 |
| December 2014 | 0.00 | 0.00 |

Mail to **MILLS JAMES HAMMOND**
**1115 KOPRIL LN**
**LONGWOOD, FL 32779-5855**

**IF THIS PROPERTY RECEIVED OR IS
RECEIVING SPECIAL VALUATION
BASED ON ITS USE, ADDITIONAL
ROLLBACK TAXES MAY BECOME DUE AS
PROVIDED BY TAX CODE CHAPTER 23.**

| Property Information | Legal Information | Market Values | Summary |
| --- | --- | --- | --- |
| ID: N010564893<br>GEOID: E2590.0976350.RI<br>OWNER INTEREST: 0.000036 | LEGAL: EMMITT 1 #1, SABINE OIL & GAS LLC,<br>WOODLAWN, ETAL J B CRAIN ETAL SUR, WELL<br>#1U R | | |

| Tax Year | Taxing Entities | Base Tax | Paid | Balance | Penalty & Interest | Attorney Fee | Other Fees | Total Due |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2012 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2012 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL FOR 2012 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL FOR 2013 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Quick Link:

*Bob Whitehurst*

This certifies that after checking the tax records of this office the following taxes,
penalties and interest, attorney fees and late fees are due for this property for the
following taxing units.

_____
Signature of Collections Officer

9/16/2014
Date of Tax Certificate

| Amount Due | $0.00 |
| --- | --- |

**IF PAID IN SEPTEMBER 2014**

Fee: _____ 10

GF # _____

# HARRISON COUNTY TAX OFFICE
## TAX CERTIFICATE

**HARRISON COUNTY TAX OFFICE**
**PO BOX 967**
**MARSHALL, TX 75671**
**PHONE: 903-935-8411**

| Owner Information |
| --- |
| MILLS JAMES HAMMOND |
| 1115 KOPRIL LN |
| LONGWOOD, FL 32779-5855 |

| Amount Due | $0.00 |
| --- | --- |
| *IF PAID IN SEPTEMBER 2014* | |

| Paid in Month | *Addn Fees | Tax Due |
| --- | --- | --- |
| October 2014 | 0.00 | 0.00 |
| November 2014 | 0.00 | 0.00 |
| December 2014 | 0.00 | 0.00 |

Mail to

**MILLS JAMES HAMMOND**
**1115 KOPRIL LN**
**LONGWOOD, FL 32779-5855**

**IF THIS PROPERTY RECEIVED OR IS
RECEIVING SPECIAL VALUATION
BASED ON ITS USE, ADDITIONAL
ROLLBACK TAXES MAY BECOME DUE AS
PROVIDED BY TAX CODE CHAPTER 23.**

| Property Information | Legal Information | Market Values | Summary |
| --- | --- | --- | --- |
| ID: N010572859<br>GEOID: P2150.0976350.RI<br>OWNER INTEREST: 0.000036 | LEGAL: PILOT #2, SABINE OIL & GAS LLC,<br>WOODLAWN, JOEL CRAIN | | |

| Tax Year | Taxing Entities | Base Tax | Paid | Balance | Penalty & Interest | Attorney Fee | Other Fees | Total Due |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2012 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2012 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2012** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| 2013 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2013** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| | | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |

Quick Link:

Bob White hust

| Amount Due | $0.00 |
| --- | --- |
| *IF PAID IN SEPTEMBER 2014* | |

*This certifies that after checking the tax records of this office the following taxes, penalties and interest, attorney fees and late fees are due for this property for the following taxing units.*

_____
Signature of Collections Officer

9/16/2014
Date of Tax Certificate

Fee: _____

GF #_____

1746

# HARRISON COUNTY TAX OFFICE
## TAX CERTIFICATE

**HARRISON COUNTY TAX OFFICE**
**PO BOX 967**
**MARSHALL, TX 75671**
**PHONE: 903-935-8411**

| Owner Information |
|---|
| MILLS JAMES HAMMOND |
| 1115 KOPRIL LN |
| LONGWOOD, FL 32779-5855 |

| Amount Due | $0.00 |
|---|---|
| **IF PAID IN SEPTEMBER 2014** | |

| Paid in Month | *Addn Fees | Tax Due |
|---|---|---|
| October 2014 | 0.00 | 0.00 |
| November 2014 | 0.00 | 0.00 |
| December 2014 | 0.00 | 0.00 |

Mail to

**MILLS JAMES HAMMOND**
**1115 KOPRIL LN**
**LONGWOOD, FL 32779-5855**

IF THIS PROPERTY RECEIVED OR IS
RECEIVING SPECIAL VALUATION
BASED ON ITS USE, ADDITIONAL
ROLLBACK TAXES MAY BECOME DUE AS
PROVIDED BY TAX CODE CHAPTER 23.

| | | Market Values | Summary |
|---|---|---|---|
| **Property Information** | **Legal Information** | | |
| ID: N010572921<br>GEOID: P2200.0976350.RI<br>OWNER INTEREST: 0.000036 | LEGAL: PILOT 1 #5, SABINE OIL & GAS LLC, WOODLAWN, 7.8 MLS SE JEFFERSON | | |

| Tax Year | Taxing Entities | Base Tax | Paid | Balance | Penalty & Interest | Attorney Fee | Other Fees | Total Due |
|---|---|---|---|---|---|---|---|---|
| 2012 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2012 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2012** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| 2013 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2013** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| | | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |

Quick Link:

Bub Whitehurst

This certifies that after checking the tax records of this office the following taxes, penalties and interest, attorney fees and late fees are due for this property for the following taxing units.

_____
Signature of Collections Officer

9/16/2014
Date of Tax Certificate

| Amount Due | $0.00 |
|---|---|
| **IF PAID IN SEPTEMBER 2014** | |

Fee: _____ 10⁰⁰

GF # _____

1747

# HARRISON COUNTY TAX OFFICE
## TAX CERTIFICATE

**HARRISON COUNTY TAX OFFICE**
**PO BOX 967**
**MARSHALL, TX 75671**
**PHONE: 903-935-8411**

| Owner Information |
| --- |
| MILLS JAMES HAMMOND<br>1115 KOPRIL LN<br>LONGWOOD, FL 32779-5855 |

| Amount Due | $0.00 |
| --- | --- |
| *IF PAID IN SEPTEMBER 2014* | |

| Paid in Month | *Addn Fees | Tax Due |
| --- | --- | --- |
| October 2014 | 0.00 | 0.00 |
| November 2014 | 0.00 | 0.00 |
| December 2014 | 0.00 | 0.00 |

Mail
to
**MILLS JAMES HAMMOND**
**1115 KOPRIL LN**
**LONGWOOD, FL 32779-5855**

**IF THIS PROPERTY RECEIVED OR IS
RECEIVING SPECIAL VALUATION
BASED ON ITS USE, ADDITIONAL
ROLLBACK TAXES MAY BECOME DUE AS
PROVIDED BY TAX CODE CHAPTER 23.**

| | | Market Values | Summary |
| --- | --- | --- | --- |
| **Property Information** | **Legal Information** | | |
| ID: N010572994<br>GEOID: P2250.0976350.RI<br>OWNER INTEREST: 0.000036 | LEGAL: PILOT 1 #6, SABINE OIL & GAS LLC,<br>WOODLAWN, 7.5 MLS SE JEFFERSON,<br>8396'FSWL& 1799'FSEL | | |

| Tax Year | Taxing Entities | Base Tax | Paid | Balance | Penalty & Interest | Attorney Fee | Other Fees | Total Due |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2012 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2012 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2012** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| 2013 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2013** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| | | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |

Quick Link:

| Amount Due | $0.00 |
| --- | --- |
| *IF PAID IN SEPTEMBER 2014* | |

*This certifies that after checking the tax records of this office the following taxes,
penalties and interest, attorney fees and late fees are due for this property for the
following taxing units.*

Signature of Collections Officer          9/16/2014

Date of Tax Certificate

Fee: _____ 1 00

GF #_____

1748

# HARRISON COUNTY TAX OFFICE
## TAX CERTIFICATE

**HARRISON COUNTY TAX OFFICE**
**PO BOX 967**
**MARSHALL, TX 75671**
**PHONE: 903-935-8411**

| Owner Information |
| --- |
| MILLS JAMES HAMMOND |
| 1115 KOPRIL LN |
| LONGWOOD, FL 32779-5855 |

| Amount Due | $0.00 |
| --- | --- |

*IF PAID IN SEPTEMBER 2014*

| Paid in Month | *Addn Fees | Tax Due |
| --- | --- | --- |
| October 2014 | 0.00 | 0.00 |
| November 2014 | 0.00 | 0.00 |
| December 2014 | 0.00 | 0.00 |

Mail
to

**MILLS JAMES HAMMOND**
**1115 KOPRIL LN**
**LONGWOOD, FL 32779-5855**

**IF THIS PROPERTY RECEIVED OR IS
RECEIVING SPECIAL VALUATION
BASED ON ITS USE, ADDITIONAL
ROLLBACK TAXES MAY BECOME DUE AS
PROVIDED BY TAX CODE CHAPTER 23.**

| Property Information | Legal Information | Market Values | Summary |
| --- | --- | --- | --- |
| ID: N010573041<br>GEOID: P2255.0976350.RI<br>OWNER INTEREST: 0.000036 | LEGAL: PILOT -7-, SABINE OIL & GAS LLC,<br>WOODLAWN CV, R O WATKINS, RRC 246963 | | |

| Tax Year | Taxing Entities | Base Tax | Paid | Balance | Penalty & Interest | Attorney Fee | Other Fees | Total Due |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2012 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2012 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL FOR 2012 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL FOR 2013 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Quick Link:

Bob Whitehurst

| Amount Due | $0.00 |
| --- | --- |

*IF PAID IN SEPTEMBER 2014*

*This certifies that after checking the tax records of this office the following taxes,
penalties and interest, attorney fees and late fees are due for this property for the
following taxing units.*

_____
Signature of Collections Officer

9/16/2014
Date of Tax Certificate

Fee: _____

GF #_____

1749

# HARRISON COUNTY TAX OFFICE
# TAX CERTIFICATE

**HARRISON COUNTY TAX OFFICE**
**PO BOX 967**
**MARSHALL, TX 75671**
**PHONE: 903-935-8411**

| Owner Information |
|---|
| MILLS JAMES HAMMOND |
| 1115 KOPRIL LN |
| LONGWOOD, FL 32779-5855 |

| Amount Due | $0.00 |
|---|---|
| **IF PAID IN SEPTEMBER 2014** | |

| Paid in Month | *Addn Fees | Tax Due |
|---|---|---|
| October 2014 | 0.00 | 0.00 |
| November 2014 | 0.00 | 0.00 |
| December 2014 | 0.00 | 0.00 |

Mail to

**MILLS JAMES HAMMOND**
**1115 KOPRIL LN**
**LONGWOOD, FL 32779-5855**

**IF THIS PROPERTY RECEIVED OR IS RECEIVING SPECIAL VALUATION BASED ON ITS USE, ADDITIONAL ROLLBACK TAXES MAY BECOME DUE AS PROVIDED BY TAX CODE CHAPTER 23.**

| Property Information | Legal Information | Market Values | | Summary | |
|---|---|---|---|---|---|
| ID: N010573085<br>GEOID: P2260.0976350.RI<br>OWNER INTEREST: 0.000036 | LEGAL: PILOT - 8H-, SABINE OIL & GAS LLC, WOODLAWN CV, R O WATKINS | Mineral | 130 | Total Market<br>Total Assessed | 130<br>130 |

| Tax Year | Taxing Entities | Base Tax | Paid | Balance | Penalty & Interest | Attorney Fee | Other Fees | Total Due |
|---|---|---|---|---|---|---|---|---|
| 2012 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2012 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2012** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| 2013 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2013** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| | | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |

Quick Link:

Bob Whitehurst

| Amount Due | $0.00 |
|---|---|
| **IF PAID IN SEPTEMBER 2014** | |

This certifies that after checking the tax records of this office the following taxes, penalties and interest, attorney fees and late fees are due for this property for the following taxing units.

_____
Signature of Collections Officer

9/16/2014
Date of Tax Certificate

Fee: _____

GF #_____

# HARRISON COUNTY TAX OFFICE
## TAX CERTIFICATE

**HARRISON COUNTY TAX OFFICE**
**PO BOX 967**
**MARSHALL, TX 75671**
**PHONE: 903-935-8411**

| Owner Information |
| --- |
| MILLS JAMES HAMMOND |
| 1115 KOPRIL LN |
| LONGWOOD, FL 32779-5855 |

| Amount Due | $0.00 |
| --- | --- |
| *IF PAID IN SEPTEMBER 2014* | |

| Paid in Month | *Addn Fees | Tax Due |
| --- | --- | --- |
| October 2014 | 0.00 | 0.00 |
| November 2014 | 0.00 | 0.00 |
| December 2014 | 0.00 | 0.00 |

Mail to

**MILLS JAMES HAMMOND**
**1115 KOPRIL LN**
**LONGWOOD, FL 32779-5855**

**IF THIS PROPERTY RECEIVED OR IS RECEIVING SPECIAL VALUATION BASED ON ITS USE, ADDITIONAL ROLLBACK TAXES MAY BECOME DUE AS PROVIDED BY TAX CODE CHAPTER 23.**

| | | Market Values | | Summary | |
| --- | --- | --- | --- | --- | --- |
| **Property Information** | **Legal Information** | Mineral | 100 | Total Market | 100 |
| ID: N010573132 | LEGAL: PILOT -09H-, SABINE OIL & GAS LLC, | | | Total Assessed | 100 |
| GEOID: P2265.0976350.RI | WOODLAWN, R O WATKINS, RRC 252778 | | | | |
| OWNER INTEREST: 0.000036 | | | | | |

| Tax Year | Taxing Entities | Base Tax | Paid | Balance | Penalty & Interest | Attorney Fee | Other Fees | Total Due |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2012 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2012 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2012** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| 2013 | 05 HARRISON COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | 70 ESD #3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **TOTAL FOR 2013** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| | | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |

Quick Link:

Bob Whitehurst

| Amount Due | $0.00 |
| --- | --- |
| *IF PAID IN SEPTEMBER 2014* | |

*This certifies that after checking the tax records of this office the following taxes, penalties and interest, attorney fees and late fees are due for this property for the following taxing units.*

_____
Signature of Collections Officer

9/16/2014
Date of Tax Certificate

Fee: 10⁵⁰

GF #

# HARRISON COUNTY

| Account Number / Name and Address | Legal Description | Value | Ptd | Exemptions / Addn Coding | Taxing Entities | Ceiling Year | Exemption Granted | Taxable Values | Tax Due |
|---|---|---|---|---|---|---|---|---|---|
| MILLS HYLA B<br>8230 TOWNS<br>DALLAS, TX 75243<br>OWNER INTEREST 0.000404 RI | JACKSON WE #6, BP AMERICA<br>PRODUCTION, WOODLAWN, 2.6 MLS<br>SE WOODLAWN<br>DIVIDED ACRES: .000 | 100 MIN MKT<br>100 TOTAL MKT<br>100 ASSESSED | G1 | DATE: 1/1/1900<br>NBH: MULTI | 05 HARRISON COUNTY<br>70 ESD #3 | 0<br>0 | | 100<br>100 | 0.32<br>0.10 |
| ID:N010398132 / 2013<br>GEO:J0160.0976200.RI | | | | | | | | Total Tax Due | 0.42 |
| MILLS IDA<br>958 OXBOW LN<br>DALLAS, TX 75241 | ABST: 442 H MCNUTT, V<br>SITUS: FM 134 KAR<br><br>ACRES: 2.243 | 18,640 LND NON HS * E<br>18,640 TOTAL MKT<br>18,640 ASSESSED | | DATE: 8/16/2012<br>NBH: 35,04 | 05 HARRISON COUNTY<br>77 ESD #6 | 0<br>0 | | 18,640<br>18,640 | 59.07<br>18.64 |
| ID:R000002085 / 2013<br>GEO:00442.00370.00000.000000 | AERIAL: 22 A<br>MAP NUM: 11 | | | | | | | Total Tax Due | 77.71 |
| MILLS IVAN A & MELBA<br>UNKNOWN<br>, 00000<br>OWNER INTEREST 0.000318 RI | WILLIAMS UNIT #1A, FOREST OIL<br>CORPORATION, BLOCKER, D P<br>GILLESPIE SUR, WELL #1-A<br>SITUS: MAR | | | DATE: 1/1/1900<br>NBH: 36,LESS500,MULTI | 05 HARRISON COUNTY<br>71 ESD #4<br>73 ESD #2 | 0<br>0<br>0 | | | 0.00<br>0.00<br>0.00 |
| ID:N002028737 / 2013<br>GEO:W3040.0976250.RI<br>AGT: XX | DIVIDED ACRES: .000 | | | | | | | Total Tax Due | 0.00 |
| MILLS IVAN A & MELBA<br>UNKNOWN<br>, 00000<br>OWNER INTEREST 0.000318 RI | WILLIAMS GU #B, FOREST OIL<br>CORPORATION, BLOCKER, D P<br>GILLESPIE<br>DIVIDED ACRES: .000 | | | DATE: 1/1/1900<br>NBH: LESS500,MULTI | 05 HARRISON COUNTY<br>71 ESD #4<br>73 ESD #2 | 0<br>0<br>0 | | | 0.00<br>0.00<br>0.00 |
| ID:N010406915 / 2013<br>GEO:W2820.0976250.RI<br>AGT: XX | | | | | | | | Total Tax Due | 0.00 |
| MILLS J H<br>957 BRIARWOOD<br>ALTA MONTE SPRI, FL 32701<br>OWNER INTEREST 0.000399 RI | LANE WILLIAM H #2, PEAK ENERGY<br>CORPORATIO, GOOCH, S T WATTS<br>SUR, RRC 68104<br>DIVIDED ACRES: .000 | | | DATE: 1/1/1900<br>NBH: MULTI | 05 HARRISON COUNTY<br>79 ESD #8 | 0<br>0 | | | 0.00<br>0.00 |
| ID:N010462980 / 2013<br>GEO:L0400.0976300.RI | | | | | | | | Total Tax Due | 0.00 |
| MILLS J H<br>957 BRIARWOOD<br>ALTA MONTE SPRI, FL 32701<br>OWNER INTEREST 0.0004 RI | LANE WILLIAM H #3, PEAK ENERGY<br>CORPORATIO, GOOCH, J S BELL SUR,<br>RRC 74702<br>DIVIDED ACRES: .000<br>AERIAL: 0 | | | DATE: 1/1/1900<br>NBH: MULTI | 05 HARRISON COUNTY<br>73 ESD #2 | 0<br>0 | | | 0.00<br>0.00 |
| ID:N000530899 / 2013<br>GEO:L0480.0976300.RI | | | | | | | | Total Tax Due | 0.00 |
| MILLS JAMES HAMMOND<br>1115 KOPRIL LN<br>LONGWOOD, FL 32779-5855<br>OWNER INTEREST 0.000399 RI | LANE WILLIAM H "A", PEAK ENERGY<br>CORPORATIO, GOOCH, ETL ST WATTS<br>ETL SUR, WELL #2-C<br>SITUS: HAR | | | DATE: 1/1/1900<br>NBH: MULTI | 05 HARRISON COUNTY<br>79 ESD #8 | 0<br>0 | | | 0.00<br>0.00 |
| ID:N000508353 / 2013<br>GEO:L0320.0976350.RI | DIVIDED ACRES: .000<br>AERIAL: 0 | | | | | | | Total Tax Due | 0.00 |

| Account Number / Name and Address | Legal Description | Value | | Ptd | Exemptions / Addn Coding | Taxing Entities | Ceiling Year | Exemption Granted | Taxable Values | Tax Due |
|---|---|---|---|---|---|---|---|---|---|---|
| MILLS JAMES HAMMOND 1115 KOPRIL LN LONGWOOD, FL 32779-5855 OWNER INTEREST 0.000036 RI | PILOT - 8H-, SABINE OIL & GAS LLC, WOODLAWN CV, R O WATKINS DIVIDED ACRES: .000 | 130 130 130 | MIN MKT TOTAL MKT ASSESSED | G1 | DATE: 1/1/1900 NBH: MULTI | 05 HARRISON COUNTY 70 ESD #3 | 0 0 | 130 130 | | 0.00 0.00 |
| ID:N010573085 / 2013 GEO:P2260.0976350.RI | | | | | | | | | Total Tax Due | 0.00 |
| MILLS JAMES HAMMOND 1115 KOPRIL LN LONGWOOD, FL 32779-5855 OWNER INTEREST 0.000036 RI | PILOT #2, SABINE OIL & GAS LLC, WOODLAWN, JOEL CRAIN DIVIDED ACRES: .000 | | | | DATE: 1/1/1900 NBH: MULTI | 05 HARRISON COUNTY 70 ESD #3 | 0 0 | | | 0.00 0.00 |
| ID:N010572859 / 2013 GEO:P2150.0976350.RI | | | | | | | | | Total Tax Due | 0.00 |
| MILLS JAMES HAMMOND 1115 KOPRIL LN LONGWOOD, FL 32779-5855 OWNER INTEREST 0.000036 RI | EMMITT 1 #1, SABINE OIL & GAS LLC, WOODLAWN, ETAL J B CRAIN ETAL SUR, WELL #1U R DIVIDED ACRES: .000 | | | | DATE: 1/1/1900 NBH: MULTI | 05 HARRISON COUNTY 70 ESD #3 | 0 0 | | | 0.00 0.00 |
| ID:N010564893 / 2013 GEO:E2590.0976350.RI | | | | | | | | | Total Tax Due | 0.00 |
| MILLS JAMES HAMMOND 1115 KOPRIL LN LONGWOOD, FL 32779-5855 OWNER INTEREST 0.000036 RI | PILOT 1 #6, SABINE OIL & GAS LLC, WOODLAWN, 7.5 MLS SE JEFFERSON, 8396'FSWL& 1799'FSEL DIVIDED ACRES: .000 | | | | DATE: 1/1/1900 NBH: MULTI | 05 HARRISON COUNTY 70 ESD #3 | 0 0 | | | 0.00 0.00 |
| ID:N010572994 / 2013 GEO:P2250.0976350.RI | | | | | | | | | Total Tax Due | 0.00 |
| MILLS JAMES HAMMOND 1115 KOPRIL LN LONGWOOD, FL 32779-5855 OWNER INTEREST 0.000036 RI | PILOT -7-, SABINE OIL & GAS LLC, WOODLAWN CV, R O WATKINS, RRC 246963 DIVIDED ACRES: .000 | | | | DATE: 1/1/1900 NBH: MULTI | 05 HARRISON COUNTY 70 ESD #3 | 0 0 | | | 0.00 0.00 |
| ID:N010573041 / 2013 GEO:P2255.0976350.RI | | | | | | | | | Total Tax Due | 0.00 |
| MILLS JAMES HAMMOND 1115 KOPRIL LN LONGWOOD, FL 32779-5855 OWNER INTEREST 0.000036 RI | PILOT -09H-, SABINE OIL & GAS LLC, WOODLAWN, R O WATKINS, RRC 252778 DIVIDED ACRES: .000 | 100 100 100 | MIN MKT TOTAL MKT ASSESSED | G1 | DATE: 1/1/1900 NBH: MULTI | 05 HARRISON COUNTY 70 ESD #3 | 0 0 | 100 100 | | 0.00 0.00 |
| ID:N010573132 / 2013 GEO:P2265.0976350.RI | | | | | | | | | Total Tax Due | 0.00 |
| MILLS JAMES HAMMOND 1115 KOPRIL LN LONGWOOD, FL 32779-5855 OWNER INTEREST 0.000036 RI | PILOT 1 #5, SABINE OIL & GAS LLC, WOODLAWN, 7.8 MLS SE JEFFERSON DIVIDED ACRES: .000 | | | | DATE: 1/1/1900 NBH: MULTI | 05 HARRISON COUNTY 70 ESD #3 | 0 0 | | | 0.00 0.00 |
| ID:N010572921 / 2013 GEO:P2200.0976350.RI | | | | | | | | | Total Tax Due | 0.00 |

**TAB U**

No. 11-0858

| | | |
|---|---|---|
| MARK J. MUELLER,<br>Plaintiff, | § <br> § <br> § | IN THE DISTRICT COURT |
| vs. | § <br> § | 71ˢᵗ JUDICIAL DISTRICT |
| JAMES H. DAVIS D/B/A J.D. MINERALS<br>AND JDMI, LLC<br>Defendant | § <br> § <br> § | HARRISON COUNTY, TEXAS |

STATE OF TEXAS          *

COUNTY OF NUECES          *

## AFFIDAVIT OF JAMES DAVIS

"I am the owner of JD Minerals and JDMI, LLC, Defendant, with offices in Corpus Christi, Nueces County, Texas. I am over the age of eighteen (18) years and am otherwise competent to make this affidavit. The facts stated herein are within my personal knowledge, true and correct.

1.      "I am the owner of JD Minerals, a Defendant in this lawsuit. I managed JD Minerals business operations at all times referenced in this affidavit.

2.      On September 21, 1991 Virginia Rose Mitchell executed a "Mineral and Royalty Conveyance" granting all of her mineral, royalty, and overriding royalty interests in Harrison County, Texas to JD Minerals. *See* Exhibit "A". Said conveyance was filed with the Harrison County Clerk's office on October 3, 1991 in Volume 1287 Pages 331-332, File No. 8701.

3.      On October 1, 1991 James Hammond Mills executed a "Mineral and Royalty Conveyance" granting all of his mineral, royalty, and overriding royalty interests in Harrison County, Texas to JD Minerals. *See* Exhibit "B". The conveyance was filed with the Harrison County Clerk on October 7, 1991 in Volume 1287 Page 530-531, File No. 8809.

4.      On or about October 1, 1994, Virginia Rose Mills Cope purported to execute a Mineral Deed to Charles B. Horne in Harrison County, Texas.

1



11.    Attached to this affidavit as Exhibit "D" are a true and correct copy of business records of JD Minerals evidencing payments from production to JD Minerals from production on the properties located in the Joseph E. White Survey A-755. The attached exhibits are incorporated by reference into this affidavit.

12.    "The records attached hereto as Exhibit "C" and "D" were kept by James Davis and JD Minerals and/or JDMI, LLC in the regular course of business. It was the regular course of business for James Davis or an employee or representative of JD Minerals and/or JDMI, LLC, with personal knowledge of the act, event, or condition recorded, to make the record or to transmit information thereof to be included in the record. Each such record attached hereto was made at or near the time of the act, event, or condition recorded or reasonably soon thereafter. Each copy attached hereto is an exact duplicate of the original record, and each copy was made under my personal supervision. Records received from Lasser, Inc. are incorporated and kept in the course of JD Minerals and/or JDMI, LLC's business. JD Minerals and/or JDMI, LLC typically rely on the accuracy of the contents of documents produced by Lasser, Inc. and it is my experience that the contents of documents produced by Lasser, Inc. are trustworthy

13.    "JD Minerals and/or JDMI, LLC has been in actual, open, notorious, exclusive, hostile and adverse possession of interests made the basis of this lawsuit, claiming under deeds registered since 1991.

14.    "The mineral interests located in the Joseph E. White Survey, A-755, common to properties under each deed, producing minerals in paying quantities in production for a period exceeding five (5) years prior to the date Plaintiff filed this suit. *See* Exhibit "C".

15.    "On or about October 12, 2011 James Davis d/b/a JD Minerals and JDMI, LLC was sued under Texas Civil Practice and Remedies Code Section 12.001, *et seq.* by Mark J. Mueller to clear a purported cloud on title to mineral interests included in these business records. James Davis d/b/a JD Minerals and JDMI, LLC has been forced to employ Robert Anderson and Douglas D. McLallen, licensed attorneys, to defend this lawsuit."

3

James Davis

SIGNED under oath before me on July 26, 2002.

Notary Public, State of Texas

HOLLY MARIE WILLIAMS
Notary Public, State of Texas
My Commission Expires
April 22, 2016

4

466